**DEMOCRATIC PARTY;**
**REPUBLICAN PARTY;**
**ADESIJUOLA OGUNJOBI;**
**MEMBERS OF THE CLASS AND SUBCLASSES**
**AND THOSE SIMILARLY SITUATED**

[list of counsel continued below]

**FILED**

NOV 25 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

UNITED STATES OF AMERICA

Case No. 3:20-cv-07811-VC

**MEMORANDUM OF POINTS**
**AND AUTHORIY IN SUPPORT**
**OF MOTION TO INTERVENE**
**TOKS BANC CORP ET AL**

PLAINTIFFS,

V.

Approximately 69,370 Bitcoin (BTC),
Bitcoin Gold (BTG),
Bitcoin SV (BSV), and Bitcoin Cash (BCH)
seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh,

Date: December 3, 2020
Time: 9:00 a.m.
Judge: Hon. Vince Chhabria

DEFENDANTS.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.........................................................................................iv

FACTUAL BACKGROUND......................................................................................1

    A.    Toks Banc Corp et al Established Platform.................................................2
    B.    $2.5 Billion Cash Offer Submitted To United States Attorney's Office Northern
            District of California..................................................................................2

ARGUMENT........................................................................................................ 3

   I.   Plaintiffs/Buyers are Entitled to Intervene as of Right Pursuant to Federal Rule of
      Civil Procedure 24(a)........................................................................................3

    A.   This Motion To Intervene is Timely........................................................4
    B.   Plaintiffs/Buyers have a protectable interest to submit offer to pay $2.5 billion..... 5
    C.   The disposition of this case may impair or impede the Plaintiffs/Buyers' ability to
       protect their interests and the interests of  class members................................6
    D.   Plaintiffs/Buyers' interests may not be adequately represented by the Government
       and will not be adequately represented by Defendant(s) if any.........................7

   II.  In the Alternative, the Plaintiffs/Buyers Should Be Granted Leave for Permissive
      Intervention Under Federal Rule of Civil Procedure 24(b)...............................9

CONCLUSION......................................................................................................11

## TABLE OF AUTHORITIES

CASES

*Forest Conservation Council v. U.S. Forest Service,* 66 F.3d 1489, 1493 (9th Cir. 1995)...........................................................................................................................3

*United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) .........................4

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ..............................................4

*State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997)............4

*United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), cert denied, 501 U.S. 1250 (1991)..4

*Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)............................................4

*Natural Resources Defense Council, Inc. v. Gutierrez*, 2007 WL 1518359 at *14 (N.D.Cal. May 22, 2007) ......................................................................................................4

*United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984............................................4

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004....................................5

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ............5

*Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)............................................5

*Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)................................................6

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) ...............................6

*Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C.Cir. 2003)............................................6

*Sagebrush Rebellion, Inc. v. Hodel*, 790 F.2d 760 (9th Cir. 1986)....................................6

*Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989)............................................6

*Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972)......................8

*Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994)................................................8

*County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th Cir. 1980)...................................8

*Natural Resources Defense Council, Inc. v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) ..........8

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003)...............................9

Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n, 578 F.2d 1341, 1345-46 (10th Cir. 1978)..........................................................................9

*AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965).....................................9

*SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)...................................9

*N.W. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)...........................9

*Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988)...........................................................10

*Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993)..............................................10


## STATUTES

18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b)........................................................1

21 U.S.C. § 881(a)(6)....................................................................................1


## OTHER AUTHORITIES

Fed. R. Civ. P. 24...................................................................................passim

# FACTUAL BACKGROUND

United States of America ( "Plaintiff") filed complaint pursuant to judicial forfeiture action, as authorized by 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6), involving the seizure of the following property 69,370.22491543 Bitcoin (BTC), 69,370.10730857 Bitcoin Gold (BTG), 69,370.10710518 Bitcoin SV (BSV), and 69,370.12818037 Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh, Defendant.

A class action to declare Coronavirus aka COVID-19, the first virus of its kind with no disease since all viruses cause diseases to declare it bogus, fraud was filed on June 1, 2020 with the United States District Court Eastern District of Virginia Richmond Division and was assigned this number 3:20-CV-393-HEH. Order was issued June 9, 2020 to dismiss[1] without due process. Notice of Appeal filed followed by Motion to Stay and later Motion to Reverse on grounds the order was frivolous, lacks any academic elements, failed to demonstrate evidence COVID-19 is real with any relevant documents to support such validation and order is laced with racism and total bigotry due to the judge assigned to the case engaged in personal attack and misconception and total disregard for the rule of law and civil liberty which ironically COVID-19 has done in the United States and across the globe. The order was also issued to suppress compelling evidence presented inside the complaint to declare COVID-19 bogus. The current election fiasco is caused by COVID-19 scam, period. For the first time in the history of United

---

[1] Order issued stated class action could be refiled on another time meaning complaint dismissal does not have the typical "with prejudice" or "without prejudice." It is important that Defendants typically files Motion To Dismiss when summons served, however such motion is not absolute meaning filing motion to dismiss is not automatic, such motion can be denied which makes the order to dismiss the class action without defendants being served and filing their own motion to dismiss is "bizarre." Even complaint dismissed on basis of motion to dismiss can be appealed and remanded back to lower court for prosecution. Also, when amendment to the complaint is filed, we will waive summons service because we need to prosecute this COVID-19 challenge in court.

States election, election 2020 restricted voters and allegations of frauds that are very difficult to prove emerged due to COVID-19 scam. The COVID-19 guidelines are typical delusions, paranoia and bigotry[2] at its worst. All documents filed with the United States Court of Appeals For the Fourth Circuit with assigned case number 20-1688.

A. Toks Banc Corp et al Established Platform

Toks Banc Corp et al set up a website to raise capital and even solicited attorneys to take on the prosecution, however it takes money to challenge the COVID-19 scam which ironically, the scammers behind COVID-19 have raised capital, continue to pay the media to manipulate global community via constant barrage of articles about how many people are getting infected and dying when all along it is perfectly normal for people to get sick and die. Also Toks Banc Corp has pending facility that needs to be accessed with legal assistants and others including its global bond offering.

B. $2.5 Billion Cash Offer Submitted To United States Attorney's Office NDC

On November 9, 2020 emails sent to seven AUSA at United States Attorney's Office NDC with accompanying documents to pay $2.5 billion in cash for the assets. Also due to United States is a party in the class action in Virginia, it was established account will be opened with entity in cryptocurrencies business where one can deposit, trade, borrow using the cryptocurriencies as collateral. To cut the long story short, account was established on behalf of United States using Adesijuola Ogunjobi's personal details, email and password of an account opened with a cryptocurrencies entity obtained which was later disclosed to the office of U.S. Attorney in San Francisco. Request was made to deposit all assets (cryptocurrencies) and allow

---

[2] 6 Feet Social Distancing originated from the era of slavery when white slave owners and non-slave owners used to tell black slaves to keep their distance when they talked to them which validates the assertion there's no scientific data to support social distancing is effective curbing infectious diseases especially a "phantom" virus (COVID-19).

3,083 bitcoins to act as collateral against the $25,000,000 loan since loan document was signed and time to deposit assets to serve as collateral in order to close and $25,000,000 wired. The instruction to the United States Attorney's Office NDC is to allow the deposited assets (which United States is party) be used to borrow the $25,000,000 in order to start the process. It was never an intention to get such assets for nothing due to the commitment to pay $2.5 billion in cash via the $5 trillion credit facility. There's no response, nor do any of the assistant U.S. Attorneys responded, the very officers of the court sworn to protect and defend United States.

ARGUMENT

I.      **Plaintiffs/Buyers are Entitled to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)**

Federal Rule of Civil Procedure 24(a) states in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit applies a four part test for determining if an applicant has a right to intervene under Rule 24(a): (1) the motion must be timely; (2) the applicant must assert a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of action may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties. See, e.g., *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995). There is "'[a] liberal policy in favor of intervention [which] serves both efficient resolution of issues and broadened access to the courts.'" *United States v. City of*

3

*Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002)(citations omitted). The purpose of this liberal interpretation is to involve "as many apparently concerned persons as is compatible with efficiency and due process." Forest Conservation Council, 66 F.3d at 1496; *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("[W]e are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention."). 2 Plaintiffs/Buyers satisfy each prong of this test and therefore should be permitted to intervene as of right to pay $2.5 billion in cash and allow assets to be deposited due to it takes 24 hours to transfer the $25,000,000 corporate account at a reputable financial institution pending[3] the payment of the $2.5 billion via $5 trillion credit facility.

      A. <u>This Motion to Intervene is timely.</u> Under the test applicable in this Circuit, timeliness is evaluated based on (i) the stage of the proceedings, (ii) the prejudice to the other parties, and (iii) the reasons for and length of delay, if any. See, e.g., *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997); *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), cert denied, 501 U.S. 1250 (1991). Nevertheless, "[t]imeliness is a flexible concept." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981). Indeed, a motion to intervene may be timely even where "the litigation has entered a new stage, where the would be intervenor's rights would be jeopardized." See *Natural Resources Defense Council, Inc. v. Gutierrez*, 2007 WL 1518359 at *14 (N.D.Cal. May 22, 2007) (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).

      B. <u>Plaintiffs/Buyers have a protectable interest to submit offer to pay $2.5 billion since</u> <u>this is  not an offer to acquire assets for nothing, request assets deposited to account, notify</u>

---

[3] "Pending" can be interpreted as United States Attorney's Office NDC is not strapped for cash nor it would result in adverse impact if such deposit of assets made and part pledged to secure $25 million loan. The entity that offered $2.5 billion is raising capital via the largest global bond offering that makes $5 trillion a drop in the ocean. $2.5 billion is like a drop from the sky (no one will notice). So, U,S, Attorney's Office NDC can afford to wait.

United States Attorney's Office NDC to file Notice with United States Court of Appeals For the Fourth Circuit $2.5 billion cash offer received to purchase assets and Plaintiffs of the class action pending before the courts in Virginia have secured $25,000,000 in cash ("Loan") from Lender to start pre-trial to prosecute the global class action which will cost $2 billion to $4 billion, not $25,000,000. Besides U.S. Attorneys don't have any authority whatsoever to question Plaintiffs' right to challenge COVID-19 in the court of law due to civilized people seek relief in the court of law and the outcome is not at the issue, the right to go to court and it takes money and the money is not a "fantasy" any party can claim it is in any court. Money is real and people spend money. Raising money cannot be limited to certain group of people. United States Attorney's Office NDC or any legal authority that can act on behalf of the United States have never presented any evidence COVID-19 is real and the only way to find out is for defendants of the class action pending before district court in Virginia is to show up in court with their counsels to dispute COVID-19 is a fraud and another tool to engage in HUMAN DOMINATION. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the any party's claims[,]" *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004), but "[w]hether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry [and] [n]o specific legal or equitable interest need be established[,]" *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citing *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). Because the interest requirement is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[,]" *City of Los Angeles*, 288 F.3d at 398, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally

protected interest and the claims at issue[,]" *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.

1993); see also *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)

(intervenor's interest need not be protected by statute put at issue by complaint so long as it is

protected by law and relates to claim). That relationship requirement is met where "'resolution of

plaintiffs claim actually will affect the applicant.'" *City of Los Angeles*, 288 F.3d at 398

(quotation omitted).

C. The disposition of this case may impair or impede the Plaintiffs/Buyers' ability to
protect their interests and the interests of class members. To show impairment of interests for

the purposes of Rule 24(a)(2), a proposed intervenor need show only that the disposition of an

action "may as a practical matter," impede the intervenor's ability to protect its interests in the

subject of the action. Fed. R. Civ. P. 24(a)(2) (emphasis added). In evaluating this question "the

court is not limited to consequences of a strictly legal nature." Forest Conservation Council, 66

F.3d at 1497-98. Where the relief sought by the Plaintiff would have direct, immediate and

harmful impact on a third party's interests, that adverse impact is sufficient to satisfy Rule

24(a)(2). Fund for *Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C.Cir. 2003); *Sagebrush

Rebellion, Inc. v. Hodel*, 790 F.2d 760 (9th Cir. 1986); see also *Chiles v. Thornburgh*, 865 F.2d

1197, 1214 (11th Cir. 1989) ("Where a party seeking to intervene in an action claims an interest

in the very property and very transaction that is the subject of the main action, the potential *stare

decisis* effect may supply that practical disadvantage which warrants intervention as of right").

United States like all other countries across the globe are under siege here and from total

disregard of civil liberty based on the very virus that does not exist. The brainwash is

extraordinary like a cult. The paranoia is beyond paranoia where government officials will never

get enough of illegal orders issued on a mere of bogus press releases the rate of COVID-19

infection is "surging." COVID-19 is now a "felony"[4] with no statutes. Statutes are designed to

prosecute and exonerate. Any party can be accused of be "positive" of COVID-19 and labelled

as carrier spreading the virus which is bogus as outlined inside the original complaint filed.

Diseases don't spread, people get sick. If diseases spread like the bogus COVID-19 as the

scammers with the help of media claimed, every individual on this planet will be afflicted with

every disease that exists today which is not the case. Intervention of right is warranted that

allows Plaintiffs/Buyers to purchase the assets for $2.5 billion in order to justify the $25,000,000

loan secured with future deposits of the assets with lender which allow the $25,000,000 loan to

start the preliminary process to prosecute the class action to return sanity back to global

community. The "toxins"[5] (vaccines) being prepared for sale across the globe are just as

fraudulent as COVID-19. Vaccine products are not absolute and no guarantee the vaccines will

terminate the virus like HIV vaccine still undergoing development after decades of trial and

research.  The pending global class action is to poke holes into the legitimacy of  COVID-19.

     D. Plaintiffs/Buyers' interests may not be adequately represented by the

Government and will not be adequately represented by Defendant(s) if any. The requirement

under Federal Rule of Civil Procedure 24(a)(2) to show inadequate representation "is satisfied if

the applicant shows that representation of his interest 'may be' inadequate; and the burden of

---

[4] The "felony" is used to describe how people are getting arrested for violation of COVID-19. Due to enormous testing of COVID-19 which is so clandestine and no one can actually challenge it, it is difficult for any party to exonerate themselves. People have been arrested for going to work based on COVID-19 bogus virus. A Mayor and Judge in El Paso engage in a standoff when judge issued illegal order to shut down businesses and Mayor refused to enforce because people are now dealing with extreme poverty and needs to make a living. Even felons have rights, no one has rights under bogus COVID-19. We're now in court under class action. We're wondering how would judges feel if the courts and paychecks are shut down and no way to pay mortgages and other utilities?

[5] The trial of COVID-19 vaccines on human volunteers as opposed to animals in Brazil has caused deaths and such trial suspended. Any vaccines being promoted to cure COVID-19 is a scam being protected by governments. Please see "True or False" on the website at www.toksbancorpetal.com for such description how the manufacturers of bogus COVID-19 virus  vaccines will make trillions at the expense of global community.

making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) (citation omitted); *Sagebrush Rebellion*, 713 F.2d at 528. The Ninth Circuit offers three factors to use in evaluating the adequacy of such a demonstration. A court must assess whether "the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments[;]" whether "the present party is capable of and willing to make such arguments[;]" and whether "the intervenor would not offer any necessary element to the proceedings that the other parties would neglect." *County of Fresno*, 622 F.2d at 438-39 (emphasis added).

Plaintiffs/Buyers' interests here include protecting the economic interests and legal rights of class members with respect to revival of global economy under Global Stimulus as outlined on the Website at www.toksbancorpetal.com for public review including jobs creation, eliminating restrictions of movements of humans which is totally unnatural (irony they want people to be safe, they engage in guidelines that are unnatural), and policy at issue in this suit.' Interests are directly opposed to those of Plaintiff – and hence it is self-evident that Plaintiff will not adequately represent the Plaintiff-Intervenors' interests.

Moreover, Plaintiffs/Buyers' private party interests may differ from those of a federal agency – federal agencies must represent not only their own narrow interests in a matter, but also the public interest more broadly. This private interest – public interest distinction has been sufficient to justify intervention in many other cases. See, e.g., *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th Cir. 1980); *Natural Resources Defense Council, Inc. v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977); *Forest Conservation Council*, 66 F.3d at 1499 (nothing that a government agency was "required to represent a broader view than the more narrow, parochial interests of" the intervenors*); Fund for*

8

*Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345-46 (10th Cir. 1978).

II.        **In the Alternative, the Plaintiffs/Buyers Should Be Granted Leave for Permissive Intervention Under Federal Rule of Civil Procedure 24(b)**

Federal Rule of Civil Procedure 24 contemplates two forms of intervention – intervention of right and permissive intervention – and a court may grant an intervenor's motion on either basis, Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. *AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965). Regarding the latter basis, Rule 24(b) provides "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In the Ninth Circuit, the prerequisites for permissive intervention under Rule 24(b) are whether: (1) the applicant has independent grounds for jurisdiction; (2) the applicant's motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. "Rule 24(b) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Kootenai Tribe of Idaho, 313 F. 3d at 1108, quoting SEC v. U.S. Realty & Improvement Co*., 310 U.S. 434, 459 (1940); see also *N.W. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). A court has the discretion to grant permissive intervention to a movant meeting these factors. See *Kootenai Tribe*, 313 F.3d at 1108-10. Under this standard, neither the inadequacy of representation, nor a direct interest in the subject matter of the action need be shown. Id. at 1108. In exercising its discretion, however, the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

9

As previously demonstrated, Plaintiffs/Buyers' Motion to Intervene is timely, will not cause undue delay, and will not prejudice Plaintiff or any other parties. Moreover, as discussed above, Plaintiffs/Buyers possess legally protectable interests in their class members' economic interests and legal rights in the current and future regarding the class action to declare COVID-19 a hoax, scam, etc. The potential for harm to those interests from Plaintiff's suit provides an independent basis for jurisdiction, particularly given the minimal showing required by Federal Rule of Civil Procedure 24(b). See, e.g., *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988) (finding a project developer satisfied the jurisdiction requirements because the suit pertained to whether its development could be constructed).

Additionally, while the Ninth Circuit has held that private parties are not entitled to intervention as of right as to the merits of [NEPA compliance claims], see discussion supra, district courts may still grant permissive intervention under FRCP Rule 24(b) to such parties. Accordingly, if the Court decides that the merits of Plaintiff's claim can and must be separated from consideration of the remedies associated with that claim and from the Plaintiff's other claims, permissive intervention on the merits of the claim should also be granted. See, e.g., *Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993) (granting third party intervention as "[o]ur adversary process requires that we hear from both sides before interests of one side are impaired by a judgment").

**CONCLUSION**

10

The Plaintiffs/Buyers (which United States is also a party) respectfully request leave to intervene of right in this matter, pursuant to Federal Rule of Civil Procedure 24(a), and to file their own responsive pleading in support of Plaintiff's right to sell assets seized pursuant to judicial forfeiture action, as authorized by 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6), involving the seizure of the following property for S2.5 billion in cash ("pending") to Plaintiffs/Buyers on or before the date on which the Government is required to file a responsive pleading. Allow deposit of such assets into the account "effective immediately" due to $25,000,000 loan obtained on condition to seek permission from the court to allow deposit of such assets already opened with lender and username and password provided to seven Assistant United States Attorneys NDC to utilize to deposits such assets under the judicial forfeiture action, as authorized by 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6), involving the seizure of the following property.  In the alternative, Plaintiffs/Buyers respectfully request leave for permissive intervention, pursuant to Rule 24(b), and to file their own responsive pleading in support of Plaintiff's to forfeit assets via sale on or before the date on which the Government is required to file its responsive pleading.


Dated: November 23, 2020                          Respectfully submitted,

                                                  /S/ Sharon R. Flanagan

                                                  Sharon R. Flanagan (SBN 213342)
                                                  Sara B. Brody (SBN 130222)
                                                  Cecilia Y. Chan (SBN 240971)
                                                  Naomi A. Igra (SBN 269095)
                                                  Zarine L. Alam (SBN 331802)
                                                  Lauren C. Freeman (SBN 324572)
                                                  Jaime A. Bartlett (SBN 251825)
                                                  SIDLEY AUSTIN LLP
                                                  555 California Street
                                                  San Francisco, CA 94104

Telephone: (415) 772-1271
Facsimile: (415) 772-7400
sflanagan@sidley.com
sbrody@sidley.com
cecilia.chan@sidley.com
naomi.igra@sidley.com
zalam@sidley.com
lfreeman@sidley.com
jbartlett@sidley.com

DAVID L. ANDERSON (CABN 149604)
United States Attorney
HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division
DAVID COUNTRYMAN (CABN 226995)
CHRIS KALTSAS (NYBN 5460902)
CLAUDIA QUIROZ (CABN 254419)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
FAX: (415) 436-7234
david.countryman@usdoj.gov
hallie.hoffman@usdoj.gov
claudia.quiroz@usdoj.gov

Attorneys for United States of America
[party to global class action in Virginia]

**Attorneys for Proposed Plaintiff-
Intervenors**

**TOKS BANC CORP;
TOKS;
5 WORLD MARKETS
CORPORATION;
WORLD MARKETS TRANSFER
AGENCY CORPORATION;
GLOBAL PROSPERITY
CORPORATION;
UNITED STATES OF
AMERICA;THE PEOPLE'S
REPUBLIC OF CHINA;**

ORGANIZATION OF THE
PETROLEUM EXPORTING
COUNTRIES (OPEC);
TREASURY DEPARMENT OF
UNITED STATES;
FEDERAL RESERVE BOARD
OF UNITED STATES;
FEDERAL RESERVE BANK OF
RICHMOND;
INTERNATIONAL OLYMPIC
COMMITTEE;
ASSOCIATION OF TENNIS
PROFESSIONALS;
WOMEN'S TENNIS
PROFESSIONALS;
INTERNATIONAL TENNIS
FEDERATION;
NATIONAL FOOTBALL
LEAGUE;
NATIONAL BASKETBALL
ASSOCIATION;
MAJOR LEAGUE BASEBALL;
MAJOR LEAGUE SOCCER;
DONALD J. TRUMP,
PRESIDENT OF THE UNITED
STATES;
MELANIA TRUMP, FIRST
LADY OF THE UNITED
STATES;
CHARLES, PRINCE OF
WALES;
IDRIS ELBA, ACTOR, SINGER,
PRODUCER;
SABRINA DHOWRE ELBA,
FASHION MODEL;
DAK PRESCOT,
QUARTERBACK
DALLAS COWBOYS;
BRIAN ALLEN, OFFENSIVE
LINEMAN LOS ANGELES
RAMS;
MADONNA LOUISE CICCONE,
SINGER, SONGWRITER;
THE CINCINNATI INSURANCE
COMPANY;
DEMOCRATIC PARTY;

13

**REPUBLICAN PARTY;
ADESIJUOLA OGUNJOBI;
MEMBERS OF THE CLASS
AND SUBCLASSES AND THOSE
SIMILARLY SITUATED**

14

Sharon R. Flanagan (SBN 213342)
sflanagan@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 772-1271
Facsimile: (415) 772-7400

**Attorneys for Proposed Plaintiff-Intervenors**

**TOKS BANC CORP;**
**TOKS;**
**5 WORLD MARKETS CORPORATION;**
**WORLD MARKETS TRANSFER AGENCY**
**CORPORATION;**
**GLOBAL PROSPERITY CORPORATION;**
**UNITED STATES OF AMERICA;**
**THE PEOPLE'S REPUBLIC OF CHINA;**
**ORGANIZATION OF THE PETROLEUM**
**EXPORTING COUNTRIES (OPEC);**
**TREASURY DEPARMENT OF**
**UNITED STATES;**
**FEDERAL RESERVE BOARD OF**
**UNITED STATES;**
**FEDERAL RESERVE BANK OF**
**RICHMOND;**
**INTERNATIONAL OLYMPIC COMMITTEE;**
**ASSOCIATION OF TENNIS PROFESSIONALS;**
**WOMEN'S TENNIS PROFESSIONALS;**
**INTERNATIONAL TENNIS FEDERATION;**
**NATIONAL FOOTBALL LEAGUE;**
**NATIONAL BASKETBALL ASSOCIATION;**
**MAJOR LEAGUE BASEBALL;**
**MAJOR LEAGUE SOCCER;**
**DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES;**
**MELANIA TRUMP, FIRST LADY OF THE UNITED STATES;**
**CHARLES, PRINCE OF WALES;**
**IDRIS ELBA, ACTOR, SINGER, PRODUCER;**
**SABRINA DHOWRE ELBA, FASHION MODEL;**
**DAK PRESCOT, QUARTERBACK**
**DALLAS COWBOYS;**
**BRIAN ALLEN, OFFENSIVE LINEMAN**
**LOS ANGELES RAMS;**
**MADONNA LOUISE CICCONE,**
**SINGER, SONGWRITER;**
**THE CINCINNATI INSURANCE COMPANY;**

i