**Proposed Plaintiff-Intervenor**

**ADESIJUOLA OGUNJOBI**



UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:20-cv-07811-RS |
| PLAINTIFFS, | **NOTICE OF MOTION AND MOTION TO INTERVENE ADESIJUOLA OGUNJOBI** |
| V. | |
| Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh, | **Non-Hearing** |
| DEFENDANTS. | |

## MOTION TO INTERVENE AND NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, this is a non-hearing motion only seeking an order to support transfer of assets or as soon thereafter as counsel may or may not be heard in the courtroom of Hon. Richard Seeborg located at Courtroom 3, 17th Floor, San Francisco Federal Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Adesijuola Ogunjobi (collectively "Plaintiff/Buyer" or "Plaintiff-Intervenor") will and hereby do respectfully move this court to intervene as Plaintiff's as of right pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, respectfully request leave for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

Plaintiff/Buyer via Pro Se is entitled to intervention of right because this Motion is timely and without delay or prejudice to any parties because the Plaintiff/Buyer has legally protectable interests in their (class members') economic interests and legal rights under the submission of $2.5 billion in cash offer via email and fax to United States Attorney's Office of the Northern District of California to purchase 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh, Defendant pursuant to a judicial forfeiture action, as authorized by 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6), involving the seizure of the following property.

The Plaintiff/Buyer move to intervene base on this Notice of Motion and accompanying Memorandum of Points and Authorities in support and such other matters as may be presented to the court at the time of hearing due to this motion to intervene serves the best interests of the United States and supports judicial power of the United States regarding the

current siege United States and global community are under right now due to bogus COVID-19 virus the scammers (World Health Organization, CDC, pharmaceutical companies, etc.) have invented to make trillions across the globe at the expense of global community.

This motion was filed due to urgency, numerous emails and fax sent to United States Attorney's Office for the Northern District of California and requests to such office to transfer the assets to accounts set up with a lender so 3,083 bitcoins can serve as collateral against $25,000,000 loan already approved and processed and document for such loan was signed on November 15, 2020 with notification to the office of U.S. Attorney NDC to act on such transfer since the fund will be used to free the $5 trillion[1] credit facility which documents were submitted to United States Attorney's office NDC and use the fund to start the process to prosecute the pending global class action filed to in the United States District Court Eastern District of Virginia Richmond Division (3:20-CV-393) and before United States Court of Appeals For the Fourth Circuit to remand for full scale of trail (20-1688). Username and Password of the account at BlockFi were submitted to seven Assistant United States Attorneys via their emails as follow: Adam Reeves (adam.reeves@usdoj.gov), Josh Eaton (josh.eaton@usdoj.gov), David Countryman (david.countryman@usdoj.gov), Sara Winslow (sara.winslow@usdoj.gov), Hallie Hoffman (Hallie.hoffman@usdoj.gov), Stephanie Hinds (Stephanie.hinds@usdoj.gov) and Claudia Quiroz (claudia.quiroz@usdoj.gov), respectively.

United States has not opposed this offer, nor the Assistant United States Attorneys have the authority to decline the offer and the manner to be paid. The court cannot expect an

---

[1] Publicly Treasury Department, Federal Reserve Board and Federal Reserve Bank of Richmond have not disavowed the assertion documents submitted to structure $5 Trillion credit facility against the largest global bond offering exist and legal representation and all other relevant elements will allow access to the credit facility which part of it will pay $2.5 billion in cash to United States Attorney's Office NDC around December 2020. Also website at www.toksbancorpetal.com established the credit facility inside Global Press Release to the public and by now the Treasury & Federal Reserve would have denounced such information on the website as false.

individual to foot all the bills while at the same time the individuals employed as U.S. attorneys and assistant U.S. attorneys are not required to spend their own money to seize assets and sell such assets for profits to fund the operation of the department of justice. In this case whatever amount United States Attorney's Office NDC prepared to sell the assets for including the $2.5 billion all cash offer is a significant profit due to not so much resources were utilized to seize those assets, only electric and humans working on computer and those humans are getting paid for their time. Any opposition as of now does not exist, including from the defendant which assets were seized from according to the civil forfeiture lawsuit.

Dated: December 16, 2020

Respectfully submitted,

/s/ Adesijuola Ogunjobi

Adesijuola Ogunjobi
10200 Belle Rive Blvd
Bldg 6 #45
Jacksonville, FL 32256

**Proposed Plaintiff-Intervenor**

Plaintiff-Intervenor

ADESIJUOLA OGUNJOBI

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:20-cv-07811-RS |
| | **MEMORANDUM OF POINTS AND AUTHORIY IN SUPPORT OF MOTION TO INTERVENE ADESIJUOLA OGUNJOB I** |
| PLAINTIFFS, | |
| V. | |
| Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh, | **Non-Hearing** |
| DEFENDANTS. | |

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................iv

FACTUAL BACKGROUND..................................................................................................1

    A.    Toks Banc Corp et al Established Platform.......................................................2
    B.    $2.5 Billion Cash Offer Submitted To United States Attorney's Office Northern District of California..........................................................................................2

ARGUMENT............................................................................................................................ 3

    I.    Plaintiffs/Buyers are Entitled to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a).......................................................................................3

        A.    This Motion To Intervene is Timely.................................................................4
        B.    Plaintiffs/Buyers have a protectable interest to submit offer to pay $2.5 billion..... 5
        C.    The disposition of this case may impair or impede the Plaintiffs/Buyers' ability to protect their interests and the interests of class members.............................6
        D.    Plaintiffs/Buyers' interests may not be adequately represented by the Government and will not be adequately represented by Defendant(s) if any.........................7

    II.    In the Alternative, the Plaintiffs/Buyers Should Be Granted Leave for Permissive Intervention Under Federal Rule of Civil Procedure 24(b)................................9

CONCLUSION....................................................................................................................11

**TABLE OF AUTHORITIES**

CASES

*Forest Conservation Council v. U.S. Forest Service,* 66 F.3d 1489, 1493 (9th Cir. 1995)..................................................................................................................3

*United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) ..........................4

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ......................................................4

*State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997)............4

*United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), cert denied, 501 U.S. 1250 (1991)..4

*Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)..................................................4

*Natural Resources Defense Council, Inc. v. Gutierrez*, 2007 WL 1518359 at *14 (N.D.Cal. May 22, 2007) ...................................................................................................................4

*United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984......................................................4

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004...........................................5

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ............5

*Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).....................................................5

*Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).........................................................6

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) .....................................6

*Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C.Cir. 2003)....................................................6

*Sagebrush Rebellion, Inc. v. Hodel*, 790 F.2d 760 (9th Cir. 1986)...........................................6

*Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989)...................................................6

*Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972).......................8

*Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994).........................................................8

*County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th Cir. 1980).........................................8

*Natural Resources Defense Council, Inc. v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) ..........8

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003)...................................9

Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n, 578 F.2d 1341, 1345-46 (10th Cir. 1978).................................................................................9

*AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965)..........................................9

*SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)....................................9

*N.W. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)...........................9

*Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988).......................................................................10

*Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993)...................................................10

## STATUTES

18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b)....................................................................1

21 U.S.C. § 881(a)(6)..............................................................................................................1

## OTHER AUTHORITIES

Fed. R. Civ. P. 24............................................................................................................passim

## FACTUAL BACKGROUND

United States of America ("Plaintiff") filed complaint pursuant to judicial forfeiture action, as authorized by 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6), involving the seizure of the following property 69,370.22491543 Bitcoin (BTC), 69,370.10730857 Bitcoin Gold (BTG), 69,370.10710518 Bitcoin SV (BSV), and 69,370.12818037 Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh, Defendant.

A class action to declare Coronavirus aka COVID-19, the first virus of its kind with no disease since all viruses cause diseases to declare it bogus, fraud was filed on June 1, 2020 with the United States District Court Eastern District of Virginia Richmond Division and was assigned this number 3:20-CV-393-HEH. Order was issued June 9, 2020 to dismiss[1] without due process. Notice of Appeal filed followed by Motion to Stay and later Motion to Reverse on grounds the order was frivolous, lacks any academic elements, failed to demonstrate evidence COVID-19 is real with any relevant documents to support such validation and order is laced with racism and total bigotry due to the judge assigned to the case engaged in personal attack and misconception and total disregard for the rule of law and civil liberty which ironically COVID-19 has done in the United States and across the globe. The order was also issued to suppress compelling evidence presented inside the complaint to declare COVID-19 bogus. The current election fiasco is caused by COVID-19 scam, period. For the first time in the history of United

---

[1] Order issued stated class action could be refiled on another time meaning complaint dismissal does not have the typical "with prejudice" or "without prejudice." It is important that Defendants typically files Motion To Dismiss when summons served, however such motion is not absolute meaning filing motion to dismiss is not automatic, such motion can be denied which makes the order to dismiss the class action without defendants being served and filing their own motion to dismiss is "bizarre." Even complaint dismissed on basis of motion to dismiss can be appealed and remanded back to lower court for prosecution. Also, when amendment to the complaint is filed, we will waive summons service because we need to prosecute this COVID-19 challenge in court.

1

States election, election 2020 restricted voters and allegations of frauds that are very difficult to prove emerged due to COVID-19 scam. The COVID-19 guidelines are typical delusions, paranoia and bigotry[2] at its worst. All documents filed with the United States Court of Appeals For the Fourth Circuit with assigned case number 20-1688.

### A. Toks Banc Corp et al Established Platform By Adesijuola Ogunjobi

Toks Banc Corp et al set up a website by Adesijuola Ogunjobi to raise capital and even solicited attorneys to take on the prosecution, however it takes money to challenge the COVID-19 scam which ironically, the scammers behind COVID-19 have raised capital, continue to pay the media to manipulate global community via constant barrage of articles about how many people are getting infected and dying when all along it is perfectly normal for people to get sick and die. Also Toks Banc Corp has pending facility that needs to be accessed with legal assistants and others including its global bond offering.

### B. $2.5 Billion Cash Offer Submitted To United States Attorney's Office NDC

On November 9, 2020 emails sent to seven AUSA at United States Attorney's Office NDC with accompanying documents to pay $2.5 billion in cash for the assets. Also due to United States is a party in the class action in Virginia, it was established account will be opened with entity in cryptocurrencies business where one can deposit, trade, borrow using the cryptocurriencies as collateral. To cut the long story short, account was established on behalf of United States using Adesijuola Ogunjobi's personal details, email and password of an account opened with a cryptocurrencies entity obtained which was later disclosed to the office of U.S. Attorney in San Francisco. Request was made to deposit all assets (cryptocurrencies) and allow

---

[2] 6 Feet Social Distancing originated from the era of slavery when white slave owners and non-slave owners used to tell black slaves to keep their distance when they talked to them which validates the assertion there's no scientific data to support social distancing is effective curbing infectious diseases especially a "phantom" virus (COVID-19).

2

3,083 bitcoins to act as collateral against the $25,000,000 loan since loan document was signed and time to deposit assets to serve as collateral in order to close and $25,000,000 wired. The instruction to the United States Attorney's Office NDC is to allow the deposited assets (which United States is party) be used to borrow the $25,000,000 in order to start the process. It was never an intention to get such assets for nothing due to the commitment to pay $2.5 billion in cash via the $5 trillion credit facility. There's no response, nor do any of the assistant U.S. Attorneys responded, the very officers of the court sworn to protect and defend United States.

## ARGUMENT

### I. Plaintiff/Buyer is Entitled to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)

Federal Rule of Civil Procedure 24(a) states in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit applies a four part test for determining if an applicant has a right to intervene under Rule 24(a): (1) the motion must be timely; (2) the applicant must assert a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of action may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties. See, e.g., *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995). There is "'[a] liberal policy in favor of intervention [which] serves both efficient resolution of issues and broadened access to the courts.'" *United States v. City of*

*Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002)(citations omitted). The purpose of this liberal interpretation is to involve "as many apparently concerned persons as is compatible with efficiency and due process." Forest Conservation Council, 66 F.3d at 1496; *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("[W]e are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention."). 2 Plaintiff/Buyer satisfy each prong of this test and therefore should be permitted to intervene as of right to pay $2.5 billion in cash and allow assets to be deposited due to it takes 24 hours to transfer the $25,000,000 corporate account at a reputable financial institution pending³ the payment of the $2.5 billion via $5 trillion credit facility.

  A. <u>This Motion to Intervene is timely</u>. Under the test applicable in this Circuit, timeliness is evaluated based on (i) the stage of the proceedings, (ii) the prejudice to the other parties, and (iii) the reasons for and length of delay, if any. See, e.g., *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997); *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), cert denied, 501 U.S. 1250 (1991). Nevertheless, "[t]imeliness is a flexible concept." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981). Indeed, a motion to intervene may be timely even where "the litigation has entered a new stage, where the would be intervenor's rights would be jeopardized." See *Natural Resources Defense Council, Inc. v. Gutierrez*, 2007 WL 1518359 at *14 (N.D.Cal. May 22, 2007) (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).

  B. <u>Plaintiff/Buyer has a protectable interest to submit offer to pay $2.5 billion since this is not an offer to acquire assets for nothing, request assets deposited to account, notify United</u>

---

³ "Pending" can be interpreted as United States Attorney's Office NDC is not strapped for cash nor it would result in adverse impact if such deposit of assets made and part pledged to secure $25 million loan. The entity that offered $2.5 billion is raising capital via the largest global bond offering that makes $5 trillion a drop in the ocean. $2.5 billion is like a drop from the sky (no one will notice). So, U.S, Attorney's Office NDC can afford to wait.

4

States Attorney's Office NDC to file Notice with United States Court of Appeals For the Fourth Circuit $2.5 billion cash offer received to purchase assets and Plaintiffs of the class action pending before the courts in Virginia have secured $25,000,000 in cash ("Loan") from Lender to start pre-trial to prosecute the global class action which will cost $2 billion to $4 billion, not $25,000,000. Besides U.S. Attorneys don't have any authority whatsoever to question Plaintiff's right to challenge COVID-19 in the court of law due to civilized people seek relief in the court of law and the outcome is not at the issue, the right to go to court and it takes money and the money is not a "fantasy" any party can claim it is in any court. Money is real and people spend money. Raising money cannot be limited to certain group of people. United States Attorney's Office NDC or any legal authority that can act on behalf of the United States have never presented any evidence COVID-19 is real and the only way to find out is for defendants of the class action pending before district court in Virginia is to show up in court with their counsels to dispute COVID-19 is a fraud and another tool to engage in HUMAN DOMINATION. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the any party's claims[,]" *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004), but "[w]hether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry [and] [n]o specific legal or equitable interest need be established[,]" *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citing *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). Because the interest requirement is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process[,]" *City of Los Angeles*, 288 F.3d at 398, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally

5

protected interest and the claims at issue[,]" *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993); see also *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim). That relationship requirement is met where "'resolution of plaintiffs claim actually will affect the applicant.'" *City of Los Angeles,* 288 F.3d at 398 (quotation omitted).

C. <u>The disposition of this case may impair or impede the Plaintiff/Buyer's ability to protect his interests and the interests of (class members)</u>. To show impairment of interests for the purposes of Rule 24(a)(2), a proposed intervenor need show only that the disposition of an action "may as a practical matter," impede the intervenor's ability to protect its interests in the subject of the action. Fed. R. Civ. P. 24(a)(2) (emphasis added). In evaluating this question "the court is not limited to consequences of a strictly legal nature." Forest Conservation Council, 66 F.3d at 1497-98. Where the relief sought by the Plaintiff would have direct, immediate and harmful impact on a third party's interests, that adverse impact is sufficient to satisfy Rule 24(a)(2). Fund for *Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C.Cir. 2003); *Sagebrush Rebellion, Inc. v. Hodel*, 790 F.2d 760 (9th Cir. 1986); see also *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply that practical disadvantage which warrants intervention as of right").

United States like all other countries across the globe are under siege here and from total disregard of civil liberty based on the very virus that does not exist. The brainwash is extraordinary like a cult. The paranoia is beyond paranoia where government officials will never get enough of illegal orders issued on a mere of bogus press releases the rate of COVID-19

6

infection is "surging." COVID-19 is now a "felony"[4] with no statutes. Statutes are designed to prosecute and exonerate. Any party can be accused of be "positive" of COVID-19 and labelled as carrier spreading the virus which is bogus as outlined inside the original complaint filed. Diseases don't spread, people get sick. If diseases spread like the bogus COVID-19 as the scammers with the help of media claimed, every individual on this planet will be afflicted with every disease that exists today which is not the case. Intervention of right is warranted that allows Plaintiffs/Buyers to purchase the assets for $2.5 billion in order to justify the $25,000,000 loan secured with future deposits of the assets with lender which allow the $25,000,000 loan to start the preliminary process to prosecute the class action to return sanity back to global community. The "toxins"[5] (vaccines) being prepared for sale across the globe are just as fraudulent as COVID-19. Vaccine products are not absolute and no guarantee the vaccines will terminate the virus like HIV vaccine still undergoing development after decades of trial and research. The pending global class action is to poke holes into the legitimacy of COVID-19.

D. <u>Plaintiff/Buyer's interests may not be adequately represented by the Government and will not be adequately represented by Defendant(s) if any</u>. The requirement under Federal Rule of Civil Procedure 24(a)(2) to show inadequate representation "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of

---

[4] The "felony" is used to describe how people are getting arrested for violation of COVID-19. Due to enormous testing of COVID-19 which is so clandestine and no one can actually challenge it, it is difficult for any party to exonerate themselves. People have been arrested for going to work based on COVID-19 bogus virus. A Mayor and Judge in El Paso engage in a standoff when judge issued illegal order to shut down businesses and Mayor refused to enforce because people are now dealing with extreme poverty and needs to make a living. Even felons have rights, no one has rights under bogus COVID-19. We're now in court under class action. We're wondering how would judges feel if the courts and paychecks are shut down and no way to pay mortgages and other utilities?

[5] The trial of COVID-19 vaccines on human volunteers as opposed to animals in Brazil has caused deaths and such trial suspended. Any vaccines being promoted to cure COVID-19 is a scam being protected by governments. Please see "True or False" on the website at www.toksbancorpetal.com for such description how the manufacturers of bogus COVID-19 virus vaccines will make trillions at the expense of global community.

7

making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972) (citation omitted); *Sagebrush Rebellion,* 713 F.2d at 528. The Ninth Circuit offers three factors to use in evaluating the adequacy of such a demonstration. A court must assess whether "the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments[;]" whether "the present party is capable of and willing to make such arguments[;]" and whether "the intervenor would not offer any necessary element to the proceedings that the other parties would neglect." *County of Fresno,* 622 F.2d at 438-39 (emphasis added).

Plaintiff/Buyer's interests here include protecting the economic interests and legal rights of Adesijuola Ogunjobi to make a living as in pursuit of happiness not excluding (class members) with respect to revival of global economy under Global Stimulus as outlined on the Website[6] at www.toksbancorpetal.com for public review including jobs creation, eliminating restrictions of movements of humans which is totally unnatural (irony they want people to be safe, they engage in guidelines that are unnatural), and policy at issue in this suit.' Interests are directly opposed to those of Plaintiff – and hence it is self-evident that Plaintiff will not adequately represent the Plaintiff-Intervenor's interests.

Moreover, Plaintiff/Buyer's private party interests may differ from those of a federal agency – federal agencies must represent not only their own narrow interests in a matter, but also the public interest more broadly. This private interest – public interest distinction has been sufficient to justify intervention in many other cases. See, e.g., *Sierra Club v. Espy,* 18 F.3d 1202, 1208 (5th Cir. 1994); *County of Fresno v. Andrus,* 622 F.2d 436, 438-39 (9th Cir. 1980);

---

[6] Adesijuola Ogunjobi made the decision on December 16, 2020 to abandon solicitation of donation from the public due to the pending $25 million loan and the $5 Trillion credit facility he submitted via Credit Facility Trust Agreement with Treasury, Federal Reserve Board and Federal Reserve Bank of Richmond. There's no need for solicitation of donation. The website has edited via "delete" of "Donate" to end such solicitation.

*Natural Resources Defense Council, Inc. v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977); *Forest Conservation Council*, 66 F.3d at 1499 (nothing that a government agency was "required to represent a broader view than the more narrow, parochial interests of" the intervenors*); Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345-46 (10th Cir. 1978).

## II. In the Alternative, the Plaintiff/Buyer Should Be Granted Leave for Permissive Intervention Under Federal Rule of Civil Procedure 24(b)

Federal Rule of Civil Procedure 24 contemplates two forms of intervention – intervention of right and permissive intervention – and a court may grant an intervenor's motion on either basis, Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. *AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965). Regarding the latter basis, Rule 24(b) provides "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In the Ninth Circuit, the prerequisites for permissive intervention under Rule 24(b) are whether: (1) the applicant has independent grounds for jurisdiction; (2) the applicant's motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. "Rule 24(b) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Kootenai Tribe of Idaho, 313 F. 3d at 1108*, quoting *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940); see also *N.W. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). A court has the discretion to grant permissive intervention to a movant meeting these factors. See *Kootenai Tribe*, 313 F.3d at 1108-10. Under this standard, neither the inadequacy of representation, nor a direct interest in the subject matter of the action need be shown. Id. at 1108. In exercising its

discretion, however, the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

As previously demonstrated, Plaintiff/Buyer's Motion to Intervene is timely, will not cause undue delay, and will not prejudice Plaintiff or any other parties. Moreover, as discussed above, Plaintiff/Buyer possesses legally protectable interests in their class members' economic interests and legal rights in the current and future regarding the class action to declare COVID-19 a hoax, scam, etc. The potential for harm to those interests from Plaintiff's suit provides an independent basis for jurisdiction, particularly given the minimal showing required by Federal Rule of Civil Procedure 24(b). See, e.g., *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988) (finding a project developer satisfied the jurisdiction requirements because the suit pertained to whether its development could be constructed).

Additionally, while the Ninth Circuit has held that private parties are not entitled to intervention as of right as to the merits of [NEPA compliance claims], see discussion supra, district courts may still grant permissive intervention under FRCP Rule 24(b) to such parties. Accordingly, if the Court decides that the merits of Plaintiff's claim can and must be separated from consideration of the remedies associated with that claim and from the Plaintiff's other claims, permissive intervention on the merits of the claim should also be granted. See, e.g., *Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993) (granting third party intervention as "[o]ur adversary process requires that we hear from both sides before interests of one side are impaired by a judgment").

## CONCLUSION

The Plaintiff/Buyer (which United States is also a party and represented by United States Attorney's Office NDC) respectfully request leave to intervene of right in this matter, pursuant to Federal Rule of Civil Procedure 24(a), and to file their own responsive pleading in support of Plaintiff's right to sell assets seized pursuant to judicial forfeiture action, as authorized by 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6), involving the seizure of the following property for $2.5 billion in cash ("pending") to Plaintiff/Buyer on or before the date on which the Government is required to file a responsive pleading. Allow deposit of such assets into the account "effective immediately" due to $25,000,000 loan obtained on condition to seek permission from the court to allow deposit of such assets already opened with lender and username and password provided to seven Assistant United States Attorneys NDC to utilize to deposits such assets under the judicial forfeiture action, as authorized by 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6), involving the seizure of the following property. In the alternative, Plaintiff/Buyer respectfully request leave for permissive intervention, pursuant to Rule 24(b), and to file their own responsive pleading in support of Plaintiff's to forfeit assets via sale on or before the date on which the Government is required to file its responsive pleading.

Dated: December 16, 2020

Respectfully submitted,

/s/Adesijuola Ogunjobi
Adesijuola Ogunjobi
10200 Belle Rive Blvd
Bldg 6 # 45
Jacksonville, FL 32256

**Proposed Plaintiff-Intervenor**