1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CABN 226995)
   CHRIS KALTSAS (NYBN 5460902)
5  CLAUDIA QUIROZ (CABN 254419)
   WILLIAM FRENTZEN (LABN 24421)
6  Assistant United States Attorney

7       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
8       Telephone: (415) 436-7200
        FAX: (415) 436-7234
9       chris.kaltsas2@usdoj.gov

10 Attorneys for United States of America

11                     UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                           SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | **CASE NO. CV 20-7811 RS** |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S OPPOSITION TO SECOND MOTION TO INTERVENE** |
| v. | ) | |
| Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

Litigant Adesijuola Ogunjobi ("Ogunjobi") filed a second motion to intervene in the instant civil forfeiture action on December 21, 2020. Dkt. No. 20. This motion appears to be substantially similar to the motion that Ogunjobi filed on November 25, 2020. Dkt. Nos. 14-15. On December 1, 2020, this Court denied Ogunjobi's motion to intervene in its entirety because it deemed the motion frivolous. Dkt. No. 19 at 2. The Court should dismiss Ogunjobi's second motion to intervene on the same basis.

A "frivolous" filing is one that "is both baseless and made without a reasonable and competent

GOVERNMENT OPP. TO MOTION TO INTERVENE  1
CV 20-7811 RS

inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). Because Ogunjobi seeks to intervene, the salient inquiry here is whether Ogunjobi's attempt to do so is frivolous.

Federal Rule of Civil Procedure 24 provides litigants three mechanisms to intervene in civil litigation: through an unconditional right to intervene as a matter of federal statute; through intervention as of right; and through permissive intervention. See Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817 (9th Cir. 2001) (citing Fed. R. Civ. P. 24(a)); see also Fed. R. Civ. P. 24(b). Ogunjobi has not identified any statute providing an unconditional right to intervene. Accordingly, he must demonstrate to intervene either as a matter of right, or an ability to permissively intervene. Intervention as of right requires potential intervenors to satisfy a four factor test, to wit:

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

Berg, 268 F.3d at 817 (citing Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996)). Rule 24 further provides that a litigant may intervene if that litigant "is given a conditional right to intervene by a federal statute," or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Ogunjobi fails to satisfy either test.

As the Court noted in its previous order, Ogunjobi appears to seek a transfer of a substantial amount of seized Bitcoin to secure a $250 million loan which will allow him to further access $5 trillion in credit that he would use to purchase the Bitcoin in this action, and to fund a lawsuit in which he would seek to prove the COVID-19 pandemic is a worldwide fraud. Dkt. No. 19. None of these facts demonstrate a "significantly protectable" interest relating to the subject property in this case; indeed, the right Ogunjobi is claiming (his interest in the seized Bitcoin to fund litigation) does not exist. Moreover, Ogunjobi has not indicated that he is so particularly situated that the continued litigation of this case without his presence would impair any of the interests he claims to advance, especially as Ogunjobi does not, and cannot, cite to any law demonstrating the validity of his claimed interest. Accordingly,

1  Ogunjobi has failed to indicate that he may intervene in this action as of right.

2  With respect to permissive intervention, there is no statute that provides Ogunjobi a right to move permissively intervene.  Furthermore, Ogunjobi raise no facts that link him to the instant action beyond his conclusory allegation that he maintains a right to the subject property to fund his litigation to prove that the COVID-19 pandemic is a hoax.  Specifically, he fails to provide any indication that is in any way connected to the subject property in this action; he does not indicate he is in any way connected to the Silk Road; and he does not claim any connection to the individual who possessed the subject property prior to its seizure by the United States government.  Permissive intervention is accordingly wholly inappropriate in this case.

Ogunjobi's filing, on its face, clearly indicates that he made no reasonable and competent inquiry as to whether his motion to intervene was appropriate.  See Townsend, 929 F.2d at 1362. Accordingly, the Court should dismiss his motion as frivolous.  Moreover, as Ogunjobi has filed two successive motions that are essentially the same in sum and substance, the Government respectfully requests that the Court require Ogunjobi obtain leave to file any further motions to intervene before he is permitted to file them on the docket.

DATED:	January 4, 2020               Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


_____/s/_____
CHRIS KALTSAS
Assistant United States Attorney

GOVERNMENT OPP. TO MOTION TO INTERVENE  3
CV 20-7811 RS