ALMADANI LAW
Yasin M. Almadani (SBN: 242798)
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

*Attorneys for Claimant Roman Hossain*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin) Gold (BTG), Bitcoin SV (BSV), and Bitcoin) Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendants,<br><br>ROMAN HOSSAIN,<br><br>Claimant. | Case No. CV 20-7811 RS<br><br>HON. RICHARD SEEBORG<br>United States District Judge<br>Courtroom 3<br><br>**CLAIMANT ROMAN HOSSAIN'S ANSWER TO FIRST AMENDED COMPLAINT FOR FORFEITURE *IN REM***<br><br>Case Filed:   November 5, 2020<br><br>FAC Filed:   November 20, 2020<br><br>Trial Date:   TBD |

Claimant Roman Hossain ("Claimant" or "Mr. Hossain") responds as follows to the allegations in the First Amended Complaint filed on November 20, 2020:

## NATURE OF THE ACTION

1.  Paragraph 1 is Plaintiff's description of its action and does not contain any substantive allegations requiring a response. Nevertheless, to the extent that a response is required, Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Section and on that basis denies them. Furthermore, Claimant believes that Claimant has a legitimate interest in the Defendant Bitcoin and

1

denies any suggestion that Claimant's interests are subject to forfeiture by Plaintiff.

## JURISDICTION AND VENUE

2. This Paragraph consists of conclusions of law to which no response is required.

3. This Paragraph consists of conclusions of law to which no response is required.

4. This Paragraph consists of conclusions of law to which no response is required.

## PARTIES

5. Claimant admits that Plaintiff is the United States of America.

6. Claimant admits the allegations in this Paragraph.

7. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

8. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

9. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

10. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

11. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

12. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

13. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

14. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

15. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

16. This Paragraph appears to be a continuation of Paragraph 15 describing the alleged observations of Plaintiff, and as such, Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

17. Claimant admits that, over time, the Blockchain address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (hereafter "1HQ3") received the Defendants Bitcoin. As to the remaining allegations in this Paragraph, Claimant lacks personal knowledge or information sufficient to form a belief as to those allegations and on that basis denies them.

18. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

19. Claimant admits the allegations in this Paragraph except for the allegation in the parenthetical concerning the approximate value of the Bitcoin as of November 4, 2020, and, as to that allegation, Claimant lacks personal knowledge or information sufficient to form a belief and on that basis denies it.

20. Claimant admits the allegations in this Paragraph except for those allegations that refer to observations made by Plaintiff just prior to the seizure; as to those allegations referring to Plaintiff's observations, Claimant lacks personal knowledge or information sufficient to form a belief and on that basis denies them.

21. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

22. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

23. Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Paragraph and on that basis denies them.

24. Claimant is informed and believes that the United States took custody of the Defendant from the 1HQ3 Blockchain wallet, but Claimant lacks personal knowledge or information sufficient to form a belief as to the remainder of the allegations in this Paragraph, and on that basis denies them.

## VIOLATION

Claimant incorporates its responses to each and every allegation set forth above as if fully set forth herein.

The unnumbered Paragraphs in this Section consist of Plaintiff's conclusions of law mixed with speculative assertions and Plaintiff's description of the relief that it seeks, to which either no response is required, or a response has already been provided above and incorporated herein. Nevertheless, to the extent that a response is required, Claimant lacks personal knowledge or information sufficient to form a belief as to the allegations in this Section and on that basis denies them. Additionally, Claimant denies any suggestion that its interests in the Defendant Bitcoin are subject to forfeiture.

## UNLESS ADMITTED ALL OTHER ALLEGATIONS ARE DENIED

Unless otherwise specifically admitted by Claimant herein, Claimant denies all such remaining allegations.

## AFFIRMATIVE DEFENSES

As separate and independent defenses, Claimant asserts the following:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE
### (Innocent Owner)

Claimant's interests in the Defendants may not be forfeited because Claimant is an innocent owner pursuant to 18 U.S.C. § 983 and other applicable law.

### THIRD AFFIRMATIVE DEFENSE
### (Jurisdiction)

This Court lacks jurisdiction over Plaintiff's forfeiture claim against the defendant property.

### FOURTH AFFIRMATIVE DEFENSE
### (Venue)

Plaintiffs have brought this action in an improper and/or inconvenient venue.

### FIFTH AFFIRMATIVE DEFENSE
### (Eighth Amendment)

Forfeiture of the defendant property would be unconstitutional in that it would violate the Eighth Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE
### (Subsequently Discovered Defenses)

Claimant may discover additional affirmative defenses. Claimant reserves the right to assert additional defenses if discovery indicates that such defenses would be appropriate.

### SEVENTH AFFIRMATIVE DEFENSE
### (Constructive Trust)

Claimant has the right to possess, and an interest in, a portion of the Defendant Bitcoin, which right is traceable to the Defendant Bitcoin, and which Bitcoin was stolen or otherwise wrongfully acquired by Individual X or another unknown third party.

### RESERVATION

Claimant reserves the right to amend this Answer and the affirmative defenses set forth herein.

### CLAIMANT'S PRAYER FOR RELIEF

WHEREFORE, Claimant prays for judgment as follows:

1. That Plaintiff's request for forfeiture of the Defendant be denied with respect

to the portion of the Defendant owned by Claimant;

    2.    That Claimant be awarded its costs incurred in defending this action as permitted by applicable law, including but not limited to reasonable attorney's fees; and

    3.    For such other and further relief that the Court may deem proper.

## JURY DEMAND

Claimant hereby demands a jury on all triable issues and defenses.

Dated: March 8, 2021                    Respectfully submitted,

ALMADANI LAW

*/s/ Yasin M. Almadani*
YASIN M. ALMADANI

*Attorneys for Claimant Roman Hossain*

## **CERTIFICATE OF SERVICE**

I, Yasin M. Almadani, hereby certify that I have electronically filed the above-captioned document with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  March 8, 2021                              Respectfully submitted,

                                                                    ALMADANI LAW

                                                                     /s/ Yasin M. Almadani
                                                                    YASIN M. ALMADANI

                                                                    *Attorneys for Claimant Roman Hossain*