1  JAEMIN CHANG (SBN 232612)
   JChang@FoxRothschild.com
2  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
3  San Francisco, CA 94104-2670
   Telephone:    415.364.5540
4  Facsimile:    415.391.4436

5  JEFF NICHOLAS (Pro Hac Vice To Be Filed)
   jnicholas@FoxRothschild.com
6  FOX ROTHSCHILD LLP
   2000 Market Street, Twentieth Floor,
7  Philadelphia, PA 19103
   Telephone: (215) 299-2000
8
   GUY LEWIS (Pro Hac Vice To Be Filed)
9  glewis@lewistein.com
   THE LAW OFFICES OF GUY A. LEWIS
10 12575 SW 67th Avenue
   Pinecrest, FL,  33156
11 Telephone: (305) 442-1101

12 *Attorneys for Claimants First 100, LLC,*
   *1st One Hundred Holdings, LLC, and*
13 *Battle Born Investments Company, LLC*

14

15                 **UNITED STATES DISTRICT COURT**

16               **NORTHERN DISTRICT OF CALIFORNIA**

17                   **SAN FRANCISCO DIVISION**

18 | | |
   UNITED STATES OF AMERICA,              Case No. 20-7811-RS
19
                     Plaintiff,            **VERIFIED ANSWER BY FIRST 100, LLC**
20                                         **AND 1ST ONE HUNDRED HOLDINGS,**
                                           **LLC**
21          v.

22 Approximately 69,370 Bitcoin (BTC),
   Bitcoin Gold (BTG), Bitcoin SV (BSV), and   Judge: Hon. Richard Seeborg
23 Bitcoin Cash (BCH) seized from             Courtroom:    3
   1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hb           Case Filed:    November 5, 2020
24 hx,                                        FAC Filed:     November 20, 2020
                                              Trial Date:    TBD
25                   Defendant.

26 First 100, LLC, and 1st One Hundred
   Holdings, LLC,
27
                     Claimants.
28

---

Claimants First 100, LLC. and 1st One Hundred Holdings, LLC., having duly filed their claim of interests in the above-captioned lawsuit on March 16, 2021, by and through their undersigned counsel, hereby file their joint Verified Answer as follows:

## NATURE OF THE ACTION

1.     The Claimants assert that the allegations in Paragraph No. 1 of the Plaintiff's amended complaint describe the statutory bases to bring this civil action. Those are legal conclusions to which no responses are required. To the extent that an answer is required, Claimants lack sufficient information to admit or deny the allegations in Paragraph No. 1 and, on that basis, the Claimants deny them.

## JURISDICTION AND VENUE

2.     The Claimants assert that the allegations in Paragraph No. 2 of the Plaintiff's amended complaint are legal conclusions to which no responses are required.  To the extent that an answer is required, the Claimants aver that they lack sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 2.

3.     The Claimants assert that the allegations in Paragraph No. 3 of the Plaintiff's amended complaint are legal conclusions to which no responses are required. To the extent that an answer is required, the Claimants aver that they lack sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 3.

4.     The Claimants assert that the allegation in Paragraph No. 4 of the Plaintiff's amended complaint are legal conclusions to which no response is required. To the extent that an answer is required, the Claimants aver that they lack sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 4.

## PARTIES

5.     The Claimants admit the allegations in paragraph No. 5 of the Plaintiff's amended complaint.

6.     With respect to the allegations in paragraph No. 6 of the Plaintiff's amended complaint, the Claimants admit that the Defendant Property identified in this action is comprised of the following:

a)      69,370,22491543 Bitcoin (BTC);

b)      69,370.10730857 Bitcoin Gold (BTG);

c)      69,370,10710518 Bitcoin SV (BSV); and

d)      69,3700.12818037 Bitcoin Cash (BCH)

all of which were contained in Bitcoin wallet/folder/account number IHQ3G03ggs8pFnXuHVHRytPCq5fGG8Hbhx. By way of further answer, although the Claimants admit that the Plaintiff seized the above-referenced Bitcoin, the Claimants lack sufficient information or knowledge to know the date and circumstances under which the seizure was accomplished; and, therefore, can neither admit nor deny those elements of Paragraph No. 6. Collaterally, the Claimants assert that the value for each cache of Bitcoin and/or cryptocurrency, referenced-above, continuously fluctuates, depending on market conditions; and that Claimants assert their unfettered ownership interests in the inconstant value of the Defendant Property to and through the date of final judgment by this Court.

## FACTS

7.      The Claimants assert that Paragraph No. 7 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 7 and, on that basis, the Claimants deny them.

8.      The Claimants assert that Paragraph No. 8 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 8 and, on that basis, the Claimants deny them.

9.      The Claimants assert that Paragraph No. 9 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack

sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 9 and, on that basis, the Claimants deny them.

10.    The Claimants assert that Paragraph No. 10 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 10 and, on that basis, the Claimants deny them.

11.    The Claimants assert that Paragraph No. 11 of the Plaintiff's amended complaint comprise an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy.  Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations in Paragraph No. 11 and on that basis, the Claimants deny them.

12.    The Claimants assert that Paragraph No. 12 of the Plaintiff's amended complaint comprise an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 12 and, on that basis, the Claimants deny them.

13.    The Claimants assert that Paragraph No. 13 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 13 and, on that basis, the Claimants deny them.

14.    The Claimants assert that Paragraph No. 14 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 14 and, on that basis, the Claimants deny them.

15.     The Claimants assert that Paragraph No. 15 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 15 and, on that basis, the Claimants deny them.

16.     The Claimants assert that Paragraph No. 16 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 16 and, on that basis, the Claimants deny them.

17.     The Claimants assert that Paragraph No. 17 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 17 and, on that basis, the Claimants deny them.

18.     The Claimants assert that Paragraph No. 18 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 18 and, on that basis, the Claimants deny them.

19.     The Claimants assert that Paragraph No. 19 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 19 and, on that basis, the Claimants deny them.

20.     The Claimants assert that Paragraph No. 20 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack

sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 20 and, on that basis, the Claimants deny them.

21.     The Claimants assert that Paragraph No. 21 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 21 and, on that basis, the Claimants deny them.

22.     The Claimants assert that Paragraph No. 22 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 22 and, on that basis, the Claimants deny them.

23.     The Claimants assert that Paragraph No. 23 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 23 and, on that basis, the Claimants deny them.  By way of further answer the Claimants assert that Individual X could not consent to the transfer/forfeiture of the Defendant Property to the benefit of the United States because he had no property interests and/or rights in the Defendant Property at the time that he executed the consent agreement.

24.     The Claimants assert that Paragraph No. 24 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 24 and on that basis, the Claimants deny them.

## VIOLATION

a.     Each of the unnumbered paragraphs of the Plaintiff's amended complaint under the "Violation" heading identify the various federal criminal statutes that implicate the

Defendant Property as criminally-derived and/or criminally-involved assets subject to seizure and forfeiture.  Therefore, no response is required.

b.      In the penultimate, unnumbered paragraph of the amended complaint, the Plaintiff alleges that the Defendant Property is subject to forfeiture pursuant to: 18 U.S.C. § 981 (a)(1)(A) and (C) and § 981(b); 21 U.S.C. § 881 (a)(6); 18 U.S.C. § 1030; and 18 U.S.C. § 371. The Claimants fully and categorically deny that the assets comprising the Defendant Property are subject to forfeiture because the Claimants hold judicially-declared superior property interests in those assets, en toto, based on, among other things, the Claimants' victim status and the Claimants' bona fide and pre-existing property interests in the Defendant Property.

c.      The Claimants fully and categorically deny any and all allegations, contained in the Plaintiff's amended complaint, not specifically admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's amended complaint fails to state a claim from which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to participate in this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

Any judgment imposed by this Court that contravenes or extinguishes the ████████

████████████████████████████████████████████████████████████████████████

### FOURTH AFFIRMATIVE DEFENSE

The Claimants are innocent owners who did not know, or have reason to know, that the Defendant Property was proceeds of, or involved in, criminal activity.

### FIFTH AFFIRMATIVE DEFENSE

The Claimants were not involved in any way in criminal behavior as relates to the circumstances described in the Plaintiff's amended complaint.

*//*

*//*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH AFFIRMATIVE DEFENSE

The Claimants acted in good faith at all times relevant to matters described in the amended complaint.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from pursuing this civil forfeiture because it has failed to conduct an adequate investigation.

## <u>CLAIMANTS' DEMAND FOR A JURY TRIAL</u>

The Claimants demand a trial by jury of all triable issues.

Dated:  April 5, 2021                    FOX ROTHSCHILD LLP

By:    */s/ Jaemin Chang*

JAEMIN CHANG
JEFF NICHOLAS (Pro Hac Vice To Be Filed)

Dated:  April 5, 2021                    THE LAW OFFICES OF GUY A. LEWIS

By:    */s/ Guy A. Lewis*

GUY A. LEWIS
(Pro Hac Vice To Be Filed)

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Verified Answer and know its contents.  The matters stated in the foregoing document are true of my own knowledge and belief except as to those matters explicitly stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  I understand that a false statement or claim may subject a person to prosecution.

Dated: April 5, 2021                    FIRST 100, LLC

By: _____
     Jay Bloom, Manager
     SJC VENTURES HOLDING LLC


1st ONE HUNDRED HOLDINGS, LLC

By: _____
     Jay Bloom, Manager
     SJC VENTURES HOLDING LLC