1  JAEMIN CHANG (SBN 232612)
   JChang@FoxRothschild.com
2  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
3  San Francisco, CA 94104-2670
   Telephone:    415.364.5540
4  Facsimile:    415.391.4436

5  JEFF NICHOLAS (Pro Hac Vice To Be Filed)
   jnicholas@FoxRothschild.com
6  FOX ROTHSCHILD LLP
   2000 Market Street, Twentieth Floor,
7  Philadelphia, PA 19103
   Telephone: (215) 299-2000
8
   GUY LEWIS (Pro Hac Vice To Be Filed)
9  glewis@lewistein.com
   THE LAW OFFICES OF GUY A. LEWIS
10 12575 SW 67th Avenue
   Pinecrest, FL, 33156
11 Telephone: (305) 442-1101

12 *Attorneys for Claimants First 100, LLC,*
   *1st One Hundred Holdings, LLC, and*
13 *Battle Born Investments Company, LLC*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                         **SAN FRANCISCO DIVISION**

18

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-7811-RS |
| Plaintiff, | **VERIFIED ANSWER BY BATTLE BORN INVESTMENTS COMPANY, LLC** |
| v. | |
| Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx, | Judge: Hon. Richard Seeborg<br>Courtroom:   3<br>Case Filed:   November 5, 2020<br>FAC Filed:    November 20, 2020<br>Trial Date:   TBD |
| Defendant. | |
| Battle Born Investments Company, LLC, | |
| Claimant. | |

Claimant Battle Born Investments Company, LLC having duly filed its claim of interests in the above-captioned lawsuit on March 16, 2021, by and through its undersigned counsel, hereby files its Verified Answer as follows:

**NATURE OF THE ACTION**

1. Claimant asserts that the allegations in Paragraph No. 1 of the Plaintiff's amended complaint describe the statutory bases to bring this civil action. Those are legal conclusions to which no responses are required. To the extent that an answer is required, Claimant lacks sufficient information to admit or deny the allegations in Paragraph No. 1 and on that basis, the Claimant denies them.

**JURISDICTION AND VENUE**

2. The Claimant asserts that the allegations in Paragraph No. 2 of the Plaintiff's amended complaint are legal conclusions to which no responses are required. To the extent that an answer is required, the Claimant avers that it lacks sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 2.

3. The Claimant asserts that the allegations in Paragraph No. 3 of the Plaintiff's amended complaint are legal conclusions to which no responses are required. To the extent that an answer is required, the Claimant avers that it lacks sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 3.

4. The Claimant asserts that the allegation in Paragraph No. 4 of the Plaintiff's amended complaint are legal conclusions to which no response is required. To the extent that an answer is required, the Claimant avers that it lacks sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 4.

**PARTIES**

5. The Claimant admits the allegations in paragraph No. 5 of the Plaintiff's amended complaint.

6. With respect to the allegations in paragraph No. 6 of the Plaintiff's amended complaint, the Claimant admits that the Defendant Property identified in this action is comprised of the following:

    a) 69,370,22491543 Bitcoin (BTC);

    b) 69,370.10730857 Bitcoin Gold (BTG);

    c) 69,370,10710518 Bitcoin SV (BSV); and

    d) 69,3700.12818037 Bitcoin Cash (BCH)

all of which were contained in Bitcoin wallet/folder/account number IHQ3G03ggs8pFnXuHVHRytPCq5fGG8Hbhx. By way of further answer, although the Claimant admits that the Plaintiff seized the above-referenced Bitcoin, the Claimant lacks sufficient information or knowledge to know the date and circumstances under which the seizure was accomplished; and, therefore, can neither admit nor deny those elements of Paragraph No. 6. Collaterally, the Claimant asserts that the value for each cache of Bitcoin and/or cryptocurrency, referenced-above, continuously fluctuates, depending on market conditions; and that Claimant assert its unfettered ownership interests in the inconstant value of the Defendant Property to and through the date of final judgment by this Court.

**FACTS**

7. The Claimant asserts that Paragraph No. 7 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 7 and, on that basis, the Claimant denies them.

8. The Claimant asserts that Paragraph No. 8 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 8 and, on that basis, the Claimant denies them.

9. The Claimant asserts that Paragraph No. 9 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 9 and, on that basis, the Claimant denies them.

10. The Claimant asserts that Paragraph No. 10 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 10 and, on that basis, the Claimant denies them.

11. The Claimant asserts that Paragraph No. 11 of the Plaintiff's amended complaint comprise an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy.  Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph No. 11 and on that basis, the Claimant denies them.

12. The Claimant asserts that Paragraph No. 12 of the Plaintiff's amended complaint comprise an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 12 and, on that basis, the Claimant denies them.

13. The Claimant asserts that Paragraph No. 13 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 13 and, on that basis, the Claimant denies them.

14. The Claimant asserts that Paragraph No. 14 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks

sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 14 and, on that basis, the Claimant denies them.

15. The Claimant asserts that Paragraph No. 15 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 15 and, on that basis, the Claimant denies them.

16. The Claimant asserts that Paragraph No. 16 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 16 and, on that basis, the Claimant denies them.

17. The Claimant asserts that Paragraph No. 17 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 17 and, on that basis, the Claimant denies them.

18. The Claimant asserts that Paragraph No. 18 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 18 and, on that basis, the Claimant denies them.

19. The Claimant asserts that Paragraph No. 19 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 19 and, on that basis, the Claimant denies them.

VERIFIED ANSWER BY BATTLE BORN INVESTMENTS COMPANY, LLC
121397722.v1
-5-
Case No. 20-7811-RS

1    20. The Claimant asserts that Paragraph No. 20 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 20 and, on that basis, the Claimant denies them.

21. The Claimant asserts that Paragraph No. 21 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 21 and, on that basis, the Claimant denies them.

22. The Claimant asserts that Paragraph No. 22 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 22 and, on that basis, the Claimant denies them.

23. The Claimant asserts that Paragraph No. 23 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 23 and, on that basis, the Claimant denies them.  By way of further answer the Claimant asserts that Individual X could not consent to the transfer/forfeiture of the Defendant Property to the benefit of the United States because he had no property interests and/or rights in the Defendant Property at the time that he executed the consent agreement.

24. The Claimant asserts that Paragraph No. 24 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimant was/is not privy. Therefore, the Claimant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 24 and on that basis, the Claimant denies them.

# VIOLATION

a. Each of the unnumbered paragraphs of the Plaintiff's amended complaint under the "Violation" heading identify the various federal criminal statutes that implicate the Defendant Property as criminally-derived and/or criminally-involved assets subject to seizure and forfeiture. Therefore, no response is required.

b. In the penultimate, unnumbered paragraph of the amended complaint, the Plaintiff alleges that the Defendant Property is subject to forfeiture pursuant to: 18 U.S.C. § 981 (a)(1)(A) and (C) and § 981(b); 21 U.S.C. § 881 (a)(6); 18 U.S.C. § 1030; and 18 U.S.C. § 371. The Claimant fully and categorically denies that the assets comprising the Defendant Property are subject to forfeiture because the Claimant holds judicially-declared superior property interests in those assets, *en toto,* based on, among other things, the Claimant's' victim status and the Claimants' bona fide and pre-existing property interests in the Defendant Property.

c. The Claimant fully and categorically denies any and all allegations contained in the Plaintiff's amended complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's amended complaint fails to state a claim from which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to participate in this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

Any judgment imposed by this Court that contravenes or extinguishes the previous judicially-declared bankruptcy judgment in favor of the Claimant runs afoul of the principles of res judicata and/or satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

The Claimant is an innocent owner who did not know, or have reason to know, that the Defendant Property was proceeds of, or involved in, criminal activity.

//

//

**FIFTH AFFIRMATIVE DEFENSE**

The Claimant was not involved in any way in criminal behavior as relates to the circumstances described in the Plaintiff's amended complaint.

**SIXTH AFFIRMATIVE DEFENSE**

The Claimant acted in good faith at all times relevant to matters described in the amended complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff is estopped from pursuing this civil forfeiture because it has failed to conduct an adequate investigation.

**CLAIMANTS' DEMAND FOR A JURY TRIAL**

The Claimant demands a trial by jury of all triable issues.

Dated:  April 5, 2021                    FOX ROTHSCHILD LLP

                                         By:   */s/ Jaemin Chang*
                                               JAEMIN CHANG
                                               JEFF NICHOLAS (Pro Hac Vice To Be Filed)

Dated:  April 5, 2021                    THE LAW OFFICES OF GUY A. LEWIS

                                         By:   */s/ Guy A. Lewis*
                                               GUY A. LEWIS
                                               (Pro Hac Vice To Be Filed)

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Verified Answer and know its contents.  The matters stated in the foregoing document are true of my own knowledge and belief except as to those matters explicitly stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  I understand that a false statement or claim may subject a person to prosecution.

Dated: April 5, 2021              BATTLE BORN INVESTMENTS COMPANY, LLC

By: _____
Jay Bloom, Manager
SJC VENTURES HOLDING LLC

---

VERIFIED ANSWER BY BATTLE BORN
INVESTMENTS COMPANY, LLC                -9-                    Case No. 20-7811-RS