1  JAEMIN CHANG (SBN 232612)
   JChang@FoxRothschild.com
2  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
3  San Francisco, CA 94104-2670
   Telephone:    415.364.5540
4  Facsimile:    415.391.4436

5  JEFF NICHOLAS (Pro Hac Vice To Be Filed)
   jnicholas@FoxRothschild.com
6  FOX ROTHSCHILD LLP
   2000 Market Street, Twentieth Floor,
7  Philadelphia, PA 19103
   Telephone: (215) 299-2000
8
   GUY LEWIS (Pro Hac Vice To Be Filed)
9  glewis@lewistein.com
   THE LAW OFFICES OF GUY A. LEWIS
10 12575 SW 67th Avenue
   Pinecrest, FL,  33156
11 Telephone: (305) 442-1101

12 *Attorneys for Claimants First 100, LLC,*
   *1st One Hundred Holdings, LLC, and*
13 *Battle Born Investments Company, LLC*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                          **SAN FRANCISCO DIVISION**

18 | UNITED STATES OF AMERICA, | Case No. 20-7811-RS |
19 | Plaintiff, | **VERIFIED ANSWER BY FIRST 100, LLC AND 1ST ONE HUNDRED HOLDINGS, LLC** |
   | v. | |
   | Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx, | Judge: Hon. Richard Seeborg<br>Courtroom:     3<br>Case Filed:    November 5, 2020<br>FAC Filed:     November 20, 2020<br>Trial Date:    TBD |
   | Defendant. | |
   | First 100, LLC, and 1st One Hundred Holdings, LLC, | |
   | Claimants. | |

VERIFIED ANSWER BY FIRST 100, LLC AND                                  Case No. 20-7811-RS
1ST ONE HUNDRED HOLDINGS, LLC         -1-
121396797.v1

Claimants First 100, LLC. and 1st One Hundred Holdings, LLC., having duly filed their claim of interests in the above-captioned lawsuit on March 16, 2021, by and through their undersigned counsel, hereby file their joint Verified Answer as follows:

**NATURE OF THE ACTION**

1. The Claimants assert that the allegations in Paragraph No. 1 of the Plaintiff's amended complaint describe the statutory bases to bring this civil action. Those are legal conclusions to which no responses are required. To the extent that an answer is required, Claimants lack sufficient information to admit or deny the allegations in Paragraph No. 1 and, on that basis, the Claimants deny them.

**JURISDICTION AND VENUE**

2. The Claimants assert that the allegations in Paragraph No. 2 of the Plaintiff's amended complaint are legal conclusions to which no responses are required. To the extent that an answer is required, the Claimants aver that they lack sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 2.

3. The Claimants assert that the allegations in Paragraph No. 3 of the Plaintiff's amended complaint are legal conclusions to which no responses are required. To the extent that an answer is required, the Claimants aver that they lack sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 3.

4. The Claimants assert that the allegation in Paragraph No. 4 of the Plaintiff's amended complaint are legal conclusions to which no response is required. To the extent that an answer is required, the Claimants aver that they lack sufficient information and belief to admit or deny and therefore deny the allegations of Paragraph No. 4.

**PARTIES**

5. The Claimants admit the allegations in paragraph No. 5 of the Plaintiff's amended complaint.

6. With respect to the allegations in paragraph No. 6 of the Plaintiff's amended complaint, the Claimants admit that the Defendant Property identified in this action is comprised of the following:

VERIFIED ANSWER BY FIRST 100, LLC AND
1ST ONE HUNDRED HOLDINGS, LLC                -2-                Case No. 20-7811-RS
121396797.v1

1       a)       69,370,22491543 Bitcoin (BTC);

2       b)       69,370.10730857 Bitcoin Gold (BTG);

3       c)       69,370,10710518 Bitcoin SV (BSV); and

4       d)       69,3700.12818037 Bitcoin Cash (BCH)

all of which were contained in Bitcoin wallet/folder/account number IHQ3G03ggs8pFnXuHVHRytPCq5fGG8Hbhx. By way of further answer, although the Claimants admit that the Plaintiff seized the above-referenced Bitcoin, the Claimants lack sufficient information or knowledge to know the date and circumstances under which the seizure was accomplished; and, therefore, can neither admit nor deny those elements of Paragraph No. 6. Collaterally, the Claimants assert that the value for each cache of Bitcoin and/or cryptocurrency, referenced-above, continuously fluctuates, depending on market conditions; and that Claimants assert their unfettered ownership interests in the inconstant value of the Defendant Property to and through the date of final judgment by this Court.

**FACTS**

7. The Claimants assert that Paragraph No. 7 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 7 and, on that basis, the Claimants deny them.

8. The Claimants assert that Paragraph No. 8 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 8 and, on that basis, the Claimants deny them.

9. The Claimants assert that Paragraph No. 9 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack

VERIFIED ANSWER BY FIRST 100, LLC AND                                                         Case No. 20-7811-RS
1ST ONE HUNDRED HOLDINGS, LLC             -3-
121396797.v1

1  sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
2  9 and, on that basis, the Claimants deny them.

3        10.      The Claimants assert that Paragraph No. 10 of the Plaintiff's amended complaint
4  comprises an historical narrative of the events leading up to the Government's seizure of the
5  Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
6  sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
7  10 and, on that basis, the Claimants deny them.

8        11.      The Claimants assert that Paragraph No. 11 of the Plaintiff's amended complaint
9  comprise an historical narrative of the events leading up to the Government's seizure of the
10 Defendant Property to which the Claimants were/are not privy.  Therefore, the Claimants lack
11 sufficient information or knowledge to admit or deny the allegations in Paragraph No. 11 and on
12 that basis, the Claimants deny them.

13       12.      The Claimants assert that Paragraph No. 12 of the Plaintiff's amended complaint
14 comprise an historical narrative of the events leading up to the Government's seizure of the
15 Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
16 sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
17 12 and, on that basis, the Claimants deny them.

18       13.      The Claimants assert that Paragraph No. 13 of the Plaintiff's amended complaint
19 comprises an historical narrative of the events leading up to the Government's seizure of the
20 Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
21 sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
22 13 and, on that basis, the Claimants deny them.

23       14.      The Claimants assert that Paragraph No. 14 of the Plaintiff's amended complaint
24 comprises an historical narrative of the events leading up to the Government's seizure of the
25 Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
26 sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
27 14 and, on that basis, the Claimants deny them.

28

VERIFIED ANSWER BY FIRST 100, LLC AND                                           Case No. 20-7811-RS
1ST ONE HUNDRED HOLDINGS, LLC             -4-
121396797.v1

15. The Claimants assert that Paragraph No. 15 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 15 and, on that basis, the Claimants deny them.

16. The Claimants assert that Paragraph No. 16 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 16 and, on that basis, the Claimants deny them.

17. The Claimants assert that Paragraph No. 17 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 17 and, on that basis, the Claimants deny them.

18. The Claimants assert that Paragraph No. 18 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 18 and, on that basis, the Claimants deny them.

19. The Claimants assert that Paragraph No. 19 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph No. 19 and, on that basis, the Claimants deny them.

20. The Claimants assert that Paragraph No. 20 of the Plaintiff's amended complaint comprises an historical narrative of the events leading up to the Government's seizure of the Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack

1  sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
2  20 and, on that basis, the Claimants deny them.

3  21. The Claimants assert that Paragraph No. 21 of the Plaintiff's amended complaint
4  comprises an historical narrative of the events leading up to the Government's seizure of the
5  Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
6  sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
7  21 and, on that basis, the Claimants deny them.

8  22. The Claimants assert that Paragraph No. 22 of the Plaintiff's amended complaint
9  comprises an historical narrative of the events leading up to the Government's seizure of the
10 Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
11 sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
12 22 and, on that basis, the Claimants deny them.

13 23. The Claimants assert that Paragraph No. 23 of the Plaintiff's amended complaint
14 comprises an historical narrative of the events leading up to the Government's seizure of the
15 Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
16 sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
17 23 and, on that basis, the Claimants deny them.  By way of further answer the Claimants assert
18 that Individual X could not consent to the transfer/forfeiture of the Defendant Property to the
19 benefit of the United States because he had no property interests and/or rights in the Defendant
20 Property at the time that he executed the consent agreement.

21 24. The Claimants assert that Paragraph No. 24 of the Plaintiff's amended complaint
22 comprises an historical narrative of the events leading up to the Government's seizure of the
23 Defendant Property to which the Claimants were/are not privy. Therefore, the Claimants lack
24 sufficient information or knowledge to admit or deny the allegations contained in paragraph No.
25 24 and on that basis, the Claimants deny them.

## VIOLATION

27 a. Each of the unnumbered paragraphs of the Plaintiff's amended complaint under
28 the "Violation" heading identify the various federal criminal statutes that implicate the

1  Defendant Property as criminally-derived and/or criminally-involved assets subject to seizure
2  and forfeiture.  Therefore, no response is required.
3        b.      In the penultimate, unnumbered paragraph of the amended complaint, the Plaintiff
4  alleges that the Defendant Property is subject to forfeiture pursuant to: 18 U.S.C. § 981 (a)(1)(A)
5  and (C) and § 981(b); 21 U.S.C. § 881 (a)(6); 18 U.S.C. § 1030; and 18 U.S.C. § 371. The
6  Claimants fully and categorically deny that the assets comprising the Defendant Property are
7  subject to forfeiture because the Claimants hold judicially-declared superior property interests in
8  those assets, en toto, based on, among other things, the Claimants' victim status and the
9  Claimants' bona fide and pre-existing property interests in the Defendant Property.
10       c.      The Claimants fully and categorically deny any and all allegations, contained in
11 the Plaintiff's amended complaint, not specifically admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's amended complaint fails to state a claim from which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to participate in this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

Any judgment imposed by this Court that contravenes or extinguishes the previous judicially-declared bankruptcy judgment in favor of the Claimants runs afoul of the principles of res judicata and/or satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

The Claimants are innocent owners who did not know, or have reason to know, that the Defendant Property was proceeds of, or involved in, criminal activity.

### FIFTH AFFIRMATIVE DEFENSE

The Claimants were not involved in any way in criminal behavior as relates to the circumstances described in the Plaintiff's amended complaint.

//

//

VERIFIED ANSWER BY FIRST 100, LLC AND                                  Case No. 20-7811-RS
1ST ONE HUNDRED HOLDINGS, LLC        -7-
121396797.v1

## SIXTH AFFIRMATIVE DEFENSE

The Claimants acted in good faith at all times relevant to matters described in the amended complaint.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from pursuing this civil forfeiture because it has failed to conduct an adequate investigation.

## **CLAIMANTS' DEMAND FOR A JURY TRIAL**

The Claimants demand a trial by jury of all triable issues.

Dated: April 5, 2021                FOX ROTHSCHILD LLP

By:   */s/ Jaemin Chang*
      JAEMIN CHANG
      JEFF NICHOLAS (Pro Hac Vice To Be Filed)

Dated: April 5, 2021                THE LAW OFFICES OF GUY A. LEWIS

By:   */s/ Guy A. Lewis*
      GUY A. LEWIS
      (Pro Hac Vice To Be Filed)

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing Verified Answer and know its contents. The matters stated in the foregoing document are true of my own knowledge and belief except as to those matters explicitly stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. I understand that a false statement or claim may subject a person to prosecution.

Dated: April 5, 2021               FIRST 100, LLC

                                   By: _____
                                       Jay Bloom, Manager
                                       SJC VENTURES HOLDING LLC


                                   1st ONE HUNDRED HOLDINGS, LLC

                                   By: _____
                                       Jay Bloom, Manager
                                       SJC VENTURES HOLDING LLC