BROWN RUDNICK LLP
David J. Molton, #262075
dmolton@brownrudnick.com
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Stephen R. Cook, #204446
scook@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Nobuaki Kobayashi, in his capacity as the Civil Rehabilitation Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG) Bitcoin SV (BSV) and Bitcoin Cash (BCH),<br><br>    Defendants. | Civil Action No.3:20-cv-07811-RS<br><br>[Honorable Richard Seeborg]<br><br>**NOTICE OF MOTION AND MOTION FOR DIRECT ACCESS AND INTERVENTION**<br><br>DATE: June 3, 2021<br>TIME: 1:30 p.m.<br>CTRM 3 |

# TABLE OF CONTENTS

**Page**

1. PRELIMINARY STATEMENT .................................................................................... 3
2. FACTUAL BACKGROUND ....................................................................................... 3
3. ARGUMENT ................................................................................................................ 6
   A. The Foreign Representative Should be Permitted to Participate Pursuant to Chapter 15, Section 1509(b) of the United States Bankruptcy Code ........................ 6
   B. The Foreign Representative Should be Permitted to Intervene Pursuant to FRCP 24 ....................................................................................................................... 7
4. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
    389 B.R. 325 (S.D.N.Y. 2008) ................................................................................... 7

*In re Foreign Econ. Indus. Bank Ltd., "Vneshprombank" Ltd.*,
    607 B.R. 160 (Bankr. S.D.N.Y. 2019) ....................................................................... 6

*Scholl v. Mnuchin*,
    No. 20-CV-05309-PJH, 2021 WL 84487 (N.D. Cal. Jan. 11, 2021) ......................... 8

*U.S. v. All Funds on Deposit at Citigroup Smith Barney Account*,
    617 F. Supp. 2d 103 (E.D.N.Y. 2007) ................................................................... 8, 9

**Federal Statutes**

11 U.S.C.
    Chapter 15 ..................................................................................................... 3, 4, 5, 6
    § 1509 ......................................................................................................... 3, 5, 6, 10
    § 1509 (b) ............................................................................................................. 5, 6
    § 1509 (b)(2) ............................................................................................................ 6
    § 1509 (b)(3) ............................................................................................................ 6
    § 1509(c) .................................................................................................................. 4
    § 1521(a)(4) .......................................................................................................... 4, 5
    § 1521(a)(5) ........................................................................................................ 4, 5, 6

Federal Rules of Civil Procedure
    Rule 24 ......................................................................................................... 3, 5, 7, 9
    Rule 24(a) ............................................................................................................ 7, 8
    Rule 24(b) .......................................................................................................... 7, 10
    Rule 24(b)(1)(A) ...................................................................................................... 9

**Other Authorities**

UNCITRAL Model Law on Cross Border Insolvency with Guide to Enactment and
    Interpretation, (2014), Art. 108.Art. 108 ................................................................. 6

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 3, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, Movant, Mr. Nobuaki Kobayashi, duly appointed Foreign Representative in the case of In re: MtGox Co., Ltd. (a/k/a MtGox KK), U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division, Case No. 14-31229-sgj15, hereby respectfully moves for "direct access" pursuant to 11 U.S.C. § 1509 and for intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure.

The Motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Verified Answer to First Amended Verified Complaint for Forfeiture *In Rem* attached as Exhibit "A" hereto, the Declaration of Stephen R. Cook attached as Exhibit "B" hereto, the complete file and pleadings in this matter, and on such other matters which the Court properly may consider at the time of the hearing.

DATED: April 22, 2021                    BROWN RUDNICK LLP

By: _____
David J. Molton
Seven Times Square
New York, New York 10036
Telephone (212) 209-4800
Fascimile (212) 209-4801

and

Stephen R. Cook
2211 Michelson Drive
Irvine, California 92612
Telephone (949) 752-7100
Fascimile (949) 252-1514

*Counsel for Nobuaki Kobayashi, in his capacity as the Civil Rehabilitation Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. <u>PRELIMINARY STATEMENT</u>

Proposed intervenor, Mr. Nobuaki Kobayashi, is the Japanese court-appointed Foreign Representative and Trustee of the MtGox bitcoin exchange civil rehabilitation proceedings (*i.e.*, Japanese restructuring proceedings). In connection with such role, Mr. Kobayashi is tasked with the collection and distribution to creditors of any assets of the MtGox estate, including such assets as may be sited in the United States. Because the proceedings before this Court may bear on the MtGox estate's assets, and thus, Mr. Kobayashi's duties to the estate, Mr. Kobayashi seeks to intervene pursuant to Chapter 15 of the United States Bankruptcy Code and the Federal Rules of Civil Procedure. For the reasons set forth below, the Foreign Representative's motion for "direct access" (pursuant to Chapter 15) and to intervene should be granted, primarily because the Foreign Representative has reason to believe—but currently lacks the required information—that a material portion of the bitcoin subject to the Government's warrant was once stolen from the now-defunct MtGox bitcoin exchange and thereby constitutes the property of MtGox. *See* Fed. R. Civ. P. 24; 11 U.S.C. § 1509. The Foreign Representative respectfully requests that this Court grant its motion; the Foreign Representative reserves all rights regarding the proper vehicle for the identification and distribution of any property deemed to be property of the MtGox's estate. Attached as Exhibit A is the Foreign Representative's proposed answer to the Government's forfeiture complaint.

2. <u>FACTUAL BACKGROUND</u>

Nobuaki Kobayashi, the proposed intervenor and applicant for "direct access" and comity pursuant to Section 1509 of Chapter 15 of the U.S. Bankruptcy Code is, is the Japanese court-appointed Trustee and Foreign Representative (the "**Foreign Representative**") in the Second Civil Rehabilitation Proceedings of MtGox Co., Ltd. (a/k/a MtGox KK) before the Twentieth Civil Division of the Tokyo District Court, Japan ("**MtGox**" or the "**MtGox Estate**"), which has been recognized as a "Foreign Main Proceeding" by the U.S. Bankruptcy Court for the Northern District of Texas. *See In re: MtGox Co., Ltd. (a/k/a MtGox KK)*, U.S. Bankruptcy Court for the

3

Northern District of Texas, Dallas Division, Case No. 14-31229-sgj15, [Dkt. No. 151], as modified on December 11, 2018 [Dkt No. 194] (the "**Recognition Order**").[1]  In connection with such recognition, the U.S. Bankruptcy Court provided the Foreign Representative with, among other things, the "full protections and rights enumerated under sections 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code," and authorized the Foreign Representative to "take all actions necessary to effectuate the relief granted pursuant to this Order."  *See id.* [Dkt. Nos. 151, 194] (citing 11 U.S.C. §§ 1515, 1517(b)(1), 1520, 1521(a)(4), and 1521(a)(5).

In the years since the Northern District of Texas granted the Foreign Representative official recognition under Chapter 15, the Foreign Representative has been tasked with overseeing the collection of the U.S. sited assets in which MtGox had or has property interests in for their transfer and distribution in the Foreign Main Proceeding in Japan to MtGox's creditors.  Relevant to the proceedings before this Court, are the interactions or the lack thereof (albeit through no fault of the Foreign Representative) between the Foreign Representative and the U.S. Attorney's Office for the Northern District of California (the "**Government**").  As early as October 3, 2019 the undersigned counsel to the Foreign Representative contacted Government prosecutors in charge of two pending matters concerning property of the MtGox Estate, namely, pending civil and criminal proceedings that the Government had brought against Alexander Vinnik and BTC-e[2], both pending in this District, in an effort to gain further information about the extent to which the Government had seized property from Vinnik and/or BTC-e, in which the Foreign Representative would have a property interest on behalf of creditors of the MtGox Estate.  *See* Declaration of

---

[1]  A certified copy of the prevailing Recognition Order is attached as Exhibit C herewith, as required by Section 1509(c) of Chapter 15 of the United States Bankruptcy Code.

[2]  Both cases stem from Vinnik's alleged operation of an unlicensed money service business, an alleged conspiracy to commit money laundering, money laundering, and engagement in unlawful monetary transactions. The criminal case seeks forfeiture of wrongfully obtained assets, and the civil case seeks the imposition of civil monetary penalties.  And in both case's Vinnik had allegedly stolen bitcoin from MtGox.  *See* USA v. BTC-e a/k/a CANTON BUSINESS CORP., and ALEXANDER VINNIK (4:19-cv-04281-KAW); and USA v. BTC-E A/K/A CANTON BUSINESS CORPORATION, and ALEXANDER VINNIK (16-cr-00227-SI).

4

MOTION FOR DIRECT ACCESS AND INTERVENTION
3:20-cv-07811-RS United States of America v. Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG) Bitcoin SV (BSV) and Bitcoin Cash (BCH)
63979242 v8-WorkSiteUS-000002/4034

Stephen R. Cook, Exhibit B ("**Cook Declaration**").    These efforts to open a dialogue with the Government prosecutors failed, as the Government failed to respond to the Foreign Representative. *See id.* As recently as October 2020, the Foreign Representative sent additional correspondence—this time with specific draft document requests—to the Government prosecutors inviting further discussion. Again, the Government ignored these communications as well. *Id.*[3]

While the proceedings against Vinnik and BTC-e may be unrelated to the current case before this Court, the Foreign Representative now has reason to believe that the property at issue in these proceedings is that which the MtGox Estate has actual and identifiable property interests. At this juncture, however, the Foreign Representative lacks the information required, due in large part to the lack of communication by the Government, relating to whether the bitcoin subject to the Government's warrant was once stolen from the now-defunct MtGox bitcoin exchange.   And now, the Government seeks to lay claim to assets that were the precise subject matter of the Foreign Representative's prior document requests, *i.e.*, bitcoin seized by the Government which may be the property of MtGox.

For the reasons set forth below, the Foreign Representative should be permitted to participate in these proceedings, pursuant to (i) Section 1509 of Chapter 15 of the U.S. Bankruptcy Code, 11 U.S.C. § 1509(b), (ii) Rule 24 of the Federal Rules of Civil Procedure, and/or (iii) the granting of leave by this Court to file a notice of claim in this proceeding on behalf of the MtGox Estate.   At bottom, the Foreign Representative should be provided with the opportunity to assert property interests in any bitcoin that belongs to the MtGox Estate, obtain further information from the Government, and reserve its rights with respect to whether this proceeding is the proper vehicle through which any MtGox property interests should be handled or, indeed, extinguished.

/ / /

/ / /

---

[3] On March 26, 2021, counsel to the Foreign Representative formally served the Government with a subpoena and set of document requests further detailing its specific informational requests regarding the Government's pending litigation concerning the MtGox Estate. *Id.*

3. <u>ARGUMENT</u>

    A.    <u>The Foreign Representative Should be Permitted to Participate Pursuant to Chapter 15, Section 1509(b) of the United States Bankruptcy Code</u>

The first issue is whether the Court should grant the Foreign Representative "direct access" and comity to participate in this case—and the answer is "yes."

Section 1509(b) of Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 1509 (b), provides that "the foreign representative may apply directly to a court in the United State for appropriate relief in that court," *id.* § (b)(2), and that a "court in the United States shall grant comity or cooperation to the foreign representative," *id.* § (b)(3). "Recognition of the foreign representative and the foreign proceeding as a foreign main proceeding provides the foreign representative with the right of direct access to courts in the United States, 11 U.S.C. § 1509, and, additionally, among other things, permits the court to entrust the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative, 11 U.S.C. § 1521(a)(5)." *In re Foreign Econ. Indus. Bank Ltd., "Vneshprombank" Ltd.*, 607 B.R. 160, 174 (Bankr. S.D.N.Y. 2019). Further, "[n]othing in the statute requires prior judicial permission for acts that do not implicate matters of comity or cooperation by courts . . . . The Foreign Representative need not obtain any order from the bankruptcy court recognizing his authority as trustee to act on any rights, interests and titles of the [MtGox] bankruptcy estate." *Id*. (quoting *In re Iida*, 377 B.R. 243, 258–59 (9th Cir. BAP 2007)). Indeed, the Model Law upon which Chapter 15 of the United States Bankruptcy Code provides that "an important objective of the Model Law is to provide expedited and direct access for foreign representatives to the courts [of the United States]." *See* UNCITRAL Model Law on Cross Border Insolvency with Guide to Enactment and Interpretation, (2014), Art. 108. "Chapter 15 and the Model Law are designed to optimize disposition of international insolvencies by facilitating appropriate access to the court system of a host country (the United States, in the case of Chapter 15) by a representative of an insolvency proceeding pending in a foreign country. If access is granted, then a wide range of

/ / /

relief from the host country's courts may be available." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008).

The forfeiture action currently proceeding before this Court is precisely the type of action to which the Trustee may seek comity and apply for "direct access." This Court is being asked to address a basic dispute that bears directly on the Foreign Representative's court authorized duties, mainly the identification of (i) from which entity/individual was the bitcoin stolen, (ii) when the bitcoin was stolen, and (iii) whether the bitcoin subject to the warrant was originally stolen from MtGox, and (iv) generally, who or what entities have protectable property interests in the bitcoin as a result of the preceding.

Therefore, this Court should grant the Foreign Representative's motion for direct access. Further, this Court should grant comity to the Foreign Representative—and by extension, the Japanese court presiding over the Japanese MtGox civil rehabilitation proceedings—to the extent that there exists an open question as to whether the assets subject to the Government's warrant concerns assets of the MtGox Estate.

B. <u>The Foreign Representative Should be Permitted to Intervene Pursuant to FRCP 24</u>

In the alternative, and in addition to the Foreign Representative's rights under Chapter 15's Section 1509 set forth above, the second issue is whether the Foreign Representative should be permitted to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. So too here: the answer is "yes."

Rule 24 provides for intervention both as of right, and permissively. *See* Fed. R. Civ. P. 24(a) and (b). An applicant for intervention as of right must establish four elements:

> (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to ... the subject of the action" [;] (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

/ / /

/ / /

*Scholl v. Mnuchin*, No. 20-CV-05309-PJH, 2021 WL 84487, at *4 (N.D. Cal. Jan. 11, 2021) (citing Rule 24(a)(2); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016)). Rule 24(a) provides the Foreign Representative the right to intervene.

      **First**, the Foreign Representative's motion is timely.   As an initial matter, the proceedings are still in their early stages, there has been no discovery or dispositive motion practice thus far, and several purported claimants, as of April 22, 2021, have answered the Government's complaint.   And as a more practical matter, the Government did not provide notice to the Foreign Representative of these proceedings.   In forfeiture proceedings courts have indeed been mindful of Government caused delays with respect parties filing "late" claims or motions. *See U.S. v. All Funds on Deposit at Citigroup Smith Barney Account*, 617 F. Supp. 2d 103 (E.D.N.Y. 2007) (exercising discretion to allow for claimant in forfeiture proceeding to file claim, considering "[th]e time the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.").   Here, the Foreign Representative has put the Government on notice—multiple times—with respect to its interests in property that may relate to the MtGox Estate. Further, there is no prejudice to the Government if this Court grants the Foreign Representative's motion because, if anything, the Foreign Representative may facilitate the resolution and any subsequent distribution of property that properly belongs to the MtGox Estate.   Finally, the Foreign Representative has acted promptly as soon as it became aware that the bitcoin subject to the Government's warrant may have once been stolen from the MtGox exchange.[4]

---

[4] As a practical matter, the forfeiture complaint does not mention "MtGox," nor does it elaborate on the history of the bitcoin subject to the warrant, thus providing little to no information about the bitcoin's history—something which, in the normal course, is difficult to track, unlike traditional forms of property.   Thus, the Foreign Representative would have little to no way of knowing (footnote continued)

     **Second**, the Foreign Representative has a "significantly protectable" interest relating to the subject of the action. The Foreign Representative has a court-authorized interest in determining the extent to which the claimed property belongs to the MtGox Estate, and obtaining further information from the Government with respect to the prior ownership—rightful or wrongful—of the property subject to the warrant. **Third**, the Foreign Representative is "so situated that the disposition of the action" will impair or impede the Foreign Representative's ability to protect the MtGox Estate's interests. As explained above, the Foreign Representative is tasked with the identification, collection and distribution of any and all assets of the MtGox Estate, and accordingly, has an interest in participating in these proceedings: any bitcoin that was stolen from MtGox must be (i) identified, and (ii) returned to the MtGox Estate. **Fourth**, the Foreign Representative's interests are not adequately protected by the current parties in the action before this Court. There are no parties currently in the case that adequately protect the interests of the Foreign Representative nor the MtGox Estate—including the Gox Victim Bitcoin Trust, *see* Dkt. Nos. 43, 61—and in any event, the Foreign Representative is the proper vehicle through which any creditors of the MtGox Estate may seek recovery of MtGox property.

     Alternatively, an applicant for permissive intervention must demonstrate that the proposed intervenor "'have a question of law of fact in common' with the underlying action, that the request be timely made, and that the court have an independent basis for jurisdiction over the proposed intervenor's claims." *See id*. (citing Rule 24(b)(1(B)). Further, the court may permit "anyone" to intervene who "is given a conditional right to intervene by a federal statute." *See* Rule 24(b)(1)(A). Generally, courts normally follow "'practical and equitable considerations' and construe Rule 24 'broadly in favor of proposed intervenors.'" *Id.* (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).

---

whether such bitcoin is MtGox Estate property. But the Foreign Representative has attempted to open a dialogue with the Government prosecutors multiple times to alert the Government of its interest in the Office's bitcoin related civil and criminal cases in the Northern District of California. In any event, the Government has contributed to the cause of any such "delay," to the extent that the Foreign Representative's motion is construed as untimely.

1  Rule 24(b) also provides a basis for the Foreign Representative's intervention. To the extent that Section 1509 is not plainly a "right to intervene by a federal statute," the Foreign Representative, in its posture as the Trustee over the MtGox Estate, has the statutory rights to obtain any such property of the MtGox Estate—here, bitcoin allegedly stolen from MtGox.

4.  CONCLUSION

For the reasons set forth herein, this Court should grant the Foreign Representative's motion for direct access, and in the alternative, its motion to intervene in these proceedings.

DATED: April 22, 2021                Respectfully submitted,

                                     BROWN RUDNICK LLP

                                     By: _____
                                         David J. Molton
                                         Seven Times Square
                                         New York, New York 10036
                                         Telephone (212) 209-4800
                                         Fascimile (212) 209-4801

                                     and

                                     Stephen R. Cook
                                     2211 Michelson Drive
                                     Irvine, California 92612
                                     Telephone (949) 752-7100
                                     Fascimile (949) 252-1514

                                     *Counsel for Nobuaki Kobayashi, in his capacity as the Civil Rehabilitation Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*