# EXHIBIT A

1  BROWN RUDNICK LLP
   David J. Molton, #262075
2  dmolton@brownrudnick.com
   Seven Times Square
3  New York, NY 10036
   Telephone:   (212) 209-4800
4  Facsimile:   (212) 209-4801

5  BROWN RUDNICK LLP
   Stephen R. Cook, #204446
6  scook@brownrudnick.com
   2211 Michelson Drive, 7th Floor
7  Irvine, CA 92612
   Telephone:   (949) 752-7100
8  Facsimile:   (949) 252-1514

9  Attorneys for Nobuaki Kobayashi, in his
   capacity as the Civil Rehabilitation Trustee and
10 Foreign Representative of MtGox Co., Ltd., a/k/a
   MtGox KK
11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  United States of America, | Civil Action No.3:20-cv-07811-RS |
| 16           Plaintiff, | **VERIFIED ANSWER TO FIRST AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| 17       vs. | |
| 18  Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG) Bitcoin SV (BSV) and Bitcoin Cash (BCH), | Case filed: November 5, 2020 |
| 19  | FAC Filed: November 20, 2020 |
| 20           Defendants. | Trial Date: TBD |
| 21  Nobuaki Kobayashi, as Chapter 15 Trustee and Foreign Representative of Japanese Second Rehabilitation Proceedings of MtGox Co., Ltd, | **DEMAND FOR JURY TRIAL** |
| 22  | |
| 23           Claimant. | |

Claimant Mr. Nobuaki Kobayashi, as Trustee and Foreign Representative ("**Claimant**") in the Second Rehabilitation Proceedings of MtGox Co., Ltd. ("**MtGox**" or the "**MtGox Estate**"),[1] by and through his undersigned counsel, hereby files his verified answers and affirmative defenses to Plaintiff's first amended verified complaint ("**Complaint**"), Docket No. 8, filed on November 20, 2020:

## NATURE OF THE ACTION

1. This paragraph does not contain any substantive allegations requiring a response. To the extent that a response is required, Claimant admits that this is a judicial, *in rem*, forfeiture action. Claimant further admits that the United States alleges herein to have seized approximately 69370.22491543 in Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "Property"). Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 1 of the Complaint. Claimant believes that Claimant has a legitimate interest in the Property and denies those interests are subject to forfeiture in this action.

## JURISDICTION AND VENUE

2. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Claimant denies that this Court has Jurisdiction over the defendant property as alleged in the Complaint.

3. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Claimant denies that venue is proper in the Northern District of

---

[1] The Japanese Second Rehabilitation Proceedings have been recognized as a "Foreign Main Proceeding" by the U.S. Bankruptcy Court for the Northern District of Texas. Further, the Northern District of Texas has granted the Foreign Representative's verified petition for recognition and Chapter 15 relief. *See* [Dkt. No. 151], Case 14-31229-sgj15 (6/19/14), as modified on December 11, 2018 [Dkt No. 194].

California because the Plaintiff received a digital transfer of the Defendant Bitcoin while in the Northern District of California, for purposes of seizure, as alleged in the Complaint.

4. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Claimant denies that intra-district venue is proper in the San Francisco Division within the Northern District of California, as alleged in the Complaint.

## PARTIES

5. Claimant admits that Plaintiff is the United States of America as alleged in paragraph 5 of the Complaint.

6. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

8. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.

9. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.

10. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint.

11. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

12. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint.

13. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint.

14. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint.

16. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 of the Complaint.

18. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint.

19. Claimant admits that according to the public blockchain the Property remained in the 1HQ3 account until November of 2020. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 19 of the Complaint, including footnote No.1.

20. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 20 of the Complaint that the government searched for and observed a specific balance in the 1HQ3 wallet at some point prior to the Government's seizure. Claimant admits the remaining allegations in paragraph 20 of the Complaint.

21. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint.

22. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint.

23. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint.

24.   Claimant admits that Plaintiff received a digital transfer delivering the Property. Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 24 of the Complaint.

### VIOLATION

Claimant incorporates by reference his answers to the allegations in paragraphs 1 through 24 above.

With respect to the five unnumbered allegations in the Complaint, the allegations in these paragraphs contain proposed findings of law, legal conclusions, and a prayer for relief to which no response is required. To the extent a response is required, Claimant denies sufficient knowledge to form a belief as to the truth or falsity of the allegations in such paragraphs. Furthermore, Claimant believes, upon information and belief, that Claimant has a legitimate interest in the Property and denies those interests are subject to forfeiture in this action. Claimant further denies the alleged crime of Computer Hacking is properly pleaded in the amended complaint for *in rem* forfeiture. Unless specifically admitted by Claimant all allegations are denied, and Claimant avers that Claimant is the proper vehicle through which any property of the MtGox Estate is to be collected.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The amended complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

**(Innocent Owner)**

Claimant is an innocent owner of a portion of the Property pursuant to 18 U.S.C. § 983 and other applicable law.

### THIRD AFFIRMATIVE DEFENSE

### (Constructive Trust)

Claimant has the right to possess, and an interest in, a portion of the Property, which right is traceable to the Property, and which Property was stolen or otherwise wrongfully acquired by Individual X or another unknown third party.

### FOURTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

The Court lacks jurisdiction over the Property, as alleged in Plaintiff's *in rem* forfeiture claim.

### FIFTH AFFIRMATIVE DEFENSE

### (Venue)

The Venue chosen by Plaintiff is neither proper nor convenient.

### SIXTH AFFIRMATIVE DEFENSE

### (Eighth Amendment)

Forfeiture of the defendant property would constitute a violation of the Eighth Amendment to the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defenses and Reservation)

Claimant may learn of additional facts and defenses during discovery in this matter. Claimant thus reserves his right to amend these answers and the affirmative defenses.

### PRAYER FOR RELIEF

1. That Plaintiff's prayer for relief in the form of the forfeiture of the Defendant be denied at least with respect to the portion owned by Claimant.

2. That Claimant be awarded its costs incurred in defending a portion of the Property as permitted by law, including but not limited to reasonable attorney's fees; and.

3. For such other relief as the Court deems proper.

### JURY DEMAND

Claimant hereby demands a jury on all triable issues and defenses.

Dated:  April 22, 2021                    Respectfully submitted,

                                            **BROWN RUDNICK LLP**

                                            By: _____
David J. Molton
Seven Times Square
New York, New York 10036
Telephone (212) 209-4800
Fascimile (212) 209-4801

*and*

Stephen R. Cook
2211 Michelson Drive
Irvine, California 92612
Telephone: (949) 752-7100
Fascimile: (949) 252-1514

*Counsel for Nobuaki Kobayashi, in his capacity as the Civil Rehabilitation Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*