Exhibit B

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DAVID COUNTRYMAN (CABN 226995)
   CHRIS KALTSAS (NYBN 5460902)
5  CLAUDIA QUIROZ (CABN 254419)
   WILLIAM FRENTZEN (LABN 24421)
6  Assistant United States Attorneys

7        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
8        Telephone: (415) 436-436-7428
         FAX: (415) 436-7234
9        claudia.quiroz@usdoj.gov

10 Attorneys for United States of America

11               UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15 UNITED STATES OF AMERICA,          )  CASE NO. CV 20-7811 RS
                                      )
16         Plaintiff,                 )  DECLARATION OF CLAUDIA QUIROZ IN
                                      )  SUPPORT OF UNITED STATES' MOTION TO
17    v.                              )  STRIKE CLAIMANT ROMAN HOSSAIN'S CLAIM
                                      )
18 Approximately 69,370 Bitcoin (BTC), Bitcoin )
   Gold (BTG), Bitcoin SV (BSV), and Bitcoin )
19 Cash (BCH) seized from             )
   1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx )
20                                    )
                                      )
21         Defendant.                 )

22         I, CLAUDIA QUIROZ, being duly sworn, depose and state:

23         1.      I am an Assistant United States Attorney in the Northern District of California.  I am

24 an attorney of record in the above-referenced matter.  I respectfully submit this declaration in Support

25 of the United States' Motion to Strike Claimant Roman Hossain's Claim.

26         2.      Attached hereto as Exhibit 1 is a true and correct copy of the United States' Special

27 Interrogatories for Roman Hossain, Set No. 1, served on Yasin M. Almadani, counsel for Roman

28 Hossain on February 11, 2021.

DECLARATION OF CLAUDIA QUIROZ          1
CASE NO. CV 20-7811 RS

3.      Attached hereto as Exhibit 2 is a true and correct copy of Roman Hossain's Responses to Plaintiff's Special Interrogatories, served on the government on March 26, 2021 (redacted to omit Mr. Hossain's Personal Identifying Information).

4.      Attached hereto as Exhibit 3 is a true and correct copy of an email dated March 26, 2021 sent by the government to Yasin M. Almadani to address Mr. Hossain's refusal to provide certain information in his responses to the government's Special Interrogatories.

5.      Attached hereto as Exhibit 4 is a true and correct copy of a letter dated April 4, 2021 from Yasin M. Almadani in response to the government's email dated March 26, 2021.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed this 29th day of April 2021 in San Francisco, California.


                                                _Claudia Quiroz_____
                                                CLAUDIA QUIROZ
                                                Assistant United States Attorney

# Exhibit 1

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DAVID COUNTRYMAN (CABN 226995)
   CLAUDIA QUIROZ (CABN 254419)
5  CHRIS KALTSAS (NYBN 5460902)
   WILLIAM FRENTZEN (LABN 24421)
6  Assistant United States Attorneys

7       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
8       Telephone: (415) 436-7303
        FAX: (415) 436-7234
9       david.countryman@usdoj.gov

10 Attorneys for United States of America

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14 UNITED STATES OF AMERICA,              )  CASE NO. 20-CV-07811 RS
                                          )
15             Plaintiff,                 )  SPECIAL INTERROGATORIES FOR
                                          )  ROMAN HOSSAIN, SET NO. 1
16       v.                               )
                                          )
17 Approximately 69,370 Bitcoin (BTC), Bitcoin )
   Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash )
18 (BCH) seized from                      )
   1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx;    )
19                                        )
                                          )
20             Defendant.                 )
                                          )
21 _____    )

22

23 PROPOUNDING PARTY:    Plaintiff United States of America

24 RESPONDING PARTY:     Claimant Roman Hossain

25 SET NUMBER:           One

26

27       PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, Supplemental Rule

28 G(6), plaintiff United States of America requests claimant, Roman Hossain, to answer each of the

                                                                                           1
SPECIAL INTERROGATORIES NO. 1

following interrogatories separately, in writing and under oath, as prescribed by Rule 33 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 33, and to produce the requested documents, all within 21 days, at the Office of the United States Attorney, 9th Floor, 450 Golden Gate Avenue, San Francisco, California.

## I.     INSTRUCTIONS AND DEFINITIONS

### A.     Instructions for Answering Interrogatories

1.      In answering these interrogatories, please furnish all information available to you, including information in the possession of your attorney(s) or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge.  If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying why you are unable to answer the remainder, describing the efforts you have made to answer, and stating whatever information or knowledge you have concerning the unanswered portions.

2.      When your answer to any interrogatory is based in whole or in part upon information supplied by a person other than yourself, please specifically so state as part of your answer to that interrogatory and identify that person's name, address, and employment or other relationship to you.

3.      When your answer to any interrogatory is based in whole or in part upon any document, as defined above, or other tangible thing, please specifically so state as part of your answer to that interrogatory and identify the document or tangible thing.

4.      When any interrogatory contains a term included in the words defined below in the subpart B, "Definitions," give to that term the meaning set forth for that term.

5.      These interrogatories shall be deemed to be continuing to the extent set forth in Rule 26(e), Federal Rules of Civil Procedure.  In the event information not provided in the original answers to these interrogatories, which information is of a type referred to in Rule 26(e)(1) or (2), Federal Rules of Civil Procedure, becomes personally known to claimant, or available to him through their attorney or other agent(s), a supplemental answer in writing and under oath setting forth that additional information is to be served upon plaintiff's undersigned attorneys within ten (10) days from the time such information becomes known.

SPECIAL INTERROGATORIES NO. 1

2

6.     If you object to any interrogatory or request for production on the ground that it is oppressive or burdensome, please state:

     a.     How many hours it would take to compile the information necessary to answer it;

     b.     How many documents or files would have to be searched;

     c.     Where those documents or files are located; and

     d.     How much it would cost to answer the interrogatory or produce the documents.

7.     If you object to any interrogatory or request for production on the basis of privilege, please comply with the requirements in Rule 26(b)(5).  State separately state for each such objection the statutory or other basis of the claim of privilege as well as your reasons for believing that the alleged justification is applicable.  In addition, describe generally the subject matter of the document and identify each person who has ever had possession, custody, or control of the document or any copy thereof.  If the basis the claim is that the document is protected by the work product doctrine, identify the proceeding for which the document was prepared.

8.     If you lack the information necessary to answer any of the interrogatories or provide documents, please describe the specific efforts made by you or anyone on your behalf to ascertain the information and state as definitively as possible when you anticipate obtaining the information and supplementing your response.

**B.     Definitions**

9.     The term "document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, medical records, printouts, computerized data, email, letters, purchase orders, invoices, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures and any electronic, carbon or photographic copies of any such material if you do not have custody or control of the original.

10.     Where an interrogatory requests you to "identify" a document, the term "identify" means that you are to state the following information about each and every responsive document:

     a.     The date of the document and the type of document, e.g., letter, memorandum, note;

     b.     The name, present business address and position of its author or authors or, if the present

SPECIAL INTERROGATORIES NO. 1

3

business address or position is unknown, state the person's last known business, address and position;

    c.    The name, present or last known business address and position of its addressee and all other recipients of the document; and

    d.    A general description of the subject of the document.

    11.    If any document requested to be "identified" or produced was, but is no longer in your possession or control or is no longer in existence, state whether it is:

    a.    Missing or lost;

    b.    Destroyed;

    c.    Transferred voluntarily or involuntarily to others and, if so, to whom, and at what address; or

    d.    Otherwise disposed of and, if so, how it was disposed of.

In each such instance explain the circumstances surrounding an authorization for such disposition of the document and state the proximate date of such disposition.

    12.    A document or oral communication "refers" or "relates" to a certain subject or thing if it discusses, mentions, describes, refers to, relates to, explains, embodies or pertains to that subject or thing.

    13.    The term "person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

    14.    The term "identify" or "identity" when used in connection with a person means that you should state the following information about the "person":

    a.    Name;

    b.    Present or last known address;

    c.    Telephone number; and

    d.    Email address.

    15.    The term "identify" or "identity" when used in connection with a person which is a legal entity such as a corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity means that you should state the following information about the "person":

SPECIAL INTERROGATORIES NO. 1

1          a.      Name;

2          b.      Present or last known address;

3          c.      Telephone number; and

4          d.      Email address.

5      16.    The term "you" or "your" when used in this document refers to claimant in this action,

6  Roman Hossain.

7      17.    The term "defendant Bitcoin" or "defendant property" when used in this document refers

8  to the defendant in this action, which is approximately 69,370 Bitcoin, Bitcoin Gold, Bitcoin SV, and

9  Bitcoin Cash.

10

11  **II.     INTERROGATORIES**

12  **Special Interrogatory No. 1:** State your full name for all names by which you are or have been known,

13  including any and all aliases.

14

15  **Special Interrogatory No. 2:** State your Social Security Number and all Social Security Numbers you

16  have used.

17

18  **Special Interrogatory No. 3:** List all Alien Registration Numbers you have been assigned or you have

19  used.

20

21  **Special Interrogatory No. 4:** State the extent and describe with particularity the nature of your

22  possessory interest in the defendant Bitcoin.

23

24  **Special Interrogatory No. 5:** State the extent and describe with particularity the nature of your

25  ownership interest in the defendant Bitcoin.

26

27  **Special Interrogatory No. 6:**  On what date(s) did you obtain your interest in the defendant Bitcoin?

28

**Special Interrogatory No. 7:**  Identify the person(s) from whom you obtained your interest in the defendant Bitcoin.

**Special Interrogatory No. 8:**  Describe the circumstances of each transaction by which you acquired or obtained any possessory interest in the defendant Bitcoin.

**Special Interrogatory No. 9:**  Describe the circumstances of each transaction by which you acquired or obtained any ownership interest in the defendant Bitcoin.

**Special Interrogatory No. 10:**  Explain the reason(s) for obtaining your interest in the defendant Bitcoin.

**Special Interrogatory No. 11:**  Identify the name, account number, email address, and any other identifier associated with any account held by you at the Mt. Gox Exchange.

**Special Interrogatory No. 12:**  Identify the name, account number, email address, and any other identifier associated with the account or accounts held by you at the Mt. Gox Exchange from which the Bitcoins you are claiming were allegedly stolen.

**Special Interrogatory No. 13:**  Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraph 5 of your claim that you held 245.98124 BTC at the Mt. Gox Exchange.

**Special Interrogatory No. 14:**  List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraph 5 of your claim that you held 245.98124 BTC at the Mt. Gox Exchange.

**Special Interrogatory No. 15:**  Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraphs 2 and 6 of your claim that the hacked Bitcoins from the Mt. Gox Exchange (including those you are claiming) were transferred from Mt. Gox to Silk Road.

**Special Interrogatory No. 16:**  List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraphs 2 and 6 of your claim that the hacked Bitcoins from the Mt. Gox Exchange (including those you are claiming) were transferred from Mt. Gox to Silk Road.

**Special Interrogatory No. 17:**  List each and every document evidencing, recording, facilitating, or otherwise indicating each transaction you made using your wallet at the Mt. Gox Exchange between March 1, 2012 and April 9, 2013.

**Special Interrogatory No. 18:**  Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraph 4 of your claim that "[o]n or before March 1, 2012, you opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC."

**Special Interrogatory No. 19:**  List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraph 4 of your claim that "[o]n or before March 1, 2012, you opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC."

**Special Interrogatory No. 20:**  Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraph 4 of your claim that you purchased BTC on the Mt. Gox Exchange after opening your account in March 2012.

**Special Interrogatory No. 21:**  List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraph 4 of your claim that you purchased BTC on the Mt. Gox Exchange after opening your account in March 2012.

**Special Interrogatory No. 22:**  List each and every document evidencing, recording, facilitating, or otherwise relating to any transaction identified in response to Special Interrogatory No. 4.

**Special Interrogatory No. 23:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 4.

**Special Interrogatory No. 24:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 5.

**Special Interrogatory No. 25:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 6.

**Special Interrogatory No. 26:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 7.

**Special Interrogatory No. 27:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 8.

**Special Interrogatory No. 28:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 9.

**Special Interrogatory No. 29:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 10.

**Special Interrogatory No. 30:**  List each and every document evidencing, recording, facilitating, or otherwise relating to any transaction identified in response to Special Interrogatory No. 11.

**Special Interrogatory No. 31:** List each and every document evidencing, recording, facilitating, or otherwise relating to any transaction identified in response to Special Interrogatory No. 12.

*   *   *   *   *

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: February 11, 2021

_____/s/_____
CLAUDIA QUIROZ
CHRIS KALTSAS
Assistant United States Attorneys

SPECIAL INTERROGATORIES NO. 1

9

Exhibit 2

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

Attorney for Claimant Roman Hossain

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    vs.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>          Defendant.<br><br>_____<br><br>ROMAN HOSSAIN,<br><br>          Claimant. | Case No. CV 20-7811 RS<br><br>**CLAIMANT ROMAN HOSSAIN'S OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S SPECIAL INTERROGATORIES TO CLAIMANT ROMAN HOSSAIN PURSUANT TO RULE G (SET ONE)** |

PROPOUNDING PARTY:    PLAINTIFF UNITED STATES OF AMERICA

RESPONDING PARTY:    CLAIMANT ROMAN HOSSAIN

SET NUMBER:          ONE

/ / /

/ / /

**TO PLAINTIFF UNITED STATES OF AMERICA AND THEIR ATTORNEYS OF RECORD:**

Claimant Roman Hossain ("Claimant" or "Responding Party") hereby submits this response to the Interrogatories served pursuant to Rules 26, 33, and Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims, Set No. One, propounded by Plaintiff United States of America ("Plaintiff" or "Propounding Party"), as follows:

## I.   PRELIMINARY STATEMENT.

Responding Party has not completed investigation and discovery in this matter, and has not completed preparation for trial.  The following responses are based on Responding Party's knowledge as of the date of these responses, and are limited to information currently available to Responding Party after reasonable and diligent investigation.  The responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered facts and/or documents.  Responding Party will respond to each Interrogatory as he understands and interprets the Interrogatory.  If Propounding Parties assert an interpretation of a specific Interrogatory that differs from that of Responding Party, Responding Party reserves his right to change and/or supplement his objections and/or responses.  In addition, Responding Party will produce information in this matter only after a detailed Protective Order is entered that contains adequate confidentiality protections for the information demanded.

## II.   GENERAL OBJECTIONS AND QUALIFICATIONS.

The following General Objections are in addition to, and are incorporated in, each of the Specific Responses set forth in Part III below:

1.   Responding Party objects to these Interrogatories to the extent they attempt to impose obligations upon the Responding Party other than those imposed or authorized by the Federal Rules of Civil Procedure, including as to the source of documents and including furnishing materials outside of his possession or control or providing settlement materials. In addition, this set of Interrogatories is generally overbroad and premature because it goes beyond the restricted scope of Rule G(6) interrogatories permitting limited discovery on

"claimant's identity and relationship to the defendant property" for purposes of determining standing. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules.

2. Responding Party objects to these Interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, privacy protections under state or federal law, and/or that are otherwise immune or protected from disclosure. Responding Party does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in connection with these Interrogatories; on the contrary, Responding Party specifically intends to preserve any and all applicable protections or privileges.

3. Inadvertent production of any document in connection with these Interrogatories by Responding Party shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document, any other document, to the subject matter thereof, or any information contained therein; nor shall such inadvertent production waive Responding Party's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4. Responding Party objects to these Interrogatories to the extent they purport to require, in connection with these Interrogatories, an expert opinion or production of documents, notes, charts, photos, and/or other document summary prepared by an expert.

5. Responding Party objects to these Interrogatories as overly broad and unduly burdensome to the extent they purport to seek information or documents without limitation, including without regard to a specific timeframe or date cut-off. Any production of documents by Responding Party in connection with these Interrogatories shall be subject

to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Responding Party that such information or documents are either relevant or admissible.

6.      Responding Party, in connection with these Interrogatories, objects to the Interrogatories to the extent they call for the production of private or personal identifying information protected by the right of privacy guaranteed by the United States and California Constitutions or other information that Responding Party is required to protect pursuant to Federal Law.

7.      Responding Party objects to these Interrogatories to the extent they call for information or documents that are outside of the possession, custody or control of Responding Party, or are in the possession of third parties, and/or in the public domain or otherwise obtainable from some other source that is more convenient, less burdensome, equally available to asking party, or less expensive.

8.      Because of the overly broad nature of these Interrogatories, it is not possible for Responding Party to anticipate all possible grounds for objection with respect to any particular Interrogatory set forth herein.  Responding Party reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## III.    SPECIFIC RESPONSES.

Subject to and without waiving the foregoing General Objections and Qualifications, all of which are incorporated as to each Interrogatory below as though fully stated therein, Responding Party responds as follows:

**OBJECTIONS AND RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

State your full name for all names by which you are or have been known, including any and all aliases.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Responding Party incorporates each of its General Objections set forth above by

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

reference. Responding Party further objects to this Interrogatory on the ground that it seeks information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects that this Interrogatory is overbroad and thus imposes an undue burden on Responding Party to respond to this Interrogatory.

Responding Party objects that this Interrogatory seeks information that constitutes an invasion of Responding Party's privacy.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Roman Hossain, Roman M. Hossain, Roman Muntakim Hossain.

Investigation is continuing and Rule 26 discovery has not commenced. Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 2:**

State your Social Security Number and all Social Security Numbers you have used.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects to this Interrogatory on the ground that it seeks information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects that this Interrogatory is overbroad and thus imposes an undue burden on Responding Party to respond to this Interrogatory.

Responding Party objects that this Interrogatory seeks information that constitutes an invasion of Responding Party's privacy.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows: ███████ . This information should be treated with the utmost confidentiality and is subject to all rules and regulations protecting personally identifying information. This answer should not be filed in a public filing without redaction of Claimant's Social Security Number.

Investigation is continuing and Rule 26 discovery has not commenced. Responding

1   Party reserves the right to supplement and/or amend this Response.

2   **SPECIAL INTERROGATORY NO. 3:**

3   List all Alien Registration Numbers you have been assigned or you have used.

4   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

5   Responding Party incorporates each of its General Objections set forth above by
6   reference. Responding Party further objects to this Interrogatory on the ground that it seeks
7   information that is irrelevant and/or information that is not reasonably calculated to lead
8   to the discovery of admissible evidence.

9   Responding Party objects that this Interrogatory is overbroad and thus imposes an
10   undue burden on Responding Party to respond to this Interrogatory.

11   Responding Party objects that this Interrogatory seeks information that constitutes
12   an invasion of Responding Party's privacy.

13   Subject to, and without waiving the foregoing objections, Responding Party
14   responds as follows: Responding Party is not aware of any Alien Registration Numbers
15   that it has been assigned or has used.

16   Investigation is continuing and Rule 26 discovery has not commenced.  Responding
17   Party reserves the right to supplement and/or amend this Response.

18   **SPECIAL INTERROGATORY NO. 4:**

19   State the extent and describe with particularity the nature of your possessory interest
20   in the defendant Bitcoin.

21   **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

22   Responding Party incorporates each of its General Objections set forth above by
23   reference. Responding Party further objects that this Interrogatory is overbroad and is
24   premature to the extent it requests Responding Party to recite all evidence to support its
25   case.  Responding Party has no such obligation at this early stage of the litigation before
26   fact and expert discovery have been completed. Responding Party further objects to this
27   Interrogatory to the extent it seeks information that constitutes an invasion of Responding
28   Party's privacy.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party believes Responding Party is the original, rightful, and innocent owner of at least 245.92 of the 69,370 Bitcoin ("BTC") seized by the government from Blockchain address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet) that is the subject of this forfeiture action. The BTC belonging to Responding Party was held by Responding Party at the Mt. Gox Exchange, from where it was stolen by hackers and transferred to Silk Road, and stolen again and transferred to the 1HQ3 wallet, from which it was seized by the government.

The Mt. Gox Exchange website was a website on the worldwide web on which the public could openly and legitimately purchase BTC. Many people did so for investment purposes hoping for appreciation over time. On or before March 1, 2012, Responding Party opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC with the hope that Responding Party's BTC investment would appreciate over time. Responding Party thereafter openly and legitimately purchased BTC on the Mt. Gox Exchange for investment purposes, and for no unlawful purpose. During this time, Responding Party graduated from the University of California, Irvine, Paul Merage School of Business with an MBA and was awaiting matriculation to law school. Responding Party's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was 245.98124 BTC, and at least 245.92 BTC was stolen from Responding Party.

Based on information and belief, between 2011 and 2014, the Mt. Gox Exchange experienced several hacks, which resulted in the theft of significant BTC that ended up in Silk Road, from where it was stolen again and transferred to the 1HQ3 wallet as follows: Between May 5, 2012 and April 9, 2013, BTC wallets with Blockchain addresses 1BBqjKsYuLEUE9Y5WzdbzCtYzCiQgHqtPN (the "1BB wallet") and 1BADznNF3W1gi47R65MQs754KB7zTaGuYZ (the "1BAD wallet") received approximately 47,599 BTC and 22,813 BTC, respectively, stolen from Silk Road (*see* First Am Compl. ¶¶ 15-16); these transfers contained mostly, if not entirely, the BTC that was stolen from Mt. Gox Exchange by hackers, which Responding Party believes included

Responding Party's BTC. On April 9, 2013, the stolen BTC was transferred from the 1BB and 1 BAD wallets to the 1HQ3 wallet from which it was seized by the government and is the subject of this forfeiture action. (*Id*. at ¶¶ 18-19, 23.) Responding Party believes that the BTC in the government's possession thus contains the BTC that was stolen from Responding Party, a fact that Mt. Gox actively concealed from Responding Party, as explained further below.

Based on information and belief, between 2011 and 2014, Mt. Gox was actively concealing the fact that its accounts were being hacked and customers' BTC was being stolen and placed into Silk Road. In other words, Mt. Gox ledgers were not accurate, and customers were being deceived with ledgers showing BTC that had been stolen and was gone. Indeed, Mark Marie Robert Karpelès, the former CEO of Mt. Gox Exchange, was prosecuted and found guilty by the Tokyo District Court of falsifying data to inflate Mt. Gox's holdings by $33.5 million to its account holders. The Japanese court found that Karpelès had inflicted massive harm to the trust of his users. Any usage or transfer of the BTC that was stolen from Responding Party by hackers was done without Responding Party's knowledge or consent.

Of the BTC that this the subject of this forfeiture action, Responding Party believes that Responding Party is an innocent owner of at least 245.92 BTC (and all associated past and future BTC forks, including but not limited to BTG, BSV, BCH, etc.), and Responding Party's interest predates and supersedes the government's forfeiture claim. Based on the foregoing, the 245.92 BTC that is the subject of this claim should not be forfeited but returned to Responding Party.

Investigation is continuing and Rule 26 discovery has not commenced. Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 5:**

State the extent and describe with particularity the nature of your ownership interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature to the extent it requests Responding Party to recite all evidence to support its case.  Responding Party has no such obligation at this early stage of the litigation before fact and expert discovery have been completed. Responding Party further objects to this Interrogatory to the extent it seeks information that constitutes an invasion of Responding Party's privacy.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows: Responding Party believes Responding Party is the original, rightful, and innocent owner of at least 245.92 of the 69,370 Bitcoin ("BTC") seized by the government from Blockchain address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet) that is the subject of this forfeiture action. The BTC belonging to Responding Party was held by Responding Party at the Mt. Gox Exchange, from where it was stolen by hackers and transferred to Silk Road, and stolen again and transferred to the 1HQ3 wallet, from which it was seized by the government.

The Mt. Gox Exchange website was a website on the worldwide web on which the public could openly and legitimately purchase BTC. Many people did so for investment purposes hoping for appreciation over time. On or before March 1, 2012, Responding Party opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC with the hope that Responding Party's BTC investment would appreciate over time. Responding Party thereafter openly and legitimately purchased BTC on the Mt. Gox Exchange for investment purposes, and for no unlawful purpose. During this time, Responding Party graduated from the University of California, Irvine, Paul Merage School of Business with an MBA and was awaiting matriculation to law school. Responding Party's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was 245.98124 BTC, and at least 245.92 BTC was stolen from Responding Party.

Based on information and belief, between 2011 and 2014, the Mt. Gox Exchange experienced several hacks, which resulted in the theft of significant BTC that ended up in

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

Silk Road, from where it was stolen again and transferred to the 1HQ3 wallet as follows: Between May 5, 2012 and April 9, 2013, BTC wallets with Blockchain addresses 1BBqjKsYuLEUE9Y5WzdbzCtYzCiQgHqtPN (the "1BB wallet") and 1BADznNF3W1gi47R65MQs754KB7zTaGuYZ (the "1BAD wallet") received approximately 47,599 BTC and 22,813 BTC, respectively, stolen from Silk Road (*see* First Am Compl. ¶¶ 15-16); these transfers contained mostly, if not entirely, the BTC that was stolen from Mt. Gox Exchange by hackers, which Responding Party believes included Responding Party's BTC. On April 9, 2013, the stolen BTC was transferred from the 1BB and 1 BAD wallets to the 1HQ3 wallet from which it was seized by the government and is the subject of this forfeiture action. (*Id*. at ¶¶ 18-19, 23.) Responding Party believes that the BTC in the government's possession thus contains the BTC that was stolen from Responding Party, a fact that Mt. Gox actively concealed from Responding Party, as explained further below.

Based on information and belief, between 2011 and 2014, Mt. Gox was actively concealing the fact that its accounts were being hacked and customers' BTC was being stolen and placed into Silk Road. In other words, Mt. Gox ledgers were not accurate, and customers were being deceived with ledgers showing BTC that had been stolen and was gone. Indeed, Mark Marie Robert Karpelès, the former CEO of Mt. Gox Exchange, was prosecuted and found guilty by the Tokyo District Court of falsifying data to inflate Mt. Gox's holdings by $33.5 million to its account holders. The Japanese court found that Karpelès had inflicted massive harm to the trust of his users. Any usage or transfer of the BTC that was stolen from Responding Party by hackers was done without Responding Party's knowledge or consent.

Of the BTC that this the subject of this forfeiture action, Responding Party believes that Responding Party is an innocent owner of at least 245.92 BTC (and all associated past and future BTC forks, including but not limited to BTG, BSV, BCH, etc.), and Responding Party's interest predates and supersedes the government's forfeiture claim. Based on the foregoing, the 245.92 BTC that is the subject of this claim should not be forfeited but

1  returned to Responding Party.

2    Investigation is continuing and Rule 26 discovery has not commenced.  Responding

3  Party reserves the right to supplement and/or amend this Response.

4  **SPECIAL INTERROGATORY NO. 6:**

5    On what date(s) did you obtain your interest in the defendant Bitcoin?

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

7    Responding Party incorporates each of its General Objections set forth above by

8  reference. Responding Party further objects that this Interrogatory seeks information that

9  constitutes an invasion of Responding Party's privacy.

10    Subject to, and without waiving the foregoing objections, Responding Party

11  responds as follows: The Mt. Gox Exchange website was a website on the worldwide web

12  on which the public could openly and legitimately purchase BTC. Many people did so for

13  investment purposes hoping for appreciation over time. On or before March 1, 2012,

14  Responding Party opened an account on the Mt. Gox Exchange and deposited $2,475 USD

15  to purchase BTC with the hope that Responding Party's BTC investment would appreciate

16  over time. Responding Party thereafter openly and legitimately purchased BTC on the Mt.

17  Gox Exchange for investment purposes, and for no unlawful purpose. During this time,

18  Responding Party graduated from the University of California, Irvine, Paul Merage School

19  of Business with an MBA and was awaiting matriculation to law school. Responding

20  Party's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was

21  245.98124 BTC, and at least 245.92 BTC was stolen from Responding Party.

22    Investigation is continuing and Rule 26 discovery has not commenced.  Responding

23  Party reserves the right to supplement and/or amend this Response.

24  **SPECIAL INTERROGATORY NO. 7:**

25    Identify the person(s) from whom you obtained your interest in the defendant

26  Bitcoin.

27  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

28    Responding Party incorporates each of its General Objections set forth above by

-10-

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

reference. Responding Party further objects to this Interrogatory on the ground that it seeks information that is irrelevant and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party further objects to this Interrogatory to the extent it calls for speculation in that Responding Party is not aware of the identity of every person who had invested in Bitcoin on the Mt. Gox exchange in the same way a person is cannot know the identity of every bank depositor or purchaser of stocks or commodities on any stocks or commodities exchange.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows:

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 8:**

Describe the circumstances of each transaction by which you acquired or obtained any possessory interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce

documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.   This Interrogatory therefore imposes an undue burden on Responding Party.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows to provide an answer that sufficiently establishes Responding Party's standing to file a claim: The Mt. Gox Exchange website was a website on the worldwide web on which the public could openly and legitimately purchase BTC. Many people did so for investment purposes hoping for appreciation over time. On or before March 1, 2012, Responding Party opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC with the hope that Responding Party's BTC investment would appreciate over time. Responding Party thereafter openly and legitimately purchased BTC on the Mt. Gox Exchange for investment purposes, and for no unlawful purpose. During this time, Responding Party graduated from the University of California, Irvine, Paul Merage School of Business with an MBA and was awaiting matriculation to law school. Responding Party's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was 245.98124 BTC, and at least 245.92 BTC was stolen from Responding Party.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

## SPECIAL INTERROGATORY NO. 9:

Describe the circumstances of each transaction by which you acquired or obtained any ownership interest in the defendant Bitcoin.

## RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is

premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party. This Interrogatory therefore imposes an undue burden on Responding Party.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows to provide an answer that sufficiently establishes Responding Party's standing to file a claim: The Mt. Gox Exchange website was a website on the worldwide web on which the public could openly and legitimately purchase BTC. Many people did so for investment purposes hoping for appreciation over time. On or before March 1, 2012, Responding Party opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC with the hope that Responding Party's BTC investment would appreciate over time. Responding Party thereafter openly and legitimately purchased BTC on the Mt. Gox Exchange for investment purposes, and for no unlawful purpose. During this time, Responding Party graduated from the University of California, Irvine, Paul Merage School of Business with an MBA and was awaiting matriculation to law school. Responding

Party's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was 245.98124 BTC, and at least 245.92 BTC was stolen from Responding Party.

Investigation is continuing and Rule 26 discovery has not commenced. Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 10:**

Explain the reason(s) for obtaining your interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party. This Interrogatory therefore imposes an undue burden on Responding Party.

Subject to, and without waiving the foregoing objections, Responding Party responds as follows to provide an answer that sufficiently establishes Responding Party's

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

standing to file a claim: The Mt. Gox Exchange website was a website on the worldwide web on which the public could openly and legitimately purchase BTC. Many people did so for investment purposes hoping for appreciation over time. On or before March 1, 2012, Responding Party opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC with the hope that Responding Party's BTC investment would appreciate over time. Responding Party thereafter openly and legitimately purchased BTC on the Mt. Gox Exchange for investment purposes, and for no unlawful purpose. During this time, Responding Party graduated from the University of California, Irvine, Paul Merage School of Business with an MBA and was awaiting matriculation to law school. Responding Party's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was 245.98124 BTC, and at least 245.92 BTC was stolen from Responding Party.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 11:**

Identify the name, account number, email address, and any other identifier associated with any account held by you at the Mt. Gox Exchange.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence to support its case. Furthermore, at the

-15-

appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.   This Interrogatory therefore imposes an undue burden on Responding Party.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 12:**

Identify the name, account number, email address, and any other identifier associated with the account or accounts held by you at the Mt. Gox Exchange from which the Bitcoins you are claiming were allegedly stolen.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer

1  to an interrogatory such as this may be determined by examining or summarizing

2  Responding Party's documents and the burden of deriving or ascertaining the answer will

3  be substantially the same for either party. Responding Party objects further that this

4  Interrogatory seeks information that is already in the possession of, or is equally available

5  to, Propounding Party.   This Interrogatory therefore imposes an undue burden on

6  Responding Party.

7      Investigation is continuing and Rule 26 discovery has not commenced.  Responding

8  Party reserves the right to supplement and/or amend this Response.

9  **SPECIAL INTERROGATORY NO. 13:**

10     Identify all witnesses, including the names, addresses, and telephone numbers of

11  such witnesses, to the assertion in paragraph 5 of your claim that you held 245.98124 BTC

12  at the Mt. Gox Exchange.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

14     Responding Party incorporates each of its General Objections set forth above by

15  reference. Responding Party further objects that this Interrogatory is overbroad and is

16  premature because it goes beyond the restricted scope of Rule G interrogatories permitting

17  limited discovery on "claimant's identity and relationship to the defendant property" for

18  purposes of determining standing, which claimant has sufficiently identified. Plaintiff

19  abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule

20  26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the

21  25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of

22  the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding

23  Party has no obligation at this early stage of the litigation before fact and expert discovery

24  have been completed to recite all evidence and identify every witness, known or unknown

25  to claimant, to support its case. Furthermore, at the appropriate time, Responding Party

26  reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal

27  Rules of Civil Procedure, because the answer to an interrogatory such as this may be

28  determined by examining or summarizing Responding Party's documents and the burden

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 14:**

List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraph 5 of your claim that you held 245.98124 BTC at the Mt. Gox Exchange.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 15:**

Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraphs 2 and 6 of your claim that the hacked Bitcoins from the Mt. Gox Exchange (including those you are claiming) were transferred from Mt. Gox to Silk Road.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 16:**

List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraphs 2 and 6 of your claim that the hacked Bitcoins from the Mt. Gox Exchange (including those you are claiming) were transferred from Mt. Gox to Silk Road.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal

1  Rules of Civil Procedure, because the answer to an interrogatory such as this may be

2  determined by examining or summarizing Responding Party's documents and the burden

3  of deriving or ascertaining the answer will be substantially the same for either party.

4  Responding Party objects further that this Interrogatory seeks information that is already

5  in the possession of, or is equally available to, Propounding Party.  This Interrogatory

6  therefore imposes an undue burden on Responding Party. Responding Party further objects

7  to the extent this Interrogatory seeks information that would inappropriately invade the

8  privacy.

9       Investigation is continuing and Rule 26 discovery has not commenced.  Responding

10  Party reserves the right to supplement and/or amend this Response.

11  **SPECIAL INTERROGATORY NO. 17:**

12       List each and every document evidencing, recording, facilitating, or otherwise

13  indicating each transaction you made using your wallet at the Mt. Gox Exchange between

14  March 1, 2012 and April 9, 2013.

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

16       Responding Party incorporates each of its General Objections set forth above by

17  reference. Responding Party further objects that this Interrogatory is overbroad and is

18  premature because it goes beyond the restricted scope of Rule G interrogatories permitting

19  limited discovery on "claimant's identity and relationship to the defendant property" for

20  purposes of determining standing, which claimant has sufficiently identified. Plaintiff

21  abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule

22  26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the

23  25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of

24  the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding

25  Party has no obligation at this early stage of the litigation before fact and expert discovery

26  have been completed to recite all evidence and identify every witness, known or unknown

27  to claimant, to support its case. Furthermore, at the appropriate time, Responding Party

28  reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal

Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 18:**

Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraph 4 of your claim that "[o]n or before March 1, 2012, you opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC."

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party

reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 19:**

List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraph 4 of your claim that "[o]n or before March 1, 2012, you opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC."

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown

-23-

to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 20:**

Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraph 4 of your claim that you purchased BTC on the Mt. Gox Exchange after opening your account in March 2012.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown

to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 21:**

List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraph 4 of your claim that you purchased BTC on the Mt. Gox Exchange after opening your account in March 2012.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 22:**

List each and every document evidencing, recording, facilitating, or otherwise relating to any transaction identified in response to Special Interrogatory No. 4.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 23:**

List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 4.

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy. Responding Party further objects to this Interrogatory as being cumulative.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 24:**

List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 5.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 25:**

List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 6.

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 26:**

List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 7.

**RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 27:**

List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 8.

**RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 28:**

List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 9.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced.  Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 29:**

List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 10.

**RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party.  This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects

**CLAIMANT ROMAN HOSSAIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

to the extent this Interrogatory seeks information that would inappropriately invade the privacy.

Investigation is continuing and Rule 26 discovery has not commenced. Responding Party reserves the right to supplement and/or amend this Response.

**SPECIAL INTERROGATORY NO. 30:**

List each and every document evidencing, recording, facilitating, or otherwise relating to any transaction identified in response to Special Interrogatory No. 11.

**RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

Responding Party incorporates each of its General Objections set forth above by reference. Responding Party further objects that this Interrogatory is overbroad and is premature because it goes beyond the restricted scope of Rule G interrogatories permitting limited discovery on "claimant's identity and relationship to the defendant property" for purposes of determining standing, which claimant has sufficiently identified. Plaintiff abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule 26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the 25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding Party has no obligation at this early stage of the litigation before fact and expert discovery have been completed to recite all evidence and identify every witness, known or unknown to claimant, to support its case. Furthermore, at the appropriate time, Responding Party reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, because the answer to an interrogatory such as this may be determined by examining or summarizing Responding Party's documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party objects further that this Interrogatory seeks information that is already in the possession of, or is equally available to, Propounding Party. This Interrogatory therefore imposes an undue burden on Responding Party. Responding Party further objects to the extent this Interrogatory seeks information that would inappropriately invade the

1  privacy.

2  Investigation is continuing and Rule 26 discovery has not commenced.  Responding

3  Party reserves the right to supplement and/or amend this Response.

4  **INTERROGATORY NO. 31:**

5  List each and every document evidencing, recording, facilitating, or otherwise

6  relating to any transaction identified in response to Special Interrogatory No. 12.

7  **RESPONSE TO INTERROGATORY NO. 31:**

8  Responding Party incorporates each of its General Objections set forth above by

9  reference. Responding Party further objects that this Interrogatory is overbroad and is

10  premature because it goes beyond the restricted scope of Rule G interrogatories permitting

11  limited discovery on "claimant's identity and relationship to the defendant property" for

12  purposes of determining standing, which claimant has sufficiently identified. Plaintiff

13  abuses Rule G to conduct one-sided, merits-based discovery that is not yet open under Rule

14  26 and Local Rule 16-7, and impermissibly uses Rule G interrogatories to go beyond the

15  25-interrogatory limit set under Rule 33, causing undue burden to Claimant in violation of

16  the Federal Rules of Civil Procedure and the Local Rules. Even under Rule 26, Responding

17  Party has no obligation at this early stage of the litigation before fact and expert discovery

18  have been completed to recite all evidence and identify every witness, known or unknown

19  to claimant, to support its case. Furthermore, at the appropriate time, Responding Party

20  reserves its right to invoke the option to produce documents under Rule 33(d) of the Federal

21  Rules of Civil Procedure, because the answer to an interrogatory such as this may be

22  determined by examining or summarizing Responding Party's documents and the burden

23  of deriving or ascertaining the answer will be substantially the same for either party.

24  Responding Party objects further that this Interrogatory seeks information that is already

25  in the possession of, or is equally available to, Propounding Party.  This Interrogatory

26  therefore imposes an undue burden on Responding Party. Responding Party further objects

27  to the extent this Interrogatory seeks information that would inappropriately invade the

28  privacy.

1    Investigation is continuing and Rule 26 discovery has not commenced.  Responding
2  Party reserves the right to supplement and/or amend this Response.

3
4  Dated:  March 25, 2021                    ALMADANI LAW

5                                   By:    _____/s/ Yasin M. Almadani_____
6                                          Yasin M. Almadani, Esq.

7                                          *Attorney for Claimant*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, ROMAN HOSSAIN, have read the foregoing Rule G(6) interrogatory responses, set one. I believe, based on a reasonable inquiry and investigation, that the responses are true and correct to the best of my knowledge and information and belief. I do not necessarily have personal knowledge regarding each specific response, but I am informed and believe that the responses are true and correct as of the date of these responses.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 25, 2021

_____
ROMAN HOSSAIN
*Claimant*

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is as follows: Almadani Law, 4695 MacArthur Ct., Suite 1100, Newport Beach, California 92660. On **March 25, 2021**, I served the document(s) listed immediately below on each person(s) and/or entity(ies) named below by causing the document(s) to be mailed, hand-delivered, e-mailed, or faxed, as indicated herein:

- **CLAIMANT ROMAN HOSSAIN'S OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S SPECIAL INTERROGATORIES TO CLAIMANT ROMAN HOSSAIN PURSUANT TO RULE G (SET ONE)**

Person(s) and/or entity(ies) to whom/which the above document(s) were served:

[ ]  BY MAIL                  I caused such envelope with postage fully prepaid thereon to be placed in the United States Mail within Los Angeles County to the follow addresses: see attached service list

[ ]  BY OVERNIGHT MAIL        I caused such document(s) to be placed in a box or other facility regularly maintained by an express mail carrier, in an envelope designated by such carrier with delivery fees fully prepaid thereon, or provided for, addressed to the person on whom it is to be served, within Los Angeles County.

[ ]  BY FACSIMILE             I caused such document(s) to be faxed to the following number(s):

[ ]  BY HAND-DELIVERY         I caused such document(s) to be delivered by hand to each person(s) and/or entity(ies) named above.

[ X ]  BY E-MAIL              I caused such document(s) to be electronically transmitted to the following e-mail address(es): See Service List

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 25, 2021**, at La Mirada, California.

Yasin M. Almadani, Esq.

## Electronic Service List

| Name of Person Served | Party Represented | Service Address |
|---|---|---|
| David Countryman<br>Chris Kaltsas | Plaintiff United States of America | David.Countryman@usdoj.gov<br><br>Chris.Kaltsas2@usdoj.gov |
| Maxim Price | Claimant Lucas E. Buckley | MPrice@hechtpartners.com |
| | | |

Exhibit 3

| | |
|---|---|
| **From:** | Countryman, David (USACAN) |
| **To:** | Yasin Almadani |
| **Cc:** | Maxim Price; Kaltsas, Chris (USACAN); Quiroz, Claudia (USACAN) |
| **Subject:** | RE: Service of Discovery Response |
| **Date:** | Friday, March 26, 2021 1:00:38 PM |

Mr. Almadani,

I reviewed your responses to our Special Interrogatories Set One, and I am confused as to why you objected to and refused to answer questions about (1): your client's alleged account information at Mt. Gox or (2) your assertion that those Bitcoins were stolen and are now contained in the defendant property.

For example, Interrogatory 12 asked for "the name, account number, email address, and any other identifier associated with the account or accounts held by you at the Mt. Gox Exchange from which the Bitcoins you are claiming were allegedly stolen." Your response consisted entirely of objections, including that providing the account information for your allegedly stolen Mt. Gox accounts would be unduly burdensome and outside the scope of identifying your relationship to the defendant property.

However, it is unclear how these objections are applicable or why you are objecting to providing this information. In paragraph 5 of your claim you asserted that you held 245.98124 BTC at the Mt. Gox Exchange. In paragraphs 2 and 6 of your claim you asserted that the hacked Bitcoins from the Mt. Gox Exchange (including those you are claiming) were transferred from Mt. Gox to Silk Road. As such determining what accounts you had at Mt. Gox and following the blockchain to determine where those Bitcoin went and if they are a portion of the defendant property is integral to identifying your relationship to the defendant property.

Similarly, Interrogatories 13 and 14 asked for evidence "supporting the assertion in paragraph 5 of your claim that you held 245.98124 BTC at the Mt. Gox Exchange." You refused to answer this question and provided boilerplate objections.

Interrogatories 15 and 16 asked for evidence "supporting the assertion in paragraphs 2 and 6 of your claim that the hacked Bitcoins from the Mt. Gox Exchange (including those you are claiming) were transferred from Mt. Gox to Silk Road." Again, you refused to answer and provided boilerplate objections.

These questions go to the heart of any alleged ownership interest you have in the defendant property, and I don't understand how providing this information is either overly burdensome or outside the scope of identifying your relationship to the defendant property. As such, I am requesting that you provide complete answers to all of the government's interrogatories no later than Friday, April 2, 2021.

Sincerely,

David Countryman

Assistant U.S. Attorney

Northern District of California

450 Golden Gate Ave., 9th Floor

San Francisco, CA 94102

(415) 436-7303 voice

(415) 436-7234 fax

This email and any attachment thereto may contain private, confidential, privileged, and law enforcement sensitive material for the sole use of the intended recipient. Any release, review, retransmission, dissemination or use of this email (or any attachments thereto) must be approved by the Office of the U.S. Attorney, Northern District of California. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

**From:** Yasin Almadani <yma@lawalm.com>
**Sent:** Thursday, March 25, 2021 5:48 PM
**To:** Countryman, David (USACAN) <dcountryman@usa.doj.gov>; Kaltsas, Chris (USACAN) <CKaltsas1@usa.doj.gov>; Maxim Price <mprice@hechtpartners.com>
**Subject:** Service of Discovery Response

Dear Counsel,

Please see attached service of the following discovery responses:

CLAIMANT ROMAN HOSSAIN'S OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S SPECIAL INTERROGATORIES TO CLAIMANT ROMAN HOSSAIN PURSUANT TO RULE G (SET ONE)

Thanks,

*Yasin M. Almadani* | **Attorney at Law**

**ALMADANI LAW**

4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
Tel: (213) 335-3935 | Fax: (213) 296-6278
Email: YMA@LawAlm.com | Website: www.LawAlm.com

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and*

*delete this e-mail from your system. Thank you for your cooperation.*

Exhibit 4



ALMADANI LAW

YASIN M. ALMADANI
ATTORNEY AT LAW

4695 MACARTHUR CT., STE. 1100
NEWPORT BEACH, CA 92660
TEL: (949) 877-7177
FAX: (949) 877-8757
YMA@LawAlm.com

April 4, 2021

David Countryman
Chris Kaltsas
Claudia Quiroz
Assistant U.S. Attorneys
Northern District of California
450 Golden Gate Ave., 9th Floor
San Francisco, CA 94102
(415) 436-7303 voice
(415) 436-7234 fax
David.Countryman@usdoj.gov
Chris.Kaltsas2@usdoj.gov
Claudia.Quiroz@usdoj.gov

RE: *U.S. v. Approximately 69,370 Bitcoin (BTC),Bitcoin Gold (BTG), Bitcoin SV (BSV),and Bitcoin Cash (BCH) seized from 1HQ3G03ggs8pFnXuHVHRytPCq5fGG 8Hbhx*, Case No. 2:20-cv-7811-RS: **Letter Responding to Email on March 26, 2021**

Dear Mr. Countryman:

We hope all is well with you and write this letter in response to your email on March 26, 2021. We believe we have a valid claim and a due process right that all sides play by the same rules. It seems the government seeks special treatment.

Before the commencement of discovery, the government served an abusive 31 interrogatories on Claimant Roman Hossain that go far beyond the scope of Rule G(6) of the Supplemental Rule for Admiralty or Maritime Claims, which allows for discovery limited to a "claimant's identity and relationship to the defendant property." *Id*. As courts have explained: "These interrogatories are 'special' in the sense that they may address only that subject," and "[t]he objective . . . is to ensure that the Government may challenge the **standing** of the claimant before the court decides a motion to dismiss . . . ." *United States v. $128,915.00 in United States Currency*, No. 20-CV-00667-JPG, 2021 U.S. Dist. LEXIS 13008, at *11 (S.D. Ill. Jan. 25, 2021) (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3266 (3d ed. 2020)) (emphasis in original).



ALMADANI LAW

*U.S. v. Approximately 69,370 Bitcoin (BTC)*
Case No. 2:20-cv-7811-RS
April 4, 2021
Page 2

However, the government cannot abuse Rule G(6) to conduct early discovery on the actual proof of the claims. *United States v. One Hundred One Thousand & 00/100 Dollars in United States Currency*, No. 10-4047, 2011 U.S. Dist. LEXIS 90196, at *13 (C.D. Ill. Aug. 12, 2011) (denying motion to compel responses to interrogatories because they sought "more than a fuller description of the claimants' interests in the currency; they sought actual proof of the claims," which the Court found was "unnecessary at this early stage."); *see also, e.g., United States v. 370 Units of Hardware*, No. 2:15-cv-02360-JPM-tmp, 2016 U.S. Dist. LEXIS 33779, at *16 (W.D. Tenn. Mar. 16, 2016) (the government cannot use special interrogatories to take discovery beyond the scope of Rule G(6)); *United States v. 50 Riverside Boulevard*, Civ. A. 18-9293 (MCA), 2019 U.S. Dist. LEXIS 172115, at *12 (D.N.J. Oct. 2, 2019) (same); *United States v. Funds in the Amount of $239,400*, 70 F. Supp. 3d 928, 935 (N.D. Ill. 2014) (same); *United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 643 n.5 (9th Cir. 2012) (finding special interrogatory requiring the claimant to explain "why anyone would travel anywhere with more than $133,420 in U.S. currency in a rented vehicle" to be beyond the scope of Rule G(6)(a)); *United States v. Two Hundred Seventy-Two Thousand Dollars*, No. 1:16-cv-06564 (AMD), 2017 U.S. Dist. LEXIS 224211, at *4 (E.D.N.Y. Oct. 26, 2017) (denying motion to compel response to special interrogatory asking "the purpose of transporting the Defendant Funds from Flushing, New York (or elsewhere), to Jericho, New York" and "why the Defendant Funds were transported in the manner in which they were transported, and why the currency was transported in lieu of using cash and/or wire transfers").

Most of the government's 31 interrogatories are abusive in that the government has attempted to conduct one-sided, merits-based discovery requiring Plaintiff to provide proof of its case before discovery has even commenced. The government also impermissibly uses Rule G(6) to go beyond the 25-interrogatory limit set by Rule 33, causing undue burden to Claimant in violation of the Federal Rules of Civil Procedure and the Local Rules. As you will note, the Interrogatories themselves state that they are served under not only Rule G(6), but also under Rules 26 and 33 of the Federal Rules of Civil Procedure when the Court clearly has not opened such discovery under Rule 16-7 of the Local Rules. Claimant's responses to the government's special interrogatories were thoughtful, factual, and complete, and Claimant has met his obligation under Rule G(6) provide information on his identity and relationship to the defendant property sufficient to establish his standing.



ALMADANI LAW

*U.S. v. Approximately 69,370 Bitcoin (BTC)*
Case No. 2:20-cv-7811-RS
April 4, 2021
Page 3

Indeed, Claimant provided his names and aliases, social security number, and status, and additionally provided a detailed description of his innocent ownership interests and how he came to acquire them, as follows:

> Responding Party believes Responding Party is the original, rightful, and innocent owner of at least 245.92 of the 69,370 Bitcoin ("BTC") seized by the government from Blockchain address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet) that is the subject of this forfeiture action. The BTC belonging to Responding Party was held by Responding Party at the Mt. Gox Exchange, from where it was stolen by hackers and transferred to Silk Road, and stolen again and transferred to the 1HQ3 wallet, from which it was seized by the government.

> The Mt. Gox Exchange website was a website on the worldwide web on which the public could openly and legitimately purchase BTC. Many people did so for investment purposes hoping for appreciation over time. On or before March 1, 2012, Responding Party opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC with the hope that Responding Party's BTC investment would appreciate over time. Responding Party thereafter openly and legitimately purchased BTC on the Mt. Gox Exchange for investment purposes, and for no unlawful purpose. During this time, Responding Party graduated from the University of California, Irvine, Paul Merage School of Business with an MBA and was awaiting matriculation to law school. Responding Party's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was 245.98124 BTC, and at least 245.92 BTC was stolen from Responding Party.

> Based on information and belief, between 2011 and 2014, the Mt. Gox Exchange experienced several hacks, which resulted in the theft of significant BTC that ended



*U.S. v. Approximately 69,370 Bitcoin (BTC)*
Case No. 2:20-cv-7811-RS
April 4, 2021
Page 4

up in Silk Road, from where it was stolen again and transferred to the 1HQ3 wallet as follows: Between May 5, 2012 and April 9, 2013, BTC wallets with Blockchain addresses 1BBqjKsYuLEUE9Y5WzdbzCtYzCiQgHqtPN (the "1BB wallet") and 1BADznNF3W1gi47R65MQs754KB7zTaGuYZ (the "1BAD wallet") received approximately 47,599 BTC and 22,813 BTC, respectively, stolen from Silk Road (*see* First Am Compl. ¶¶ 15-16); these transfers contained mostly, if not entirely, the BTC that was stolen from Mt. Gox Exchange by hackers, which Responding Party believes included Responding Party's BTC. On April 9, 2013, the stolen BTC was transferred from the 1BB and 1 BAD wallets to the 1HQ3 wallet from which it was seized by the government and is the subject of this forfeiture action. (*Id.* at ¶¶ 18-19, 23.) Responding Party believes that the BTC in the government's possession thus contains the BTC that was stolen from Responding Party, a fact that Mt. Gox actively concealed from Responding Party, as explained further below.

Based on information and belief, between 2011 and 2014, Mt. Gox was actively concealing the fact that its accounts were being hacked and customers' BTC was being stolen and placed into Silk Road. In other words, Mt. Gox ledgers were not accurate, and customers were being deceived with ledgers showing BTC that had been stolen and was gone. Indeed, Mark Marie Robert Karpelès, the former CEO of Mt. Gox Exchange, was prosecuted and found guilty by the Tokyo District Court of falsifying data to inflate Mt. Gox's holdings by $33.5 million to its account holders. The Japanese court found that Karpelès had inflicted massive harm to the trust of his users. Any usage or transfer of the BTC that was stolen from Responding Party by hackers was done without Responding Party's knowledge or consent.



**ALMADANI LAW**

*U.S. v. Approximately 69,370 Bitcoin (BTC)*
Case No. 2:20-cv-7811-RS
April 4, 2021
Page 5

       Of the BTC that this the subject of this forfeiture action, Responding Party believes that Responding Party is an innocent owner of at least 245.92 BTC (and all associated past and future BTC forks, including but not limited to BTG, BSV, BCH, etc.), and Responding Party's interest predates and supersedes the government's forfeiture claim. Based on the foregoing, the 245.92 BTC that is the subject of this claim should not be forfeited but returned to Responding Party.

       We believe we have provided more than sufficient responsive information on the issues of Claimant's identity and interest in the defendant property to establish standing. The government's attempt to go beyond the limited scope of Rule G(6) to conduct early discovery on the actual proof of the claim is not appropriate. *See One Hundred One Thousand & 00/100 Dollars in United States Currency*, U.S. Dist. LEXIS 90196, at *13 (denying motion to compel responses to interrogatories because they sought "more than a fuller description of the claimants' interests in the currency; they sought actual proof of the claims," which the Court found was "unnecessary at this early stage."). Once discovery is mutually open under Local Rule 16-7, Claimant will respond to appropriate discovery requests served under the Federal Rules of Civil Procedure.

       If you would like to discuss this matter further pursuant to Local Rule 1-5(n) and 37-1, I am available on April 7, 2021, at 3:00 p.m. I am in depositions the rest of the week and am in trial the following week. My next availability would be on April 20, 2021. Notwithstanding, we believe we have been more than reasonable and forthcoming and would like to avoid burdening the Court with an unnecessary discovery motion.

       Sincerely,

       ALMADANI LAW

       Yasin M. Almadani, Esq.
       *Attorneys for Claimant Roman Hossain*

Cc: Maxim Price