Yasin M. Almadani (CA SBN: 242798)
ALMADANI LAW
4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
(949) 877-7177 | YMA@LawAlm.com

*Attorneys for Claimant Roman Hossain*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin) Gold (BTG), Bitcoin SV (BSV), and Bitcoin) Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendants.<br><br>ROMAN HOSSAIN,<br><br>Claimant | Case No. CV 20-7811 RS<br><br>**CLAIMANT ROMAN HOSSAIN'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE CLAIMANT ROMAN HOSSAIN'S CLAIM FOR LACK OF STANDING AND FAILING TO COMPLY WITH SUPPLEMENTAL RULE G(5); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>HON. RICHARD SEEBORG<br>United States District Judge<br>Courtroom 3<br><br>Case Filed:   November 5, 2020<br>FAC Filed:    November 20, 2020<br><br>Hearing Date:   June 10, 2021<br>Time:           1:30 p.m. |

Claimant Roman Hossain, by and through his counsel of record Yasin M. Almadani, hereby files his opposition to the government's motion to strike his claim. This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 14, 2021    Respectfully submitted,

ALMADANI LAW

　　/s/ Yasin M. Almadani
YASIN M. ALMADANI

*Attorneys for Claimant Roman Hossain*

2

*Claimant Roman Hossain's Opposition to the Government's*   CV 20-7811 RS
*Motion to Strike Claim Pursuant to Supplemental Rule G(5)*

# TABLE OF CONTENTS

I. INTRODUCTION — 1

II. CLAIMANT'S DETAILED VERIFIED CLAIM — 1

III. ARGUMENT — 2

A. THE GOVERNMENT FAILED TO MEET AND CONFER ON THE SUBJECT MATTER OF THIS MOTION — 2

B. THE GOVERNMENT'S COMPLAINT SEEKS TO FORFEIT THE PROPERTY OF INNOCENT VICTIMS UNDER FAULTY CONCLUSORY ALLEGATIONS — 3

C. CLAIMANT FILED A DETAILED VERIFIED CLAIM IN COMPLIANCE WITH RULE G(5) — 3

D. THE GOVERNMENT DID NOT BRING THIS MOTION UNDER RULE G(6) BECAUSE IT LACKS BOTH LEGAL AND FACTUAL SUPPORT FOR SUCH A MOTION — 6

E. THE GOVERNMENT ATTEMPTS TO UNFAIRLY JUSTIFY A DEPRIVATION OF MR. HOSSAIN'S DUE PROCESS RIGHTS BY MALIGNING HIS CHARACTER — 8

IV. CONCLUSION — 9

i

*Claimant Roman Hossain's Opposition to the Government's*  *CV 20-7811 RS*
*Motion to Strike Claim Pursuant to Supplemental Rule G(5)*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Claimant Roman Hossain ("Mr. Hossain" or "Claimant") is a victim of theft of Bitcoin that is the subject of this forfeiture case. Mr. Hossain timely filed a verified claim to his legitimate ownership interest in his Bitcoin. The government, however, has filed a motion to strike Mr. Hossain's claim for allegedly not complying with Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. As explained below, Mr. Hossain has pleaded far more than a "colorable interest" in the subject property in excess of what Rule G(5) requires at this stage of the litigation. The government's motion is long but the argument buried within its pages is simple. What the government seeks here is to bypass all due process and obtain summary judgment based on a one-sided declaration on a factually disputed issue before discovery even begins. Specifically, the government's motion centers on Mt. Gox records that are publicly known to be unreliable without giving Claimant an opportunity to develop the record through discovery. The motion runs afoul of the Federal and Local Rules and Claimant's basic due process rights.

**II.   CLAIMANT'S DETAILED VERIFIED CLAIM**

Mr. Hossain is the original, rightful, and innocent owner of at least 245.92 of the 69,370 Bitcoin ("BTC") seized by the government in this forfeiture action from Blockchain address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet). (Doc. 42 ¶ 1.) Mr. Hossain's BTC was held by him at the Mt. Gox Exchange, from where it was stolen by hackers and transferred to Silk Road, and stolen again and transferred to the 1HQ3 wallet, from which it was seized by the government. (*Id*. ¶ 2.) The Mt. Gox Exchange was a website on the worldwide web on which the public could openly and legitimately purchase BTC. (*Id*. ¶ 3.) Many people did so for investment purposes hoping for appreciation over time. (*Id*.)

On or before March 1, 2012, Mr. Hossain opened an account on the Mt. Gox Exchange and deposited $2,475 USD to purchase BTC with the hope that his BTC investment would appreciate over time. (*Id*. ¶ 4.) He then openly and legitimately purchased BTC on the Mt. Gox Exchange for investment purposes, and for no unlawful purpose. (*Id*.) During this time, Mr. Hossain graduated from the University of California, Irvine, Paul Merage School of Business with an MBA and was awaiting

matriculation to law school. (*Id*.)

Mr. Hossain alleges that between 2011 and 2014, the Mt. Gox Exchange experienced several hacks, which resulted in the theft of significant BTC that ended up in Silk Road, from where it was stolen again and transferred to the 1HQ3 wallet as follows: Between May 5, 2012 and April 9, 2013, BTC wallets with Blockchain addresses 1BBqjKsYuLEUE9Y5WzdbzCtYzCiQgHqtPN (the "1BB wallet") and 1BADznNF3W1gi47R65MQs754KB7zTaGuYZ (the "1BAD wallet") received approximately 47,599 BTC and 22,813 BTC, respectively, stolen from Silk Road; these transfers contained mostly, if not entirely, the BTC that was stolen from Mt. Gox Exchange by hackers, including Mr. Hossain's BTC. (*Id*. ¶ 6.) Mr. Hossain's Mt. Gox account balance at the time hackers were stealing BTC from Mt. Gox was 245.98124 BTC, and at least 245.92 BTC was stolen from him. (*Id*. ¶ 5.) On April 9, 2013, the stolen BTC was transferred from the 1BB and 1 BAD wallets to the 1HQ3 wallet from which it was seized by the government; it is the subject of this forfeiture action. (*Id*. ¶ 6.) The BTC in the government's possession thus contains the BTC that was stolen from Mr. Hossain, a fact that Mt. Gox actively concealed from him. (*Id*. ¶ 6.)

Between 2011 and 2014, Mt. Gox was actively concealing the fact that its accounts were being hacked and customers' BTC was being stolen and placed into Silk Road. (*Id*. ¶ 7.) Mt. Gox ledgers during this period were not accurate, and customers were being deceived with ledgers showing BTC that had been stolen and was gone. (*Id*.) Indeed, Mark Marie Robert Karpelès, the former CEO of Mt. Gox Exchange, was prosecuted and found guilty by the Tokyo District Court of falsifying data to inflate Mt. Gox's holdings by $33.5 million to its account holders. (*Id*.) The Japanese court found that Karpelès had inflicted massive harm to the trust of his users. (*Id*.)

Any usage or transfer of the BTC that was stolen from Mr. Hossain by hackers was done without his knowledge or consent. (*Id*. ¶ 8.) Of the BTC that is the subject of this forfeiture action, Mr. Hossain is an innocent owner of at least 245.92 Bitcoin and his interest predates and supersedes the government's forfeiture claim. (*Id*. ¶ 9.)

### III.    ARGUMENT

#### A.    The Government Failed to Meet and Confer on the Subject Matter of This Motion

As a preliminary matter, the government failed to meet and confer on the subject matter of this

2

*Claimant Roman Hossain's Opposition to the Government's*   CV 20-7811 RS
*Motion to Strike Claim Pursuant to Supplemental Rule G(5)*

motion in violation of Local Rule 1-5(n). In its motion, the government argues for dismissal of the claim and attaches one email from the prosecutors concerning a discovery dispute, as well as Claimant's responsive letter, which invited the government to meet and confer on the phone in compliance with Local Rules 1-5(n) and 37-1. (Doc. 69-2 at 55-64, Exs. 3 and 4.)[1] However, Claimant's counsel never heard back from the government. Instead, the government decided to file the instant dispositive motion without providing any notice or discussing the issues raised therein.[2] Had the government met and conferred, Claimant would have shown the government why the government's position is based on inaccurate records, which require further discovery by *both* parties, not just unilateral proffers by the government.

> **B.     The Government's Complaint Seeks to Forfeit the Property of Innocent Victims Under Faulty Conclusory Allegations**

The government's operative complaint acknowledges that it seeks to forfeit 69,370 BTC that was stolen from others (not the government) through hacking. (Doc. 8.) The complaint is vague about the source of the subject BTC and the owners from whom it was originally stolen. (*See id.*) The government simply assumes that all the Bitcoin is forfeitable because it was transferred from Silk Road regardless of whether it was stolen from innocent owners before it was transferred into Silk Road. (*Id.*) It appears from the government's motion that it seeks to forfeit innocent property by avoiding litigation on the merits.

> **C.     Claimant Filed a Detailed Verified Claim in Compliance with Rule G(5)**

The government argues that Mr. Hossain's claim does not comply with Rule G(5). Not true.

"To demonstrate Article III standing in a civil forfeiture action, a claimant must have 'a sufficient interest in the property to create a case or controversy.'" *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills*, CA, 545 F.3d 1134, 1140 (9th Cir. 2008) (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir.2004)). "This burden is not a heavy one, at

---

[1] "Doc." refers to PACER document followed by a PACER control number. All page citations are to pages reflected across the blue PACER header at the top of the page.

[2] Undersigned counsel notes that he will be returning home to California from a Fifth Circuit argument in New Orleans the night before the hearing set in this matter. Even if the government believes that it could ignore the meet and confer requirements expected of all other litigants, undersigned counsel would have appreciated the professional courtesy of discussing scheduling.

3

*Claimant Roman Hossain's Opposition to the Government's*                                    CV 20-7811 RS
*Motion to Strike Claim Pursuant to Supplemental Rule G(5)*

least at the initial stages of a forfeiture suit." *Id*. As the Ninth Circuit has held, "[a] 'claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake.'" *Id*. A claimant may "'allege that he has an ownership or other interest in the forfeited property.'" *Id*. (quoting *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057 (9th Cir.1994) ("a simple claim of ownership will be sufficient to create standing to challenge a forfeiture"), *superseded on other grounds as stated in United States v. $80,180.00 in U.S. Currency*, 303 F.3d 1182, 1184 (9th Cir.2002)); *U.S. v. $40,000 in U.S. Currency*, 763 F.Supp. 1423, 1427 (S.D. Ohio 1991) (holding that potential claimant "need not supply facts" in identifying ownership interest and that such information "become[s] important later in a forfeiture proceeding"); *U.S. v. $80,760.00 in U.S. Currency*, 781 F.Supp. 462, 467 n. 15 (N.D. Tex. 1991) (stating that a demand "that claimants show a legitimate source [explaining their interest in the property] for the purpose of establishing standing improperly accelerates the claimants' ultimate burden").

At this early stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing. *475 Martin Lane*, 545 F.3d at 1140 ("In their pleadings, the Kim Claimants specifically alleged an ownership interest in the May 2004 properties, which was sufficient at the initial stages of the litigation to establish that they had standing to challenge the civil forfeiture action."); *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) ("At the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing.")

The government filed its motion under "Rule G(8)(c)(**B**)" [*sic*][3] for lack of standing in violation of "Rule G(**5**)," but it failed to specify whether it is a motion for judgment on the pleadings or a motion for summary judgment. (Doc. 69 at 7 (emphases added)). If treated as the former, which must be limited to the *pleadings*, it is unsupported by the record and entirely conclusory, because Claimant provides a detailed account of his *ownership* interest in the property and more than a colorable basis for that ownership interest, complying with every statutory requirement of Rule G(5).

As detailed above in section II, Claimant (i) identifies his innocent ownership interest in

---

[3] The correct citation is Rule G(8)(c)(i)(B). Having noted the scrivener error, Claimant will use the correct citation throughout this brief.

4

*Claimant Roman Hossain's Opposition to the Government's*  CV 20-7811 RS
*Motion to Strike Claim Pursuant to Supplemental Rule G(5)*

specifically 245.92 BTC; (ii) describes how he acquired that interest, including dates and means of acquisition; (iii) describes, on the basis of publicly known information, how the BTC was stolen from him during the relevant time period as Mt. Gox falsified records to conceal the thefts; and (iv) shows that his interests pre-date the government's forfeiture claim.

This claim is much more detailed than any of the barebones claims that courts have found to be insufficient. And, while the government cites readily distinguishable cases to fill pages, it does not cite a single case where a court struck a detailed ownership claim such as the one in this case. For example, the government relies heavily on *$133,420.00 in U.S. Currency* in support of its motion, but omits that, unlike the detailed claim in this case, the claim in *$133,420.00 in U.S. Currency* involved a single-sentence assertion, "which read, in full: 'The undersigned hereby claims an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property.'" 672 F.3d at 636. The claim in this case is obviously much more detailed and certainly sufficient under Ninth Circuit law, which requires only a "colorable interest." *475 Martin Lane*, 545 F.3d at 1140. An unequivocal ownership claim such as the one here easily suffices. *See id*.

If treated as a summary judgment motion—which appears to be the government's intention as the motion relies on an agent's declaration—it falls equally flat because the declaration (and hence the motion) is based on an issue that is factually disputed in the verified claim, and on which Claimant has had no opportunity to conduct discovery. To be clear, even the government admits that Claimant in fact had an ownership interest in 245.92 BTC at Mt. Gox, which conclusively establishes standing. (Doc. 69 at 21.) The factual dispute here goes to the merits of the claim, i.e., when Mr. Hossain's Bitcoin was stolen from Mt. Gox and whether it ended up in the 1HQ3. The government's declaration on this issue is insufficient because Claimant is entitled to have an opportunity to examine and challenge the underlying evidence and witnesses through discovery to ripen the record for summary judgment or trial.

Specifically, the government bases its motion on unreliable records, which were allegedly gleaned from Mt. Gox ledgers and offered by way of a self-serving declaration from the agent. (*See* Doc. 69-1 at 3.) Claimant clearly disputes these facts in his *verified* claim, alleging that the Mt. Gox records on which the government relies are false and inaccurate:

**Between 2011 and 2014, Mt. Gox was actively concealing the fact that**

5

> *its accounts were being hacked and customers' BTC was being stolen and placed into Silk Road*. In other words, *Mt. Gox ledgers were not accurate, and customers were being deceived with ledgers showing BTC that had been stolen and was gone*. Indeed, Mark Marie Robert Karpelès, the former CEO of Mt. Gox Exchange, was prosecuted and found guilty by the Tokyo District Court of falsifying data to inflate Mt. Gox's holdings by $33.5 million to its account holders. The Japanese court found that Karpelès had inflicted massive harm to the trust of his users.

(Doc. 42 at ¶ 7 (emphasis added).) Therefore, the government's case theory is by no means a foregone conclusion, and the factual issue on which the government seeks pre-discovery summary judgment remains disputed. The government asks this Court to deprive Claimant of any opportunity to conduct discovery when Federal Rule of Civil Procedure 56(d)(2) provides that a party should be given the opportunity to "take discovery" on factually disputed issues. This is a fundamental and uncontroversial rule of civil procedure and due process. Discovery may conclusively vindicate Claimant's position, or it may reveal that this issue is not amenable to summary judgment and must be tried to a jury. Either way, Claimant is entitled to discovery to support his claim.

### D. The Government Did Not Bring This Motion Under Rule G(6) Because It Lacks Both Legal and Factual Support for Such a Motion

While the government suggests that Claimant did not provide adequate discovery responses under Rule G(6), it does not actually bring a motion under Rule G(6). This is because the government knows that such a motion would be neither legally nor factually supported. Legally, in the Ninth Circuit, a claim cannot be struck for violation of Rule G(6) on the present record. Much more is required. For example, the claim in *$133,420.00 in U.S. Currency* was struck under Rule G(6) only after Claimant was given numerous opportunities to cure the defect and was in violation of a court order compelling responses. 672 F.3d at 637; *see also United States, v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cty.*, 787 F.3d 968, 973 (9th Cir. 2015) ("courts typically afford claimants one or even several opportunities to cure defective Rule G(6) responses, except where the circumstances indicate that it would be futile to do so or reflect persistent discovery abuses"); *United States v. Approximately $658,830.00 in U.S. Currency*, No. 2:11–cv–00967 MCE KJN PS, 2011 WL 5241311, at *3 (E.D. Cal. Oct. 31, 2011) (declining to strike claim for failure to comply with Rule G(6), quoting Advisory Committee Notes' guidance that "'[n]ot every failure to respond to subdivision (6)

6

*Claimant Roman Hossain's Opposition to the Government's Motion to Strike Claim Pursuant to Supplemental Rule G(5)*   CV 20-7811 RS

interrogatories warrants an order striking the claim,'" and therefore affording the claimant twenty-one days to respond to the special interrogatories); *United States v. $4,656,085.10 in Bank Funds*, No. SACV 12–0219–DOC, 2014 WL 5393858, at *4–*6 (C.D. Cal. Sept. 15, 2014) (striking claim only after claimant failed to heed an order compelling her to respond to the government's special interrogatories, failed to appear at a hearing on the government's motion for a default judgment, and failed to respond to an order to show cause as to why her claim should not be stricken); *United States v. Approximately $10,000 in U.S. Currency*, No. 1:11–cv091845–SKO, 2013 WL 5314890, at *4–*5 (E.D. Cal. Sept. 20, 2013) (granting the government's unopposed motion to strike after concluding that claimant had abandoned the litigation generally, as he had not only failed to respond to the government's special interrogatories, but had also ceased communicating with his attorney and had failed to take any steps to retain a new attorney or proceed *pro se* ).

      Moreover, the government knows that its extraordinary 33 interrogatories were excessive and abusive in light of Mr. Hossain's detailed claim, as well as the limited scope of Rule G(6)(a), which limits the subject matter to a "claimant's identity and relationship to the defendant property" for the purpose of determining standing. As Claimant explained in the April 4, 2021 letter to the government (Doc. 69-2 at 60-64), Rule G(6) "interrogatories are 'special' in the sense that they may address only that subject," and "[t]he objective . . . is to ensure that the Government may challenge the standing of the claimant before the court decides a motion to dismiss . . . ." *United States v. $128,915.00 in United States Currency*, No. 20-CV-00667-JPG, 2021 U.S. Dist. LEXIS 13008, at *11 (S.D. Ill. Jan. 25, 2021) (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3266 (3d ed. 2020)) (emphasis in original).

      The government cannot abuse Rule G(6) to conduct early discovery on the actual proof of the claims. *United States v. One Hundred One Thousand & 00/100 Dollars in United States Currency*, No. 10-4047, 2011 U.S. Dist. LEXIS 90196, at *13 (C.D. Ill. Aug. 12, 2011) (denying motion to compel responses to interrogatories because they sought "more than a fuller description of the claimants' interests in the currency; they sought actual proof of the claims," which the Court found was "unnecessary at this early stage."); *see also, e.g., United States v. 370 Units of Hardware*, No. 2:15-cv-02360-JPM-tmp, 2016 U.S. Dist. LEXIS 33779, at *16 (W.D. Tenn. Mar. 16, 2016) (the government

7

cannot use special interrogatories to take discovery beyond the scope of Rule G(6)); *United States v. 50 Riverside Boulevard*, Civ. A. 18-9293 (MCA), 2019 U.S. Dist. LEXIS 172115, at *12 (D.N.J. Oct. 2, 2019) (same); *United States v. Funds in the Amount of $239,400*, 70 F. Supp. 3d 928, 935 (N.D. Ill. 2014) (same); *$133,420.00 in United States Currency*, 672 F.3d at 643 n.5 (9th Cir. 2012) (finding special interrogatory to be beyond the scope of Rule G(6)(a)).

In addition, the government paradoxically states that Claimant has failed to provide his Mt. Gox account information, while it also admits that, "[b]ased on information Hossain presented in his claim, the government has been able to identify his Mt. Gox account information from Mt. Gox records . . ." (Doc. 69 at 21.) It is disingenuous for the government to state that Claimant's discovery responses are inadequate because they are missing a "crucial piece of information" (i.e., "Hossain's Mt. Gox account details") that the government also admits it has on the basis of Mr. Hossain's claim. (Doc. 69 at 21, 23.) This by itself conclusively demonstrates that Claimant has provided more than sufficient information under both Rules G(5) and (6) concerning his identity and relationship to the subject property. Claimant has thus established standing and the factual dispute here cannot be resolved on summary judgment in the absence of an equal opportunity for discovery.

### E. The Government Attempts to Unfairly Justify a Deprivation of Mr. Hossain's Due Process Rights by Maligning His Character

The government repeatedly calls Claimant a "fraudster" in an obvious attempt to justify the unfair deprivation of due process the government seeks. The lengthy character assassination is not only irrelevant but inappropriate. The fact that Claimant had Bitcoin at Mt. Gox at or around the dates he stated is not a disputed issue. The government acknowledges this. (Doc. 69 at 21.) It is clear then that this case will not turn on Claimant's credibility, but rather on the accuracy (or lack thereof) of the Mt. Gox records and proper tracing, which are reasonably in dispute because of the thefts that occurred between 2011 and 2014, the relevant period during which a large volume of Bitcoin was stolen from Mt. Gox and moved to Silk Road. (Doc. 42 ¶ 6.) These are thefts that Mt. Gox was actively concealing from its customers by falsifying its records, the very records on which the government relies in this motion. (*Id*. ¶ 7.) In the end, Claimant may not need to testify on the undisputed issue of ownership or, even if he did testify on this limited issue, character evidence against him would likely not be

appropriate under Federal Rule of Evidence 403. Moreover, even if the fact of a conviction were allowed on impeachment over a Rule 403 objection, it certainly would not include the lengthy prejudicial discussion found in the government's motion and would have very little, if any, bearing on the factually disputed issue surrounding Mt. Gox records and tracing, which should ultimately inform the outcome of this case.

### IV. CONCLUSION

For the foregoing reasons, Claimant respectfully requests that the Court deny the government's motion to strike his claim.

Dated: May 14, 2021  Respectfully submitted,

    */s/ Yasin M. Almadani*
YASIN M. ALMADANI
ALMADANI LAW

*Attorneys for Claimant Roman Hossain*

9

*Claimant Roman Hossain's Opposition to the Government's*  CV 20-7811 RS
*Motion to Strike Claim Pursuant to Supplemental Rule G(5)*