STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
CHRIS KALTSAS (NYBN 5460902)
CLAUDIA A. QUIROZ (CABN 254419)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-436-7428
    FAX: (415) 436-7234
    claudia.quiroz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV 20-7811 RS |
| Plaintiff, | DECLARATION OF CLAUDIA A. QUIROZ IN SUPPORT OF UNITED STATES' MOTION TO STRIKE THE CLAIMS OF CLAIMANTS BATTLE BORN INVESTMENTS COMPANY, LLC, FIRST 100, LLC AND 1ST ONE HUNDRED HOLDINGS, LLC |
| v. | |
| Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx | |
| Defendant. | Hearing Date:   August 20, 2021<br>Time:         1:30 p.m.<br>Court:       Hon. Richard Seeborg |

I, CLAUDIA A. QUIROZ, state as follows:

1.     I am an Assistant United States Attorney in the Northern District of California.  I am an attorney of record in the above-referenced matter.  I respectfully submit this declaration in Support of the United States' Motion to Strike the claims filed by Claimants Battle Born Investments Company, LLC; First 100, LLC; and 1st One Hundred Holdings, LLC (collectively, "Claimants").

2.     Following the filings of the Claimants' claims, the parties engaged in a series of meet and

1  confer discussions, during which counsel for the Claimants provided the government with unredacted

2  versions of their filings and a packet of materials in support of their claims and answers.

3       3.    These materials included a memorandum outlining Claimants' position along with nine

4  exhibits forming the basis of their claims, including materials that purportedly show Raymond Ngan had

5  ownership or control over 1HQ3, and from which Claimants have inferred an association with

6  Individual X.

7       4.    The memorandum addressed the legal analysis of the claims, the factual basis for the

8  claim to the Bitcoin wallet, a timeline of events, a list of Ngan's associates and affiliates related to the

9  Bitcoin wallet, and a procedural history of Claimants' attempts to collect on Ngan's assets.  The nine

10 supporting exhibits consisted of a series of text messages from Ngan's phone, both from SMS and social

11 media applications, obtained and reviewed by data forensic experts retained by Battle Born; purported

12 agreements and procedures concerning the sale of Bitcoin by Ngan; a screenshot of the 1HQ3 Bitcoin

13 address from a public website; a draft notice of a conditional offer to purchase Bitcoin (Exhibit 5 to

14 memorandum); draft terms of purchase document concerning the sale of 1000 Bitcoin; an email between

15 Ngan and another individual concerning this purported sale; and two transcripts, one from a hearing in

16 Ngan's bankruptcy case, and another from a Rule 2004 examination performed in connection with the

17 bankruptcy proceedings.

18      5.    Attached hereto as Exhibit 1 is a true and accurate copy of the document labeled Exhibit

19 5 to the memorandum provided by counsel for Claimants.

20      6.    The timeline of events provided by counsel for the Claimants states that on April 9, 2019,

21 one of Ngan's associates sent Ngan's laptop and cell phone to his attorney, who then turned them over

22 to Battle Born's data forensic experts at Holo Discovery, a private discovery and data analytics company

23 based in Nevada.

24      7.    Following receipt of these materials, counsel for the government met and conferred via

25 Zoom with Claimants and their counsel on May 24, 2021.

26      8.    During the meet and confer meeting on May 24, 2021, counsel for the government stated

27 that the filing of their claims was untimely.  The response from counsel for the claimants was surprise

28 and an acknowledgment that they were not aware of the existence of the deadline.  Counsel for the

Claimants then asked for further information relating to that deadline, which government counsel provided via email later that day.  Specifically, I sent an email to Claimants' counsel on May 24, 2021 pointing out the January 26, 2021 deadline and attaching the Declaration of Publication, which was filed on January 6, 2021 and which clearly provides the statutory requirements for the timing of filing a claim.

9.      Attached hereto as Exhibit 2 is a true and accurate copy of the email I sent to counsel for the Claimants on May 24, 2021 notifying them of the deadline for filing claims in this matter and providing the statutory basis for that requirement.

10.      On June 15, 2021, counsel for the Claimants sent an email to government counsel to follow up on the issues discussed during the May 24, 2021.  In that email, counsel disputed the government's position regarding what is required to establish ownership of the Bitcoin wallet and disputed that the Claimants' claims are barred for lack of timeliness.  Among other things, they accused the government of strategically orchestrating the filing of its Complaint in early November so that the Thanksgiving and Christmas holidays would have the effect of minimizing notice to the public.

11.      Attached hereto as Exhibit 3 is a true and accurate copy of the email the government received from counsel for the Claimants on June 15, 2021.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed this 12th day of July 2021 in San Francisco, California.

_Claudia A. Quiroz_____
CLAUDIA A. QUIROZ
Assistant United States Attorney

# **EXHIBIT 1**

WALLET　　　　DATA　　　　API　　　　ABOUT　　　　BLOCK, HASH, TRANSACT(

# Bitcoin Address

## Summary

| | |
|---|---|
| Address | 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx |
| Hash 160 | b3dd79fb3460c7b0d0bbb8d2ed93436b88b6d89c |

## Transactions

| | | |
|---|---|---|
| No. Transactions | 159 | |
| Total Received | 69,471.12363147 BTC | |
| Final Balance | 69,370.12363147 BTC | |

Request Payment　　　Donation Button



## Transactions

Filter▾

| | |
|---|---|
| 0666de82d8b58570da093c09e96041c5b7e21ecda41… | 2018-12-17 06:06:08 |

3BU1rT4aZFTDDWt6yxheedV8kbdrU2WMqM　→　1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx　0.00001088 BTC

0.00001088 BTC



| | |
|---|---|
| 813ba20bd5de583397bee08b69b85ac5c2dae8afd5d… | 2018-12-09 04:52:19 |

199J6ZBSFsLtrRX5WuCiZCynj7Zh3hZcgV　→　1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx　0.00000888 BTC



# EXHIBIT 2

| | |
|---|---|
| **From:** | Quiroz, Claudia (USACAN) |
| **To:** | Chang, Jaemin |
| **Cc:** | Countryman, David (USACAN); Chris Kaltsas (USACAN) (CKaltsas1@usa.doj.gov); Guy Lewis |
| **Subject:** | Declaration of Publication |
| **Date:** | Monday, May 24, 2021 3:40:00 PM |
| **Attachments:** | [25] Declaration of Publication.pdf |

Jaemin,

Thank you for setting up the call today.  Per your request, attached is the Declaration of Publication filed in this matter (Dkt. No. 25), which states that the Notice of Civil Forfeiture was posted for at least 30 days starting on November 27, 2020, as required by Supplemental Rule G(4)(a)(iv)(C).  Accordingly, as set forth in Attachment 1 and pursuant to 18 U.S.C. 983(h)(1), the deadline to file a verified Claim with the Court was January 26, 2021.  Please let us know if you have any questions.

Regards,

**Claudia A. Quiroz**
Assistant U.S. Attorney
Northern District of California
450 Golden Gate Avenue | San Francisco, CA 94102
Tel: (415) 436-7428 | Fax: (415) 436-7234
Cell: (415) 802-4637
Email: claudia.quiroz@usdoj.gov

# **EXHIBIT 3**

**From:** Nicholas, Jeffrey H.
**Sent:** Tuesday, June 15, 2021 3:35 PM
**To:** david.countryman@usdoj.gov; chris.kaltsas2@usdoj.gov; claudia.quiroz@usjdoj.gov
**Cc:** Donovan, Dwight C. <ddonovan@foxrothschild.com>; Guy Lewis <glewis@lewistein.com>; Ryan Andersen <ryan@vegaslawfirm.legal>; Joseph Gutierrez <jag@mgalaw.com>; Jason Maier <jrm@mgalaw.com>
**Subject:** Approximately 69,370 Bitcoin et al/Case No. 20-7811-RS

Dear AUSAs Countryman, Kaltsas and Quiroz:

On behalf of our clients Battle Born Investments Company, LLC and First 100 LLC and 1st One Hundred Holdings, LLC (collectively "Claimants"), we wish to respond briefly to certain of the points you and your colleagues made in our telephone call on May 24, 2021, as follows:

1. ***The Ability To Transfer the Wallet Does Not Establish Ownership of the Wallet.*** Your position seemed to be that the ability of Individual X to transfer the indicated wallet to DOJ established unequivocally that Individual X exclusively owned the wallet. To the contrary, the only fact that is established by transfer of the wallet to DOJ by Individual X is that Individual X had knowledge of the key to the wallet containing our clients' property.  More than one individual may have knowledge of the key to a wallet.  Your own Asset Forfeiture Manual acknowledges this. See, Asset Forfeiture Policy Manual (2021), p. 27 (discussion custodial

or hosted wallets).

Possession of a key does not establish ownership.  For example, a wallet owner may provide a key to another, in effect creating a bailment, without intending to relinquish ownership.  In sum, we are unpersuaded with your position regarding Individual X's purported exclusive ownership of the wallet containing our clients' property, a subject on which you bear the burden of proof.

For reasons previously stated, the Claimants are the rightful owners of the wallet.  Pursuant to 18 U.S.C. Section 983(f), we are entitled to immediate release of our clients' seized property and hereby request that you release the contents of the wallet to our clients forthwith.  We have established evidence of ownership of the wallet for reasons stated in our call and correspondence to the DOJ dated May 3, 2021.

In regards to 983(f): Most importantly, continued possession by the Government will work substantial hardship on Claimants due to the fluctuating nature of the wallet's value.  As you know, the value of BTC has declined substantially over the last month (about $1.5 billion in lost value to date since the Government took possession of the property) and is subject to rapid fluctuations in value and potential future continued substantial loss, and the Government's possession of the wallet precludes Claimants from making investment decisions regarding whether and when to liquidate their property. Claimants are prepared to establish a third party escrow of proceeds from the sale of the BTC, pending the resolution of the matter, and as such, the Claimants' hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred during the pendency of the proceeding if it were to be turned over to Claimants. Claimants have

sufficient ties to the community to assure the safety of the wallet pending trial. Nor do any of the conditions in 983(f)(8) apply, inasmuch as the Government has determined that BTC is not a "currency" nor "electronic funds, and further the bitcoin constitutes "assets of a legitimate business which has been seized".

2. **_Our clients' claims are not barred for lack of timeliness._** At the conclusion of the call, your office asserted that our clients' filing was not timely, referring to publication beginning on November 27, 2020 on [www.forfeiture.gov](www.forfeiture.gov) of a certain notice. We believe this assertion lacks merit for several reasons.

First, DOJ's reliance upon notice by publication—at least as to Claimants —is misplaced, because DOJ failed to exercise reasonable diligence to locate Claimants. As our client purchased all assets, known or unknown, of Raymond Ngan—which include the contents of the 1HQ wallet--with the Federal Court approval, and the participation of the DOJ's Office of the US Trustee, the DOJ knew, or should have known, that it was required to provide Battle Born with written Notice of the Civil Asset Forfeiture, and yet it failed to do so.  In fact, we find it troubling that, not only was requisite written Notice not provided to our client, but also the thirty-day window chosen for publication happened to start three weeks after seizure which was the day after Thanksgiving and ended the day after Christmas.  This appears to be designed to minimize notice to the public, contrary to the spirit of the statute.

Second, DOJ's notice was defective because the reference to "Individual X"  and a specified number of Bitcoin, Bitcoin Gold, Bitcoin SV, and Bitcoin cash seized from the indicated wallet provide insufficient identifying data to reasonably apprise Claimants that their assets had been seized and were subject to forfeiture. Nothing in what is

effectively a "John Doe" Notice provides information of sufficient specificity to enable Claimants to be able to reasonably identify the property as theirs.

Third, between the alleged bar date and the date of Claimants' filing there was no material activity in the case, and DOJ cannot show prejudice by the alleged lack of timeliness. For these and other reasons which we are prepared to more fully set forth, we are unpersuaded by your argument that the claim will be deemed as time-barred.

Very truly yours,

**Jeff Nicholas**
**Fox Rothschild LLP**
(215) 918-3639 - direct
(215) 345-7507- fax
jnicholas@foxrothschild.com
www.foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.