REES F. MORGAN (State Bar No. 229899)
JONATHAN R. BASS (State Bar No. 75779)
STAN ROMAN (State Bar No. 87652)
MARI SAHAKYAN CLIFFORD (State Bar No. 331152)
WILLIAM ABRAMOVITZ (State Bar No. 319385)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:    ef-rfm@cpdb.com
          ef-jrb@cpdb.com
          ef-sgr@cpdb.com
          ef-msc@cpdb.com
          ef-wia@cpdb.com

Attorneys for Claimants
First 100, LLC, 1st One Hundred Holdings, LLC
and Battle Born Investments Company, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendant.<br><br>First 100, LLC, 1st One Hundred Holdings, LLC, and Battle Born Investments Company, LLC,<br><br>Claimants. | Case No. 3:20-cv-07811-RS<br><br>**DECLARATION OF RYAN ANDERSEN IN SUPPORT OF CLAIMANTS' OPPOSITION TO MOTION TO STRIKE THE CLAIMS OF CLAIMANTS BATTLE BORN INVESTMENTS COMPANY, LLC, FIRST 100, LLC AND 1ST ONE HUNDRED HOLDINGS, LLC**<br><br>Date: September 9, 2021<br>Time: 1:30 p.m.<br>Ctrm: 3 (Via Zoom)<br><br>The Hon. Richard Seeborg<br><br>Trial Date:  None Set |

## DECLARATION OF RYAN ANDERSEN

I, Ryan Andersen, declare as follows:

1. I am a member of the State Bar of California and am duly admitted *pro hac vice* to practice before this Court. I am managing partner of Andersen Law Firm, Ltd. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I was counsel of record to the Claimants for purposes of the chapter 7 bankruptcy case filed by Raymond Ngan, which was previously pending as Case No. 17-14166-BTB in the United States Bankruptcy Court, District of Nevada, filed by Mr. Ngan on July 31, 2017.

3. On May 14, 2018, the Honorable Bruce Beesley of the Bankruptcy Court issued an order approving of the Trustee's sale of all assets of the bankruptcy estate to Battle Born, save certain reserved assets not relevant here. Judge Beesley's order specifically designated Battle Born a good faith purchaser of all assets of the Bankruptcy Estate, and such assets included all disclosed or undisclosed assets belonging to Mr. Ngan as of the date he filed bankruptcy, pursuant to 11 U.S.C. section 363(m). Attached as Exhibit 1 is a true and correct copy of Judge Beesley's May 14 Order approving the sale of the Bankruptcy Estate.

4. Knowing that Mr. Ngan had failed to disclose material assets in his statements and schedules, the Claimants continued their discovery efforts to identify all assets that they had purchased as part of the Bankruptcy Estate, including those assets Mr. Ngan had failed to disclose.

5. On March 14, 2019, in violation of Judge Beesley's order to produce all of his electronically stored information on his laptops, cell phone, chat logs, and emails, and while Mr. Ngan was incarcerated for civil contempt, Mr. Ngan's associate, Robert Dooley, gave Mr. Ngan's laptop and cell phone to one Mr. Ngan's business partners, Samuel Oliver, who in turn fled to Canada with the devices.

6. On March 15, 2019, Judge Beesley issued a Writ of Assistance to allow the U.S. Marshal Service to seize all of Ngan's financial records, correspondence, any electronic storage

devices, and all electronically stored information. Attached as Exhibit 2 is a true and correct copy of Judge Beesley's March 15 Writ of Assistance.

7. On March 19, 2019, I accompanied the U.S. Marshals to the home of Mr. Dooley to seize Mr. Ngan's electronic devices. I subsequently turned all of Mr. Ngan's electronic devices over to Claimant's data forensic experts at Holo Discovery in Las Vegas, Nevada.

8. Battle Born planned to compel Mr. Ngan to turn over the contents of the 1HQ3 Wallet during an evidentiary hearing in the Bankruptcy Court proceedings that was set on December 5 and 6, 2019.

9. However, Mr. Ngan requested an extension of the evidentiary hearing on the order to show cause based on medical reasons, failed to appear at the continued order to show cause hearing set on January 31, 2020, and has since been non-responsive to various requests in the Bankruptcy Court proceeding.

10. On January 29, 2021, the day after learning that Bitcoins from Mr. Ngan's account had been transferred three months earlier, I reviewed the docket entries in the instant forfeiture action on PACER. I did not see anything on the docket report to indicate a deadline for claimants to file a claim for the seized Bitcoins. As of January 29, 2021, the docket contained five entries entitled "certificate of service" and I did not believe that a proof of service form would provide information relevant to the Claimants' claims. My practice specializes in bankruptcy matters and I do not have specific expertise in civil forfeiture.

11. To date, the Claimants do not know of Mr. Ngan's whereabouts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of August, 2021, at Las Vegas, Nevada.

_____
RYAN ANDERSEN

18906.001 4849-5135-0260.3 -3- Case No. 3:20-cv-07811-RS

DECLARATION OF RYAN ANDERSEN IN SUPPORT OF CLAIMANTS' OPPOSITION TO MOTION TO STRIKE THE CLAIMS OF CLAIMANTS BATTLE BORN INVESTMENTS COMPANY, LLC, FIRST 100, LLC AND 1ST ONE HUNDRED HOLDINGS, LLC

# Exhibit 1



_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
May 14, 2018

ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
8965 S Eastern Ave, Suite 260
Las Vegas, NV 89123
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*Attorney for Lenard E. Schwartzer, Trustee*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| In re:<br><br>RAYMOND NGAN,<br><br>Debtor. | Case No. 17-14166-btb<br>Chapter 7<br><br>**ORDER APPROVING SALE**<br><br>Hearing Date:  May 8, 2018<br>Hearing Time:  1:30 p.m. |
|---|---|

A motion entitled MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL ASSETS OF THE BANKRUPTCY ESTATE [DE #252] (the "*Motion*"), filed by chapter 7 trustee Lenard E. Schwartzer ("*Trustee*"), came on for hearing before the Court.  Appearances were as noted in the record.  The Motion sought approval of the sale of substantially all of the assets of the above-captioned bankruptcy estate ("*Bankruptcy Estate*") to buyer Battle Born Investments Company, LLC on the terms and conditions found in the Purchase and Sale Agreement attached as Exhibit 1 to the Motion.

No opposition to the Application having been filed, and good cause appearing,

-1-

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED in full.

2. The Purchase and Sale Agreement ("*PSA*"), attached hereto as **Exhibit 1**, is approved.

3. The sale by the Bankruptcy Estate ("*SELLER*") to buyer Battle Born Investments Company, LLC ("*BUYER*") of the property described in Section 1.02 of the PSA is hereby approved pursuant to 11 U.S.C. 363(b). Per Section 1.02 of the PSA, Buyer is now the owner of the following property:

   - All property of the Bankruptcy Estate, as such term is defined in 11 U.S.C. § 541, except for: (i) any property properly exempted by debtor Raymond Ngan pursuant to 11 U.S.C. § 522; (ii) any liquidated property of the Bankruptcy Estate that has been reduced to monies and is in the possession of the Trustee as of the date the Trustee signs this Agreement; and (iii) the $10,000 payment made by Buyer to the Trustee. For avoidance of doubt, the term "Property" includes any and all claims and causes of action held by SELLER against all persons and entities (inclusive of debtor Raymond Ngan) located anywhere in the world (collectively, the "*Claims*"). The term 'Claims' includes all claims that currently can or could be brought by SELLER under state law, federal law, international law, and/or bankruptcy law [including but not limited to all claims and causes of action that could be brought under Chapter 5 of the United States Bankruptcy Code (11 U.S.C. § 501 et seq.)], against any person or entity (other than Seller, the Trustee, or his counsel). BUYER shall have sole authority and exclusive right to bring, prosecute, and/or settle any of the Claims, and to collect on any judgment so obtained, in any appropriate court and venue anywhere in the world, without permission or review by the Trustee or the Bankruptcy Court. In litigation on any of the Claims, Buyer can proceed as the successor-in-interest and/or assignee of SELLER and/or the Trustee. All proceeds shall be the sole property of BUYER.

4. The Court finds that the sale is proposed and made in good faith, and thus the Buyer is afforded the protections of 11 U.S.C. § 363(m).

5. The 14-day stay of sale imposed by Bankruptcy Rule 6004(h) is hereby waived. Upon the docketing of this order, the parties to the PSA are bound to all of the rights, obligations, terms, and conditions contained therein.

**IT IS SO ORDERED**.

# # #

Respectfully submitted by:

　　　/s/ Robert E. Atkinson
ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
*Attorney for Lenard E. Schwartzer, Trustee*

## CERTIFICATION re: RULE 9021

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirements set forth in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

　　Ryan A. Andersen, Esq. – APPROVED

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

-3-

Case 1:20-cv-06811-RSC Document 98-5 Filed 08/10/24 Page 4 of 13

# EXHIBIT 1

# to

# ORDER

# PURCHASE AND SALE AGREEMENT

This purchase and sale agreement ("*Agreement*"), is made by and between seller **THE BANKRUPTCY ESTATE OF RAYMOND NGAN** arising from Nevada chapter 7 bankruptcy case no. 17-14166-btb ("*Bankruptcy Estate*"), by and through its trustee Lenard E. Schwartzer ("*Trustee*") (collectively, "*SELLER*"), and buyer **BATTLE BORN INVESTMENTS COMPANY, LLC**, a Delaware limited-liability company ("*BUYER*"). Together, BUYER and SELLER may be referred to hereafter individually as a "*Party*" or collectively as the "*Parties*".

## RECITALS

WHEREAS, this Agreement contemplates the sale of certain of SELLER's property as identified below; and

WHEREAS, upon the terms and conditions set forth below, BUYER wishes to purchase the Seller's Property (as that term is defined below), and SELLER wishes to sell the same to BUYER.

NOW, THEREFORE, the parties, intending to be legally bound, do hereby agree as follows:

## ARTICLE I. SALE AND PURCHASE

Section 1.01   Bankruptcy Court Approval Required.  This Agreement is entirely contingent on Bankruptcy Court approval, and BUYER acknowledges the same.  SELLER incurs no liability to BUYER if the Court does not approve this transaction, in full or in part.

Section 1.02   Property to be Sold.  Subject to the terms and conditions herein set forth, SELLER shall sell, assign, transfer, and convey to BUYER the following property (hereinafter the "*Property*"):

- All property of the Bankruptcy Estate, as such term is defined in 11 U.S.C. § 541, except for: (i) any property properly exempted by debtor Raymond Ngan pursuant to 11 U.S.C. § 522; (ii) any liquidated property of the Bankruptcy Estate that has been reduced to monies and is in the possession of the Trustee as of the date the Trustee signs this Agreement; and (iii) the Payment (as that term is defined below).

  - For avoidance of doubt,, the term "Property" includes any and all claims and causes of action held by SELLER against all persons and entities (inclusive of debtor Raymond Ngan) located anywhere in the world (collectively, the "*Claims*").

  - The term 'Claims' includes all claims that currently can or could be brought by SELLER under state law, federal law, international law, and/or bankruptcy law [including but not limited to all claims and causes of action that could be brought under Chapter 5 of the United States Bankruptcy Code (11 U.S.C. § 501 *et seq*.)], against any person or entity (other than Seller, the Trustee, or his counsel).

- BUYER shall have sole authority and exclusive right to bring, prosecute, and/or settle any of the Claims, and to collect on any judgment so obtained, in any appropriate court and venue anywhere in the world, without permission or review by the Trustee or the Bankruptcy Court. In litigation on any of the Claims, Buyer can proceed as the successor-in-interest and/or assignee of SELLER and/or the Trustee. All proceeds shall be the sole property of BUYER.

Section 1.03   Purchase Price. BUYER agrees to pay to SELLER the sum of $10,000.00 (the "Payment"), paid in one lump sum and remitted to the Trustee upon execution of this document.

- Payment shall be made to "Lenard E. Schwartzer, Trustee".

- The Trustee shall hold the funds in trust pending Court approval of this Agreement. If the Court does not substantially approve this Agreement, then the SELLER shall refund the Purchase Price paid to the BUYER within ten business days. Upon Court approval of this Agreement, the Purchase Price shall thenceforth be property of the Bankruptcy Estate.

Section 1.04   As-Is. BUYER agrees to take the Property in an "as-is, where-is" condition. SELLER makes no representations or warranties to BUYER whatsoever, express or implied, regarding the Property or the Claims (including but not limited to existence, condition, title, value, or collectability). BUYER has had an opportunity to perform due diligence on the Property prior to execution of this Agreement. Other than the documents previously produced to BUYER via subpoena, SELLER has no further obligation to produce to BUYER any documents obtained by the Trustee or his counsel during the bankruptcy case. BUYER understands and acknowledges that the Claims are subject to certain statutes of limitation, under applicable state, federal, international, and bankruptcy law (including 11 U.S.C. § 546). BUYER has the wherewithal to bear the economic risk that none of the Property can be cost-effectively monetized.

Section 1.05   At Buyer's Sole Expense. BUYER is solely responsible for any and all fees, costs, and expenses to liquidate the Property and/or pursue any of the Claims, and SELLER shall not provide BUYER with any contribution or reimbursement of any kind relating to BUYER's liquidation of the Property or pursuit of the Claims, nor shall BUYER have a claim for an administrative expense against SELLER for any fees or costs incurred by BUYER in such liquidation or pursuant of the Claims. BUYER may employ any counsel it so chooses to liquidate the Property and/or litigate the Claims, without approval by the Trustee or the Bankruptcy Court. BUYER'S counsel will be employed by BUYER, not SELLER.

Section 1.06   Consummation. Upon Bankruptcy Court approval of this Agreement, title to the Property shall pass to BUYER. If so requested by BUYER, SELLER agrees to execute a bill of sale for the Property.

Section 1.07   Sale/assignment by BUYER After Consummation. At any time after consummation of the Sale, BUYER may freely sell or assign any of the Property to any person or entity, without notice to or approval from the SELLER or the Bankruptcy Court.

Section 1.08  Closing of Bankruptcy Case. The Trustee agrees to take no action to either close or dismiss the underlying bankruptcy case (Nevada case 17-14166-btb) at any time prior to twelve months from the date of entry of the order approving this sale.

### ARTICLE II. GENERAL PROVISIONS

Section 2.01  Limitation of Liability. Neither Party will be liable to the other for losses or damages (including special or consequential damages such as lost profits or loss of use) arising from any cause of action related to this Agreement, whether in contract, tort, or otherwise.

Section 2.02  Assignment and Succession. This Agreement is binding on and enforceable by each Party's successors and assignees.

Section 2.03  Governing Law. Any disputes between the Parties relating to or arising from this Agreement, of any kind or nature, shall be determined in the Bankruptcy Court, District of Nevada, and the parties do consent to personal jurisdiction of such court. In any litigation between the Parties on or relating to this Agreement, the maximum recovery to the prevailing party shall be limited to the consideration given by that Party under this contract.

Section 2.04  Severability. If any court determines that any provision of this agreement is invalid or unenforceable, any invalidity or unenforceability will affect only that provision and will not make any other provision of this agreement invalid or unenforceable.

Section 2.05  Full Integration. The Parties actively negotiated the terms of this Agreement. This Agreement sets forth the entire agreement of the Parties. It replaces and supersedes any and all oral agreements or statements made between the Parties, as well as any prior writings. There are no side agreements or other agreements or contracts, oral or otherwise, between the Parties relating to the subject matters discussed herein. BUYER has relied solely on its own investigation and not on any oral or written information provided by SELLER or its agents. Neither Party have relied upon any statements other than those specifically contained in this Agreement.

Section 2.06  Modification. This Agreement may be modified only by a writing signed by all Parties.

Section 2.07  Counterparts. This Agreement may be executed in a number of counterparts, each of which shall be deemed an original and all of which together shall constitute the same document. Delivery by facsimile or email of an executed counterpart shall have the same force and effect as a delivery in person of that document.

\* \* \* \* \*

IN WITNESS WHEREOF, the Parties have executed this Agreement by and through their authorized representatives.

**BATTLE BORN INVESTMENTS COMPANY, LLC**, a Delaware limited liability company

By: _____  3/22/18
Jay Bloom, *Manager*       Date

**BANKRUPTCY ESTATE OF RAYMOND NGAN**, Nevada bankruptcy case 17-14166-btb

By: _____  3/27/18
Lenard E. Schwartzer, *Trustee*   Date

# Exhibit 2

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: *ryan@vegaslawfirm.legal*
Phone: 702-522-1992
Fax:    702-825-2824

*Attorneys for First 100, LLC and*
*1st One Hundred Holdings, LLC*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No.: 17-14166-BTB |
|---|---|
| RAYMOND NGAN, | Chapter 7 |
| Debtor. | **WRIT OF ASSISTANCE** |

**TO:   THE UNITED STATES MARSHALS SERVICE, GREETINGS:**

**WHEREAS**, First 100, LLC and 1st One Hundred Holdings, LLC ("Creditors") are entitled to a Writ of Assistance to obtain possession of certain financial documents, correspondence, and other information ("Information"), pursuant to an order of this Court dated March 13, 2019 ("Order"), such Order entered in favor of Creditors and directing the United States Marshals Service to locate and seize the Information, as specified in the Order, and further requiring any person or entity in possession of the Information to deliver the Information to the United States Marshals Service. A true and correct copy of the Order is attached hereto.

**NOW THEREFORE**, in the name of the United States of America, you are hereby commanded and directed to provide such assistance to Creditors as may be necessary to expeditiously obtain possession of any and all of Raymond Ngan's relevant financial documents, correspondence, and other information, including by taking possession of any and all of Debtor's electronic devices

1   capable of storing any electronic information.  The United States Marshals Service is hereby authorized
2   to use reasonable force in the enforcement of the Order and this Writ of Assistance, and Creditors shall
3   hold the United States Marshals Service harmless of any liability that may be imposed as a result of
4   the execution of this Writ of Assistance.

5      **WITNESS** my hand and the seal of this Court this __15__ day of March, 2019.

6                                            **CLERK OF THE COURT**

*Mary A Schott*

_____
Clerk

10  Respectfully submitted by:

11  **ANDERSEN LAW FIRM, LTD.**

12  By:     /s/ Ryan A. Andersen
13          Ryan A. Andersen, Esq.
            Nevada Bar No. 12321
14          101 Convention Center Drive
            Suite 600
15          Las Vegas, Nevada 89109

16  *Attorneys for First 100, LLC and
17  1st One Hundred Holdings, LLC*

2 of 2