REES F. MORGAN (State Bar No. 229899)
JONATHAN R. BASS (State Bar No. 75779)
STAN ROMAN (State Bar No. 87652)
MARI SAHAKYAN CLIFFORD (State Bar No. 331152)
WILLIAM ABRAMOVITZ (State Bar No. 319385)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:  ef-rfm@cpdb.com
        ef-jrb@cpdb.com
        ef-sgr@cpdb.com
        ef-msc@cpdb.com
        ef-wia@cpdb.com

Attorneys for Claimants
First 100, LLC, 1st One Hundred Holdings, LLC
and Battle Born Investments Company, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendant.<br><br>First 100, LLC, 1st One Hundred Holdings, LLC, and Battle Born Investments Company, LLC,<br><br>Claimants. | Case No. 3:20-cv-07811-RS<br><br>**DECLARATION OF REES MORGAN IN SUPPORT OF CLAIMANTS' OPPOSITION TO MOTION TO STRIKE THE CLAIMS OF CLAIMANTS BATTLE BORN INVESTMENTS COMPANY, LLC, FIRST 100, LLC AND 1ST ONE HUNDRED HOLDINGS, LLC; OR, IN THE ALTERNATIVE, REQUEST FOR CONTINUANCE PER RULE 56(d)**<br><br>Date:  September 9, 2021<br>Time:  1:30 p.m.<br>Ctrm:  3 (Via Zoom)<br><br>The Hon. Richard Seeborg<br><br>Trial Date:            None Set |

## DECLARATION OF REES MORGAN

I, Rees Morgan, declare as follows:

1. I am an attorney duly admitted to practice before this Court and am a partner at the law firm of Coblentz, Patch, Duffy & Bass LLP, attorneys of record for Claimants First 100, LLC, 1st One Hundred Holdings, LLC and Battle Born Investments Company, LLC. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. Should the Court construe the Government's motion to strike as a motion for summary judgment and decline to deny the motion, Claimants respectfully request that the Court defer its ruling pursuant to Fed.R.Civ.P. 56(d) to allow Claimants an opportunity to conduct discovery in order to present additional facts in support of their opposition to the motion.

3. Multiple avenues of discovery exist that may present facts precluding summary judgment in favor of the United States, and it is only through discovery that Claimants will be reasonably able to obtain such facts.

4. The Government's motion was filed less than a month ago. There has been no formal discovery in the case. Claimants have been precluded from conducting discovery to date under Civil Local Rule 16-7, which allows discovery only at the time, and to the extent, authorized by the Judge in the case management order. There is no such order. The Government has not provided information to Claimants informally. Claimants have attempted by way of their own investigation to obtain additional facts relative to the ownership of the property at issue, but many of the individuals involved are within the Government's control or are (or are expected to be, once located) uncooperative.

5. Claimants' would obtain documentary evidence from the Government and these third party witnesses by way of requests for the production of documents, subpoenas and international discovery procedures. Claimants would also seek to depose the individuals and/or entities listed below regarding information relevant to the Government's motion.

6. *Claimants would conduct discovery relevant to ownership of the 1HQ3 wallet.* The following discovery can be expected to provide facts bearing on the issue of whether, at the time Claimants purchased the assets of Mr. Ngan's bankruptcy estate, he owned or had a substantial interest in the Defendant Property.

    a. Document requests and deposition of Individual X, so identified in the Government's motion, on the topics of, *inter alia,* Individual X's relationship with Raymond Ngan, Individual X's alleged hack of the 54 wallets that ultimately funded the 1HQ3 Wallet, activities related to the two Bitcoin addresses that controlled the Bitcoins from those 54 wallets from May 6, 2012 until April 9, 2013, activities related to the 1HQ3 Wallet from April 9, 2013 to November 3, 2020, and the circumstances surrounding Individual X's signing of the Consent and Agreement to Forfeiture with the U.S. Attorney's Office on November 3, 2020.

    b. Document requests and deposition of Agent Jeremiah Haynie regarding any investigation conducted to verify Individual X's claim to the wallet and Raymond Ngan's relationship both to Individual X and the 1HQ3 Wallet.

    c. Document requests and deposition of Raymond Ngan regarding his ownership of the 1HQ3 Wallet.

    d. Document requests and deposition of Patrick Ranzijn regarding the deal(s) he was preparing with Mr. Ngan to sell Bitcoin, including from the 1HQ3 Wallet.

    e. Document requests and deposition of Jerry du Koning regarding the deal(s) he was preparing with Mr. Ngan to buy and sell Bitcoin.

    f. Document requests and deposition of Sam Oliver regarding the deal(s) he was preparing with Mr. Ngan to sell Bitcoin, including the 1HQ3 Wallet.

    g. Discovery into expert reports referenced in Agent Jeremiah's Declaration.

    h. Discovery into other witnesses whose names appear in Mr. Ngan's correspondence and draft contracts relating to Bitcoin transactions including: Mark Alexus, Michel Lebeuf, Greg Vanular, Don Yarter, and Christopher Saunders.

1            i.        Discovery into the Dunton Rainville LLP escrow account that is identified in the Bitcoin Purchase and Sale Joint Venture Profit-Sharing Agreement found on Mr. Ngan's computer related to a proposed transaction involving the 1HQ3 wallet.

7.    *Claimants would conduct discovery relevant to Claimants' and Mr. Ngan's "innocent owner" defense.* With respect to the Government's assertion that if Mr. Ngan was in possession of the 1HQ3 Wallet then he must have stolen it, the following discovery can be expected to provide pertinent facts.

    a.    Document requests and deposition of Individual X about transfers of the 1HQ3 Wallet and/or sharing of or access to its private address between 2013-2021.

    b.    Document requests and deposition of Raymond Ngan about how he came into possession of the 1HQ3 Wallet.

    c.    Document requests and depositions of Sam Oliver and any witnesses identified by Individual X and/or Mr. Ngan relevant to the ownership of and possession of the private keys for the 1HQ3 Wallet.

8.    *Claimants would conduct other discovery relevant to whether the Defendant Property is subject to forfeiture.*

    a.    Discovery of all interview reports by the Government's agents in determining that the Defendant Property is subject to forfeiture.

    b.    Discovery of all blockchain analyses and investigations conducted by the Government to trace the Bitcoins at issue in this case to Silk Road transactions involving illicit goods and/or services.

    c.    Discovery into the investigation supporting the Government's position that the Bitcoins at issue are entirely the proceeds of unlawful activity by Silk Road and/or Ulbricht, including the apparent disconnect between the Government's argument that it "traced the Bitcoins in the 1HQ3 Wallet to 'proceeds of criminal activity by Silk Road and Ulbricht" and averment that "Silk Road's tumbler 'sends all payments through a complex, semi-random series of dummy transactions, . . . making it nearly impossible to link your payment with any coins leaving the site."

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed on this 10th day of August, 2021, at San Francisco, California.

_____
REES MORGAN

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663