# EXHIBIT 3

# Basic Criminal

# Forfeiture Checklist

Criminal Forfeiture procedure is governed by Rule 32.2, Federal Rules of Criminal Procedure. Other important provisions may be found in 18 U.S.C. § 982 and 21 U.S.C. § 853. Forfeiture authority is specific to each criminal statute and limited to those types of assets set forth in the forfeiture provision specific to that criminal violation. Criminal forfeiture is an *in personam* action and is part of the sentence of a convicted defendant; therefore, only property belonging to the convicted defendant is subject to forfeiture.

This is a basic checklist. It does not address every situation that could arise in a criminal forfeiture proceeding, and does not take into account variations in practice or procedure that may exist in your district. **Please consult with your District Forfeiture AUSA at the beginning of each investigation and work with him throughout the case.** The Forfeiture AUSA will provide assistance and advice on specific practices, procedures, and forms.

## Investigation/Pre-Indictment

- ❏ Identify assets that are subject to forfeiture.
- ❏ Determine ownership of the assets.
- ❏ Determine the net value of the assets.
- ❏ Determine the statutory basis for forfeiture.
- ❏ Identify and investigate possible third-party interests.
- ❏ Identify and investigate possible defenses to forfeiture.
- ❏ Use civil and/or criminal seizure warrants and/or criminal restraining orders to preserve assets pre-indictment.
- ❏ Coordinate with custodial agency. This is the U.S. Marshals Service in DOJ Agency cases, and other agency personnel in Treasury Agency cases.

## Indictment

- ❏ Work with the Forfeiture AUSA to include a forfeiture allegation (not a count) in the Indictment or Information.
  - It may include the specific assets you seek to forfeit, including the legal description of real property, or
  - It may simply allege the broad statutory language, "all proceeds...and all property facilitating...".
- ❏ Include a substitute asset provision, and substitute assets if identified.
- ❏ Include a general money judgment for the total amount of proceeds generated by the criminal activity, if appropriate.
- ❏ Provide a copy of the Indictment to the Forfeiture AUSA.
- ❏ Add assets to the Indictment by a Bill of Particulars or through a Superseding Indictment, if needed.
- ❏ Record a *lis pendens* in local property records for real property listed in the Indictment or Information.

## Plea Agreements

- ❏ Require that defendant plead to a criminal offense that fully supports the criminal forfeiture allegation(s) and assets sought to be forfeited.
- ❏ Consult with the Forfeiture AUSA for language to be included in the Plea.

## Asset Forfeiture and Money Laundering Section

# Plea Agreements (CONTINUED)

☐ Do not return property that has been administratively forfeited—check with investigating/seizing agencies.
☐ Address all property seized during the investigation either by forfeiting or returning it.
☐ Ensure the Plea Agreement includes the following:
  - A brief statement of defendant's ownership interest in the property to be forfeited;
  - Defendant's statement that the property constitutes proceeds, or facilitating property, or was involved in money laundering, as charged;
  - Defendant's consent to the forfeiture and to any related civil and/or administrative forfeiture; and
  - Defendant's agreement to cooperate in resolving third-party claims.

# Trial

☐ Convict defendant. Guilt phase is bifurcated from forfeiture phase. If not guilty, no forfeiture.
☐ Request a trial by the same jury in the forfeiture phase. (Defendant may also make this request.)
☐ Prepare forfeiture Jury Instructions.
☐ Prepare Special Verdict Form listing each property and each theory of forfeiture.

# Preliminary Order of Forfeiture

☐ File Preliminary Order upon the entry of a guilty plea or promptly after Special Verdict is returned.
☐ Serve notice of forfeiture on anyone who may have an interest in the property.
☐ Publish notice on www.forfeiture.gov.
  - No notice or publication required if the asset is a money judgment, until substitute assets are located.

# Sentencing and Judgment

☐ Ensure that all criminal forfeitures are included in the Court's oral pronouncement and in the written judgment at defendant's sentencing.

# Ancillary Proceeding

☐ Send notice to potential petitioners alleging ownership.
☐ Review filed petitions. Challenge standing of petitioner, if appropriate.
☐ Conduct discovery.
☐ File Motion for Summary Judgment, if appropriate.
☐ Enter settlement agreements, if appropriate.
☐ Conduct court hearing to determine petitioner's ownership of assets, with the burden on petitioner.

# Final Order of Forfeiture

☐ File Motion for Final Order of Forfeiture and proposed Final Order of Forfeiture 30 days after last publication and following resolution of all third-party petitions.
☐ Send Final Order to the seizing agency and U.S. Marshals Service or Treasury Agency.
☐ Record the Final Order of Forfeiture in the local property records for forfeited real property.

# Asset Forfeiture and Money Laundering Section