# Exhibit A

Kathryn Lee Boyd (SBN 189496)
LBoyd@hechtpartners.com
Maxim Price (admitted *pro hac vice*)
MPrice@hechtpartners.com
David L. Hecht (admitted *pro hac vice*)
DHecht@hechtpartners.com
Alan Alvela (admitted *pro hac vice*)
AAlvela@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone:     (212) 851-6821
Facsimile:     (646) 492-5111

*Attorneys for Intervenor Claimant
Lucas E. Buckley as Trustee of the
Gox Victim Bitcoin Trust*

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendant,<br><br>Lucas E. Buckley, as Trustee of the Gox Victim Bitcoin Trust,<br><br>Claimant. | Case No. 20-7811 RS<br><br>HON. RICHARD SEEBORG<br>United States District Judge<br><br>**CLAIMANT LUCAS E. BUCKLEY'S, AS TRUSTEE OF THE GOX VICTIM BITCOIN TRUST, RESPONSES AND OBJECTIONS TO PLAINTIFF'S SPECIAL INTERROGATORIES<br>SET NO. 1** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983 et, seq., and Supplemental Rule G(6), Claimant Lucas E. Buckley, as Trustee of the Gox Victim Bitcoin Trust ("Claimant" or "Buckley"), by and through its attorneys, Hecht Partners LLP, hereby responds to Plaintiff's Special Interrogatories, Set No. 1

(the "Interrogatories"). Claimant made a good faith effort to respond to these Interrogatories based on information available at the time. Discovery is still ongoing and Claimant reserves the right to amend, supplement, correct, or clarify any response in accordance with local practice, the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and any other applicable rules.

## GENERAL OBJECTIONS

Each of Claimant's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Interrogatory does not waive any of Claimant's Objections.

1. Claimant objects that the Interrogatories and the corresponding instruction to produce documents as overbroad and beyond the restricted scope of Rule G(6) permitting limited special interrogatories only on "claimant's identity and relationship to the defendant property" for purposes of determining standing.

2. Claimant objects to any Interrogatory to the extent that it seeks communications between Claimant and its counsel or documents evidencing such communications, which are protected by the attorney-client privilege or work-product privilege.

3. Claimant objects to any Interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine.

4. Claimant will answer the Government's Interrogatories to the best of its ability using information known by Claimant and using those documents within Claimant's possession, custody, or control. Claimant will conduct reasonable diligence to identify information necessary to respond to the interrogatories. Claimant does not, and will not, answer Plaintiff's Interrogatories on behalf of any other entities or individuals.

5. Claimant objects to any Interrogatory to the extent that it purports to impose upon them any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any Interrogatory that exceeds the scope of Supplemental Rule G(6).

4. Claimant objects to these Interrogatories to the extent that they are overbroad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

5. Claimant objects to any Interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is a matter of public record, already in the Plaintiff's possession, or otherwise readily available to the Plaintiff, and, therefore, may be accessed and obtained by Plaintiff with less burden than Claimant can identify and provide requested information.

6. Claimant objects to any Interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7. Claimant objects to any Interrogatory to the extent it is a contention interrogatory. Pursuant to Fed. R. Civ. P. 33(c), Claimant objects to any such interrogatory on the grounds that it is premature in light of the present stage of discovery. Claimant expects to receive further documents and information through discovery that will concern and provide information responsive to such interrogatories. Accordingly, in response to any such contention interrogatory, Claimant will provide a response encompassing the current state of their knowledge, belief, and understanding, but reserves the right to supplement their interrogatory response pursuant to Fed. R. Civ. P. 26(e), both as to the merits of this action and with respect to experts designated to testify at trial.

8. These General Objections are applicable to, and hereby incorporated in their entirety, into each and every one of the following Specific Objections and Responses, whether specifically raised below or not. The following Objections and Responses shall not operate as a waiver in whole or part of these General Objections.

**SPECIFIC OBJECTIONS AND RESPONSES**

**SPECIAL INTERROGATORY NO. 1:** State your full name for all names by which you are or have been known, including any and all aliases.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:** Subject to the above objections, Claimant responds as follows: Lucas Evan Buckley, in his capacity as Trustee for the Gox Victim Bitcoin Trust, a Wyoming Statutory Trust.

**Special Interrogatory No. 2:** State your Social Security Number and all Social Security Numbers you have used.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:** Subject to the above objections and Federal Rule of Civil Procedure 5.2, Claimant responds as follows: ▮▮▮▮▮▮▮▮.

**Special Interrogatory No. 3:** List all Alien Registration Numbers you have been assigned or you have used.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:** Subject to the above objections, Claimant responds as follows: No such numbers exist.

**Special Interrogatory No. 4:** State the extent and describe with particularity the nature of your possessory interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:** Subject to the above objections, Claimant responds as follows: The Gox Victim Bitcoin Trust's beneficial owner has assigned his rights and interest in the defendant Bitcoin to Lucas Buckley as Trustee of the Gox Victim Bitcoin Trust. The Trustee, acting through his agents possesses all rights and interests in collecting the beneficial owner's interest in the defendant Bitcoin. The Gox Victim Bitcoin Trust does not have possession of the defendant Bitcoin or any portion thereof, as the defendant Bitcoin is currently in possession of the United States of America.

**Special Interrogatory No. 5:** State the extent and describe with particularity the nature of your ownership interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:** Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his response to Interrogatory No. 4.

**Special Interrogatory No. 6:** On what date(s) did you obtain your interest in the defendant Bitcoin?

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:** Claimant objects to this interrogatory as overbroad to the extent it seeks information about rights held by Claimant in trust which may constitute an interest in the defendant Bitcoin but is not limited to the bitcoin currently at issue as set forth in the currently operative Claim filed by the Claimant. Such a request would be overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party such as the Mt. Gox corporation. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Subject to the above objections, Claimant responds as follows: the 25th day of January, 2021.

**Special Interrogatory No. 7:** Identify the person(s) from whom you obtained your interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:** Claimant objects to this interrogatory as overbroad to the extent it seeks information about rights held by Claimant in trust which may constitute an interest in the defendant Bitcoin but is not limited to the bitcoin currently at issue as set forth in the currently operative Claim filed by Claimant. Such a request would be overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party such as the Mt. Gox Corporation. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Subject to the above objections, Claimant identifies the following individual: Roman Hossain.

**Special Interrogatory No. 8:** Describe the circumstances of each transaction by which you acquired or obtained any possessory interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:** Claimant objects to this interrogatory as overbroad to the extent it seeks information about the rights held by Claimant in trust which may constitute an interest in the defendant Bitcoin but is not limited to the bitcoin currently at issue as set forth in the currently operative Claim filed by Claimant. Such a request would be overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party such as the Mt. Gox corporation. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Subject to the above objections, Claimant responds as follows: Claimant acquired the right to possess the Bitcoin at issue by agreement signed by the individual identified in response to Interrogatory No. 7, which agreement assigned all rights and interest in the defendant property to the Gox Victim Bitcoin Trust, executed on the 25th day of January 2021.

**Special Interrogatory No. 9:** Describe the circumstances of each transaction by which you acquired or obtained any ownership interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:** Claimant objects to this interrogatory as overbroad to the extent it seeks information about the rights held by Claimant in trust which may constitute an interest in the defendant Bitcoin but is not limited to the bitcoin currently at issue as set forth in the currently operative Claim. Such a request would be overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party such as the Mt. Gox corporation. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to

amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Claimant further objects on the grounds that the term "circumstances" is vague and ambiguous as applied to the execution of one or more transaction.

Subject to the above objections, Claimant responds as follows: The assignment of rights was executed by the signature of the individual identified in response to Interrogatory No. 7.

**Special Interrogatory No. 10:** Explain the reason(s) for obtaining your interest in the defendant Bitcoin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:** Claimant objects to this interrogatory as overbroad to the extent it seeks information about the rights held by Claimant in trust which may constitute an interest in the defendant Bitcoin but is not limited to the bitcoin currently at issue as set forth in the currently operative Claim. Such a request would be overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party such as the Mt. Gox corporation. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Claimant further objects on the grounds that the term "reason(s) for" is vague and ambiguous as applied to the execution of one or more transaction.

Subject to the above objections, Claimant responds as follows: Claimant Trust obtained the rights to and interest in the defendant bitcoin for the purposes of owning and vindicating those rights for the benefit of the Trust's beneficiaries. Claimant Trust obtains the right to collect damages on behalf of Mt. Gox Victims from any sources other than from the estate currently held by the Japanese Trustee for the Mt. Gox corporation.

**Special Interrogatory No. 11:** List each and every document evidencing, recording, facilitating, or otherwise supporting the assertion in paragraph 5 of your claim that the "claimed Property"

ended up in Silk Road's wallets following the hacks and theft of Bitcoins from the Mt. Gox Exchange.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:** Claimant objects that this Interrogatory is overbroad and premature in that it requests Claimant to recite all evidence to support its case. The request goes beyond the restricted scope of Rule G(6) permitting limited special interrogatories on "claimant's identity and relationship to the defendant property" for purposes of determining standing rather than merits-based discovery that is not yet open under Rule 26.

Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Without prejudice to Claimant's right to supplement this response and his rights to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, without waiver of any attorney client or work product privilege that attaches to any of these documents, and Subject to the above objections, Claimant responds as follows:

a) The public blockchain ledgers for Bitcoin and all of its hard forks;
b) "Mt Gox and Silk Road Financial Trail.docx" Created 01-21-2021 and its Attachments:
   i. Defendant's Exihibit 3.pdf;
   ii. DIAGRAM 1.pdf;
   iii. EXHIBIT C - Mt Gox Email 20130210.pdf; and
   iv. EXHIBIT D - Defendan'ts Exhibit B3.pdf
c) "Mt Gox_Silk Road Seized Funds Preliminary Report.docx" Created 01-10-2021 and its Attachments:
   i. 2368291c68642d7d91109c5763b3b9401ed40fa48b44f716c5ee3974e0c030c9 (1).png;
   ii. BTCC-Gox-SR-IX-2012-Hash.docx;

|   |   |   |
|---|---|---|
| 1 | iii. | Annex A - Complaint for Forfeiture.pdf; |
| 2 | iv. | Annex C - Connection_transfers_from_Silk_Road_Marketplace_to_1BADznNF3W1gi47R65MQs754KB7zTa GuYZ.csv; |
| 5 | v. | Annex D - Graph_Gox_Corp_1HQ_Analysis.png; |
| 6 | vi. | Annex B - MtGoxWallets-GoxCorp.xlsx; |
| 7 | vii. | Annex E - Connection_transfers_from_Silk_Road_Marketplace_to_BTC-e.com.csv; |
| 9 | viii. | Annex_F Connection_transfers_from_MtGox_com_to_Silk_Road_Marketplace. xlsx; |
| 11 | ix. | sample_remission_petition_ -_gm.pdf; and |
| 12 | x. | 295281232-Appeal-Brief.pdf |

d) FinanceFeeds _ MTGOX's bankruptcy trustee updates on US seized funds releaseThe world's Forex industry news source.pdf;

e) 20170308_annoucement.pdf; and

f) 162503556-Mt-Gox-Wells-Fargo-Seizure-Warrants. Pdf.

**Special Interrogatory No. 12:** Identify all witnesses, including the names, addresses, and telephone numbers of such witnesses, to the assertion in paragraph 5 of your claim that the "claimed Property" ended up in Silk Road's wallets following the hacks and theft of Bitcoins from the Mt. Gox Exchange.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:** Claimant objects that this Interrogatory is overbroad and premature because it requests Claimant to identify all witnesses, including expert witnesses, to support its case and, as such, the request goes beyond the restricted scope of Rule G(6) permitting limited special interrogatories on "claimant's identity and relationship to the defendant property" for purposes of determining standing and not merits-based discovery that is not yet open under Rule 26. Claimant objects to this interrogatory on the grounds that it is premature as it seeks discovery of information about the identity and personal information

of witnesses that can only be found via discovery in this matter. For instance, discovery from the Plaintiff, Individual X, and the current Trustee for the Mt. Gox corporation, and other third parties is necessary to respond to this interrogatory. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Subject to the above objections, Claimant identifies the following potential witnesses: (a) "Individual X"; (b) Nobuaki Kobayashi, the Trustee of the Mt. Gox corporation, or his appointed representative or custodian of records; (c) the custodian of records for the Plaintiff, the United States; (d) Ross W. Ulbricht; and (e) Mark Karpelès.

**Special Interrogatory No. 13:** Identify each and every document that, to your knowledge, evidences, records, or otherwise indicates that you have been appointed as, and currently are, the Trustee of the Gox Victim Bitcoin Trust.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Without prejudice to Claimant's right to supplement this response and his rights to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, without waiver of any privilege protection, and Subject to the above objections, Claimant responds as follows: (a) "Gox Victim Bitcoin Trust Assignment Agreement" Created on 1-25-2021; (b) The Certificate of Trust filed with the Wyoming Secretary of State for the Gox Victim Bitcoin Trust; (c) The Trust Agreement of the Gox Victim Bitcoin Trust, a Wyoming Statutory Trust.

**Special Interrogatory No. 14**: Identify each and every document that, to your knowledge, evidences, records, or otherwise indicates that Bitcoins from the hacks and theft from the Mt. Gox Exchange did not go to Silk Road's wallets.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:** Claimant objects that this Interrogatory is overbroad and premature in that it requests Claimant to recite all evidence to

support or contradict its case. The request goes beyond the restricted scope of Rule G(6) permitting limited special interrogatories on "claimant's identity and relationship to the defendant property" for purposes of determining standing rather than merits-based discovery that is not yet open under Rule 26.

Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation and are therefore privileged.

Claimant objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information about all "Bitcoins from the hacks and theft from the Mt. Gox Exchange" and is not limited to the bitcoin currently at issue as set forth in the currently operative Claim that are the subject of this forfeiture. Such a request would be overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party such as the Mt. Gox corporation. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Without prejudice to Claimant's right to supplement this response and his rights to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure and Subject to the above objections, Claimant responds as follows: Claimant is not aware of any such documents.

**Special Interrogatory No. 15:** Describe any prior circumstances in which you claimed an interest in any Bitcoin, including the defendant Bitcoin, which originated from, or was ever transferred to or from, the Mt. Gox Bitcoin Exchange.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:** Claimant objects to this interrogatory as overbroad to the extent it seeks information about the rights held by Claimant in trust which may constitute an interest in the defendant Bitcoin but is not limited to the bitcoin currently at issue as set forth in the currently operative Claim filed by Claimant.

Subject to the above objections, Claimant responds as follows: No such prior circumstances exist.

**Special Interrogatory No. 16:** Describe any reports, letters, memoranda, notes, or other document prepared by you or on your behalf that relates to the defendant Bitcoin or any Bitcoin which originated from, or was ever transferred to or from the Mt. Gox Bitcoin Exchange.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Claimant objects that this Interrogatory is overbroad and premature in that it requests Claimant to recite all evidence to support its case. The request goes beyond the restricted scope of Rule G(6) permitting limited special interrogatories on "claimant's identity and relationship to the defendant property" for purposes of determining standing rather than merits-based discovery that is not yet open under Rule 26.

Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation and are therefore privileged.

Claimant objects to this interrogatory as overbroad to the extent it seeks information about the rights held by Claimant in trust which may constitute an interest in the defendant Bitcoin but is not limited to the bitcoin currently at issue as set forth in the currently operative Claim filed by the Claimant. Claimant objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information about all "Bitcoin which originated from, or was ever transferred to or from the Mt. Gox Bitcoin Exchange" and is not limited to the bitcoin currently at issue as set forth in the currently operative Claim that are the subject of this forfeiture. Such a request would be overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party such as the Mt. Gox corporation. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

  Without prejudice to Claimant's right to supplement this response and his rights to invoke the option to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure and Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 11.

**SPECIAL INTERROGATORY NO. 17:** Identify all individuals involved in stealing the defendant Bitcoin from any and all cryptocurrency accounts under your control, past and present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:** Claimant objects that this Interrogatory is premature because it goes beyond the restricted scope of Rule G(6) permitting limited special interrogatories on "claimant's identity and relationship to the defendant property" for purposes of determining standing and not merits-based discovery that is not yet open under Rule 26. Claimant objects to this interrogatory on the grounds that is premature as it seeks discovery of information about the identity and personal information of witnesses that can only be found via discovery in this matter. For instance, discovery from the Plaintiff, Individual X, the current Trustee for the Mt. Gox corporation, and other third parties is necessary to respond to this interrogatory. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

  Claimant objects to this Interrogatory as unduly burdensome to the extent that it seeks information already or solely in the Plaintiff's possession or otherwise readily available to the Plaintiff, and, therefore, may be accessed and obtained by Plaintiff with less burden than Claimant can identify and provide requested information. Such a request is overly burdensome and would require review of information currently not available to Claimant as it is in the possession of the Plaintiff or a third party. In the event such information becomes available to Claimant during discovery in this matter, Claimant reserves his right to amend these responses and objections accordingly pursuant to Federal Rule of Civil Procedure 26(e).

  Claimant further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the term "involved in" as it applies to "stealing the defendant Bitcoin."

1 | Subject to the above objections, Claimant responds as follows: As alleged in the Government's First Amended Complaint, Individual X, whose identity is known only to the government, was determined to have been involved in transactions that relate to 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx. (Amended Complaint ¶ 21, 22). Other individuals who may have been involved in some capacity or have personal knowledge include Ross W. Ulbricht; and Mark Karpelès.

**Special Interrogatory No. 18:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 4.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:** Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 13.

**Special Interrogatory No. 19:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 5.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:** Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 13.

**Special Interrogatory No. 20:**  List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 6.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:** Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 13.

**Special Interrogatory No. 21:** List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 7.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:** Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 13.

**Special Interrogatory No. 22:** List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 8.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:** Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 13.

**Special Interrogatory No. 23:** List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 9.

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:** Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 13.

**Special Interrogatory No. 24:** List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 10.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:** Claimant objects on the grounds that this interrogatory seeks discovery about documents created by counsel or with the assistance of counsel in preparation for or in furtherance of this litigation.

Subject to the above objections, Claimant responds as follows: Claimant incorporates by reference his responses and objections to Interrogatory No. 13.

**Special Interrogatory No. 25:** List each and every document evidencing, recording, facilitating, or otherwise relating to your answer in response to Special Interrogatory No. 15.

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:** Subject to the above objections, Claimant responds as follows: No such documents currently exist.

Dated: March 4, 2021

**HECHT PARTNERS LLP**

By: /s/ Maxim Price
Maxim Price (admitted *pro hac vice*)
Kathryn Lee Boyd (SBN 189496)
David L. Hecht (admitted *pro hac vice*)
Alan Alvela (admitted *pro hac vice*)

*Attorneys for Intervenor Claimant
Lucas E. Buckley as Trustee of the
Gox Victim Bitcoin Trust*

## VERIFICATION

I, Lucas E. Buckley, as Trustee of the Gox Victim Bitcoin Trust, am the representative of the Gox Victim Bitcoin Trust for the purpose of answering the Plaintiff's Special Interrogatories, Set No. 1. My answers to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this __4__ day of __MARCH__, 2021

_____
Lucas E. Buckley

**CERTIFICATE OF SERVICE**

I hereby certify that on this March 4, 2021, a true and correct copy of **Claimant Lucas E. Buckley's, as Trustee for the Gox Victim Bitcoin Trust, Responses and Objections to Plaintiff's Special Interrogatories, Set No. 1** was served via E-Mail on the parties of record listed below.

> DAVID COUNTRYMAN
> CHRIS KALTSAS
> CLAUDIA QUIROZ
> Assistant United States Attorney
> 7450 Golden Gate Avenue,
> Box 36055 San Francisco
> California 94102-3495
> David.Countryman@usdoj.gov
> Chris.Kaltsas2@usdoj.gov
> Claudia.Quiroz@usdoj.go

/s/Maxim Price
Maxim Price