REES F. MORGAN (State Bar No. 229899)
JONATHAN R. BASS (State Bar No. 75779)
STAN ROMAN (State Bar No. 87652)
SARAH E. PETERSON (State Bar No. 309733)
MARI SAHAKYAN CLIFFORD (State Bar No. 331152)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:      ef-rfm@cpdb.com
            ef-jrb@cpdb.com
            ef-sgr@cpdb.com
            ef-sep@cpdb.com
            ef-msc@cpdb.com

Attorneys for Claimants
BATTLE BORN INVESTMENTS COMPANY,
LLC, FIRST 100, LLC and 1ST ONE
HUNDRED HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>  Defendant.<br><br>Battle Born Investments Company, LLC, First 100, LLC, and 1st One Hundred Holdings, LLC<br><br>  Claimants. | Case No. 3:20-cv-07811-RS<br><br>**CLAIMANTS BATTLE BORN INVESTMENTS COMPANY, LLC, FIRST 100, LLC AND 1ST ONE HUNDRED HOLDINGS, LLC'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>Date:      June 9, 2022<br>Time:      1:30 p.m.<br>Ctrm:      3 (Via Zoom)<br><br>Chief Judge Richard Seeborg<br><br>Trial Date:          None Set |

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

<u>**NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**</u>

**PLEASE TAKE NOTICE** that on June 9, 2022, at 1:30 p.m. in Courtroom 3, 17th Floor, of the above-entitled Court located at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Claimants Battle Born Investments Company, LLC; First 100, LLC; and 1st One Hundred Holdings, LLC will and hereby do move the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) on their claims, which were stricken by this Court's order issued on March 25, 2022.  (Dkt. No. 104.)

Claimants rely upon the Memorandum of Points and Authorities below, the pleadings on file in this action, and such additional matters that the Court may consider.

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

### INTRODUCTION

On March 25, 2022, the Court granted Plaintiff's Motion to Strike the claim of 1st One Hundred Holdings LLC; Battle Born Investments Company, LLC; and First 100 LLC ("Battle Born Claimants"). (Dkt. No. 104.)  This motion asks the Court to enter final judgment on that claim pursuant to Rule 54(b).   The Battle Born Claimants wish to immediately appeal, and there is no just reason to delay entry of judgment.

### BACKGROUND

On November 5, 2020, the Government filed a Complaint for Civil Forfeiture with respect to approximately 69,370 bitcoins contained in the 1HQ3 wallet.  (Dkt. No. 1.)  On November 20, 2020, the Government filed an Amended Complaint, alleging that it had traced the bitcoin to transactions involving Silk Road.  (Dkt. No. 8)  The Battle Born Claimants filed a Verified Claim and Statement of Interest in the Defendant Property on March 16, 2021.  (*See* Dkt. No. 62.)

The claim stems from a $2.2 billion judgment the Battle Born Claimants obtained in federal court against Raymond Ngan in 2017.  Mr. Ngan subsequently filed for bankruptcy.  (Dkt. No. 98-4, Declaration of Joseph Gutierrez, Esq. ("Gutierrez Decl.") ¶¶ 3, 9.)  In 2018, the Battle Born Claimants purchased all assets of the Ngan bankruptcy estate from the bankruptcy trustee, including all disclosed and undisclosed property interests of the debtor "wherever located and by whomever held."  (Dkt. No. 62-6, ¶ 3.)  The Bankruptcy Court approved the purchase and designated Claimant Battle Born a good faith purchaser of all assets of the estate, whether or not disclosed in Ngan's bankruptcy schedules and statements.  (Dkt. No. 62-6, ¶ 4; *In re: Raymond Ngan*, United Stated Bankruptcy Court of Nevada, Case No: 17-14166-BTB, Dkt. 294 "Order Approving Sale.")  A subsequent forensic examination of Mr. Ngan's electronic devices revealed evidence that he possessed the bitcoin that is the subject of this action, in that he had engaged in a process to sell bitcoin from the 1HQ3 wallet to other parties, including by setting up an escrow and retaining a law firm to prepare purchase agreements.  (Gutierrez Decl. ¶ 24.)

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

On July 13, 2021, the Government moved to strike the Battle Born Claimants' claim under Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  (Dkt. No. 99.)  On March 25, 2022, the Court held that while it was reasonable to take Mr. Ngan's conduct as representing that he owned 1HQ3, that was not enough to "to create a colorable claim by Battle Born to the seized Bitcoin."  The Court granted the motion to strike the claim.  (Dkt. No. 104.)

On April 8, 2022 the Battle Born Claimants filed a Notice of Appeal in the Ninth Circuit Court of Appeals.  (Dkt. No. 110.)  On April 12, 2022, the Ninth Circuit Clerk of Court issued an order stating that the Ninth Circuit "may lack jurisdiction" over the appeal, citing authority that an order is not appealable unless it disposes of all claims as to all parties or judgment is entered in compliance with Rule 54(b).  The order directed the Battle Born Claimants to either move for voluntary dismissal of the appeal or show cause why the appeal should not be dismissed for lack of jurisdiction.[1]  *See USA v. Battle Born Investments Company, LLC, et al.*, Ninth Circuit Court of Appeals Case No. 22-15513, Dkt. No. 2 (Order).

## ARGUMENT

### I.  The District Court Has Jurisdiction To Hear This Motion.

While the filing of a notice of appeal ordinarily divests a district court of jurisdiction, a district court may enter judgment pursuant to Rule 54(b) notwithstanding that an appeal is pending.  *See, e.g., National Association of Home Builders v. Norton*, 325 F.2d 1165, 1167 n.1 (9th Cir. 2003) ("Although a notice of appeal had already been filed, the district court had jurisdiction to enter an initial Rule 54(b) certification."); *Kersh v. General Council of the Assemblies of God*, 804 F.2d 546, 547 n.1 (9th Cir. 1986*), overruled on other grounds by*

---

[1] The Battle Born Claimants intend to respond to the order to show cause on grounds that this Court's order dismissing their claim is a collateral order that can be appealed without a Rule 54(b) certification.  *See S.E.C. v. Capital Consultants LLC*, 453 F.3d 1166, 1170 (9th Cir. 2006) ("[I]n certain circumstances, a decision that does not end the litigation may be considered final under the statute. The collateral order doctrine defines one such circumstance; Rule 54(b), another."). However, if the Ninth Circuit rejects that argument, a Rule 54(b) order from this Court will be necessary to allow an immediate appeal.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

*Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1574 (9th Cir.1990) (proper Rule 54(b) certification in consolidated cases obtained after notice of appeal was filed is sufficient to confer appellate jurisdiction).  Such entry of judgment is recognized in the absence of cognizable prejudice to other parties.  *See Freeman v. Hittle*, 747 F.2d 1299, 1302 (9th Cir. 1984).

## II.   Entry of Judgment Under Rule 54(b) Is Appropriate.

### A.   This Court's Order Finally Adjudicated The Battle Born Claimants' Claim.

Rule 54(b) provides:

When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"Rule 54 requires a certifiable judgment finally to resolve at least one claim in a multiple-claim action or finally to adjudicate the position of at least one party to a multiple-party action." *Conti Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987) (citations omitted).  "[I]ssuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances."  *James v. Price Stern Sloan*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (citing *In re First T.D. & Inv., Inc.,* 253 F.3d 520, 531–33 (9th Cir.2001); *Ariz. State Carpenters Pension Trust Fund v. Miller,* 938 F.2d 1038, 1040 (9th Cir.1991).)  Here, the Court's order striking the Battle Born Claimants' claim finally adjudicated the Battle Born Claimants' position in that it found a lack of standing and dismissed their claim.  "Once having found finality, the district court must go on to determine whether there is any just reason for delay."  *Curtiss-Wright*, 446 U.S. at 8.

### B.   There Is No Just Reason to Delay Entry of Judgment.

"Rule 54(b) was adopted 'to avoid the possible injustice' of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.'"  *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409-10 (2015) (internal citation omitted).  In applying the rule, courts are to engage in a two-step process.  First, a court should evaluate "such factors as the interrelationship of the (dismissed and non-dismissed) claims so as to prevent piecemeal appeals."

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted).  Second, the court should assess the equities.  *Id.*

### 1. There Is No Risk Of Piecemeal Appeals With Overlapping Issues.

In determining whether a Rule 54(b) judgment would give rise to piecemeal appeals, the court looks to "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

The issue underlying the dismissal of the Battle Born Claimants' claim was the narrow issue of standing. The Government moved to dismiss the claim on that basis, and the Court granted the motion.[2]   (Dkt. No. 90 at 9.)  The Battle Born Claimants wish to appeal on  grounds that they provided "some evidence" to demonstrate a "colorable interest" in the Defendant Property, and therefore had standing.  *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637-38 (9th Cir. 2012) ("Article III's standing requirement is satisfied by a civil forfeiture claimant showing that he has a colorable interest in the property . . ."); *Id.* at 639 (claimant must present "some evidence" of its interest in the defendant property in order to survive a motion for summary judgment for lack of standing).

The issues presented by an appeal of the Battle Born Claimants' standing will not be presented to the Ninth Circuit again.  First, the standing issues raised here are not present with respect to the standing of other claimants.  The remaining claimants in the case—Buckley and the Gox Victim Bitcoin Trust—seek only a tiny portion of the *res*, on entirely unrelated grounds. They allege that they purchased bitcoin from someone who held it in the Mt. Gox Exchange, from which it was stolen and deposited into the 1HQ3 wallet.  (Dkt. No. 105, Ex. A, Responses to Special Interrogatories, at 5-6; Dkt. No. 43 ¶¶ 5-6.)  Their case involves tracing the path of a fraction of a single bitcoin to determine if it was actually generated by illicit Silk Road activity.

---

[2] The Government also challenged the claim as untimely, but the Court did not address that issue.

**NOTICE OF MOTION AND MOTION PURSUANT TO RULE 54(b)**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1   The claims of other claimants that were dismissed by the Court are similarly based upon entirely

2   different facts.

3       Second, the narrow issue presented by an appeal of the Battle Born Claimants' standing

4   will not be presented to the Ninth Circuit again with respect to any adjudication of the merits of

5   this case.  "Courts should not . . . conflate the constitutional standing inquiry with the merits

6   determination that comes later."  *United States v. One-Sixth Share of Mass Millions Lottery Ticket,*

7   326 F.3d 36, 41 (1st Cir. 2003).  In ruling on standing, this Court did not adjudicate any issue on

8   the merits.  It merely addressed whether the Battle Born Claimants—at the outset of the case—had

9   shown "some evidence" of a "colorable interest" in the property.  The propriety of the ruling on

10  the limited issue of the Battle Born Claimants' standing will not be presented again to the Ninth

11  Circuit.  Thus, the first prong of the Rule 54(b) inquiry—avoiding piecemeal appeals—favors

12  allowing the Battle Born Claimants to proceed with their appeal on standing now.

13              **2.      The Equities Favor a Rule 54(b) Judgment.**

14      There is "no just reason" to delay an appeal until the case has concluded.  Fed. R. Civ. P.

15  54(b).  In assessing the equities, the Court should consider whether "immediate entry of a partial

16  final judgment would prejudice the rights of any party."  *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st

17  Cir. 2012).  Neither the Government nor any other claimant (dismissed or non-dismissed) will be

18  prejudiced by allowing the Battle Born Claimants to appeal their standing now.  To the contrary,

19  waiting for that appeal until after the case is concluded will only increase delay and lead to the

20  possibility of revisiting matters already litigated if the appeal is successful.  *Alcan Aluminum*

21  *Corp. v. Carlsberg Financial Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (Rule 54(b) certification is

22  warranted if it "may make further litigation . . . unnecessary").

23      The Battle Born Claimants will be prejudiced if they cannot appeal now for two reasons.

24  First, they may be unable to obtain effective review of the order striking their claims if they must

25  wait to appeal until this Court has entered a final judgment on the Government's claim.  At least

26  one circuit has held that, where intervention is denied, the putative intervenor cannot wait to

27  appeal from the final judgment in the action because the intervenor is not a party to the final

28  judgment.  *See, e.g.*, *Shores v. Sklar*, 885 F.2d 760, 761 n.1 (11th Cir. 1989) (reinstating the

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

**NOTICE OF MOTION AND MOTION PURSUANT TO RULE 54(b)**

panel's opinion concluding that appeal from denial of motion to intervene was "untimely" because not filed within 30 days of the entry of the order denying intervention) (citing *Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co.*, 331 U.S. 519 (1947) (noting that a would-be intervenor whose motion to intervene is denied "cannot appeal from any subsequent order or judgment")).  The Ninth Circuit has held that a claimant in a civil-forfeiture action is an intervenor.  *See, e.g.*, *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012) ("Any person wishing to intervene and assert an interest in the property" that is the subject of a civil-forfeiture action "must file . . . a verified claim.").  The Ninth Circuit has not expressly addressed the right of a forfeiture claimant whose claim is stricken to wait to appeal the final judgment.  Were it to apply the Eleventh Circuit's rule in *Shores* to forfeiture claimants, the Battle Born Claimants may lose their opportunity to appeal the order striking their claim.

Effective review may be unobtainable upon final judgment for the additional reason that, if the Government is awarded the property but refuses to either agree to a stay of the judgment or "agree[] . . . to substitute proceeds from the sale" of the bitcoin in place of the bitcoin "for purposes of appeal," the Court of Appeals may find it "lack[s] jurisdiction" over the property.  *See United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1164 (9th Cir. 2008).  In *$493,850.00 in U.S. Currency*, this Court held that it lacked jurisdiction to hear an appeal regarding civil forfeiture of a truck after concluding that rendering "judgment as to the truck . . . would be useless," because the lower court's "judgment as to the truck ha[d] been executed," and "Claimants never entered into an agreement with the government to substitute proceeds from the sale of the truck in place of the truck for purposes of appeal."  *Id.*

Second, the value of bitcoin is extremely volatile.  Delaying an appeal could prove costly if the Battle Born Claimants have a valid claim to the res.  In the last five months, the value of the entire *res* has dropped approximately 40%, from $4,694,527,343.80 to $2,758,366,940.70.[3]  The extreme volatility of bitcoin weighs in favor of affording the Battle Born Claimants a Rule 54(b)

---

[3] *Historical Bitcoin Price & ROI Lookup*, OnChainFX.com, https://onchainfx.com/hist/BTC/2022/04/25 (last visited April 25, 2022)

**NOTICE OF MOTION AND MOTION PURSUANT TO RULE 54(b)**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

1   judgment based on economic considerations. *AmerisourceBergen Corp.*, 465 F.3d at 954-55

2   (financial considerations may justify a Rule 54(b) certification).

3                                   **<u>CONCLUSION</u>**

4           For the foregoing reasons, we respectfully request that the Court enter judgment on the

5   Battle Born Claimants' claim pursuant to Federal Rule of Civil Procedure 54(b).

6

7   DATED:  May 2, 2022                      COBLENTZ PATCH DUFFY & BASS LLP

8

9

10                                  By:    /s/ *Rees Morgan*
                                           _____
                                           REES F. MORGAN
11                                         Attorneys for The Battle Born Claimants
                                           BATTLE BORN INVESTMENTS COMPANY,
12                                         LLC, FIRST 100, LLC and 1ST ONE HUNDRED
                                           HOLDINGS, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION PURSUANT TO RULE 54(b)**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663