ALEXANDER H. KUGELMAN (SBN 255463)
alex@kugelmanlaw.com
KUGELMAN LAW, P.C.
21 Tamal Vista Blvd., Suite 202
Corte Madera, CA 94925
Telephone: (415) 968-1780
Facsimile: (415) 534-9441

Attorney for Ilija Matusko, Claimant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendant. | Case No.  3:20-cv-07811-RS<br><br>**CLAIMANT ILIJA MATUSKO'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** |
| Ilija Matusko,<br><br>Claimant. | Date: June 9, 2022<br>Time: 1:30 pm<br>Ctrm: 3 (Via Zoom)<br><br>Chief Judge Richard Seeborg<br><br>Trial Date:           None Set |

- 2 -

## NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**PLEASE TAKE NOTICE** that on June 9, 2022, at 1:30 pm in Courtroom 3, 17th Floor, of the above-entitled Court located at the Philip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Claimant Ilija Matusko will and hereby does move the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) on his claim, which were stricken by this Court's order issued on March 25, 2022 (Dkt. No. 104.)

Claimant relies upon the Memorandum of Points and Authorities below, the pleadings on file in this action, and such additional matter that the Court may consider.

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

### INTRODUCTION

On March 25, 2022 the Court granted Plaintiff's Motion to Strike the claim of Ilija Matusko ("Mr. Matusko"). (Dkt. No. 104.) This motion asks the Court to enter final judgment on that claim pursuant to Rule 54(b). Mr. Matusko wishes to immediately appeal, and there is no just reason to delay entry of judgment. The legal basis for this motion is substantially similar to that of Claimants 1st One Hundred Holdings LLC, Battle Born Investments Company, LLC, and First 100 LLC filed on May 2, 2022. (Dkt. No. 113.)

### BACKGROUND

On November 5, 2020, the Government filed a Complaint for Civil Forfeiture of approximately 69,370 Bitcoin (BTC) Bitcoin (BTC) seized from 1HQ3 Wallet. (Dkt. No. 1.) On November 20, 2020, the Government filed an Amended Complaint that alleged the bitcoin held in the 1HQ3 Wallet appeared to be bitcoin stolen from Silk Road, which was corroborated by an unidentified Individual X, who purportedly participated in the theft. (Dkt. No. 8.) On July 2, 2021, Mr. Matusko filed a Verified Claim and State of Interest in the Defendant Property. (Dkt. No. 87.)

Mr. Matusko's claim stems from 48 bitcoin that he legally purchased in December 2011 that were used to fund his Silk Road user account "hanson5." (Dkt. No. 100-2, Declaration of Ilija Matusko ("Matusko Decl.") ¶¶ 5-8.) When Mr. Matusko funded his Silk Road user account, his 48 bitcoin were sent to a general Silk Road marketplace account and credited to toward his usable balance. (Dkt. No. 99-2, Declaration of Jeremiah Haynie ("Haynie Decl.") ¶ 30.) Once deposited, Silk Road had the exclusive right to send and receive Silk Road users' bitcoin so it could act as an escrow agent to settle transactions. *See Id.* At no time did Mr. Matusko purchase any items from the Silk Road, and the 48 bitcoin credited to his account remained idle until the Silk Road's website was seized by US law enforcement in October 2013. (Haynie Decl. ¶ 12; Matusko Decl. ¶ 9.) On this basis Mr. Matusko asserts a property interest in bitcoin deposited to Silk Road's marketplace account that was seized by the Government. Despite Mr. Matusko's

interest in this bitcoin, he did not receive direct notice of either the 2013 forfeiture action or the forfeiture action in the case at hand.

The Government filed a Motion to Strike under Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Dkt. No. 95.)  The Court granted the Government's Motion to Strike, and reasoned that Mr. Matusko presented no "colorable claim" to establish standing, despite the Government's acknowledgement of Claimaint's proven deposit and account history. (Dkt. No. 104.)  The Court further reasoned that Mr. Matusko was not entitled to direct notice of this forfeiture action. *Id.*

On April 8, 2022, Mr. Matusko filed a Notice of Appeal in the Ninth Circuit Court of Appeals. (Dkt. No. 109.)  On April 12, 2022, the Ninth Circuit Clerk of Court issued an order stating that the Ninth Circuit may "lack jurisdiction" over the appeal, citing authority that an order is not appealable unless it disposes of all claims as to all parties, or judgment is entered in compliance with Rule 54(b).  The order directed Mr. Matusko to either move for voluntary dismissal of the appeal or show cause why the appeal should not be dismissed for lack of jurisdiction.  *See USA v. Ilija Matusko, et al.,* Ninth Circuit Court of Appeals Case No. 22-15514, Dkt. No. 2.

## ARGUMENT

### I.     The District Court Has Jurisdiction and May Enter Rule 54(b) Judgment

A district court may enter judgment pursuant to Rule 54(b) when an appeal is pending. *See e.g., National Association of Home Builders v. Norton, 325 F.2d 1165, 1167* n.1 (9th Cir. 2003) ("Although a notice of appeal had already been filed, the district court had jurisdiction to enter an initial Rule 54(b) certification."); *Kersh v. General Council of the Assemblies of God,* 804 F.2d 546, 547 n.1 (9th Cir. 1986), *overruled on other grounds by Hollinger v. Titan Capital Corp.,* 914 F.2d 1564, 1574 (9th Cir. 1990) (proper Rule 54(b) certification in consolidated cases obtained after notice of appeal was filed is sufficient to confer appellate jurisdiction).  Provided there is no prejudice to other parties, Rule 54(b) certification is proper after a notice of appeal is filed.  *See Freeman v. Hittle,* 747 F.2d 1299, 1302 (9th Cir. 1984) ("[I]f neither party is prejudiced, a 54(b) certification is sufficient to validate a premature notice of appeal").

## II. Entry of Judgment Under Rule 54(b) is Proper

Certification under Rule 54(b) is proper because this Court's order finally adjudicated Mr. Matusko's claim and there is no just reason for delay.

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In a matter where there are multiple claims, judgment may be certified under Rule 54(b) when that judgment "resolve[s] at least one claim in a multiple claim action or finally . . . adjudicate[s] the position of at least one part to a multiple-party action." *Conti Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987) (citations omitted).

### A. Mr. Matusko's Claim Was Finally Adjudicated

The Court concluded that Mr. Matusko lacked standing and dismissed his claim. Therefore, Mr. Matusko's claim has been fully adjudicated. Once finality is established, the district court is tasked to determine whether there is just reason for delay. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) ("Once having found finality, the district court must go on to determine whether there is any just reason for delay.")

### B. There Is No Just Reason to Delay Entry of Judgment.

According to the Supreme Court, "Rule 54(b) was adopted 'to avoid the possible injustice' of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.'" *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409-10 (2015) (internal citation omitted). In applying the rule, courts evaluate the equities as well as "such factors as the interrelationship of the (dismissed and non-dismissed) claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted).

### 1. There Is No Risk of Piecemeal Appeals.

In determining whether a Rule 54(b) judgment would give rise to piecemeal appeals, courts evaluate "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

Here, Mr. Matusko's claim was dismissed on the issue of standing. The Government moved to dismiss the claim on that basis, and the Court granted the motion. (Dkt. No. 95 at 25). Mr. Matusko wishes to appeal on grounds that he provided "some evidence" to demonstrate a "colorable interest" in Defendant Property, and he therefore has standing. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637-38 (9th Cir. 2012) ("Article III's standing requirement is satisfied by a civil forfeiture claimant showing that he has a colorable interest in the property . . ."); *Id.* at 639 (claimant must present "some evidence" of its interest in the defendant property in order to survive a motion for summary judgment for lack of standing).

The issues presented by an appeal of Mr. Matusko's standing will not be presented to the Ninth Circuit again. First, the standing issues raised here are not present with respect to the standing of other claimants. The remaining claimants in the case seek only a tiny portion of the property, on entirely unrelated grounds. These claimants allege that they purchased bitcoin from someone who held it in the Mt. Gox Exchange, from which it was stolen and deposited into the 1HQ3 wallet. (Dkt. No. 105.) Their case involves tracing the path of a fraction of a single bitcoin to determine if it was actually generated by illicit Silk Road activity. The claims of other claimants that were dismissed by the Court are similarly based upon entirely different facts.

Second, the issue presented by an appeal of Mr. Matusko's standing will not be presented to the Ninth Circuit again with respect to any adjudication on the merits of this case. *See United States v. One-Sixth Share of Mass Millions Lottery Ticket,* 326 F.3d 36, 41 (1st Cir. 2003) ("Courts should not . . . conflate the constitutional standing inquiry with the merits determination that comes later.") In ruling on standing, this Court did not adjudicate any issue on the merits. It

merely addressed whether Mr. Matusko had shown "some evidence" of a "colorable interest" in the property. The issue of Mr. Matusko's standing will not be presented again to the Ninth Circuit. Thus, the first prong of the Rule 54(b) inquiry to avoid piecemeal appeals favors allowing Mr. Matusko to proceed with his appeal on the issue of standing now.

### 2. The Equities Favor a Rule 54(b) Judgment.

There is "no just reason" to delay an appeal until the case has concluded. Fed. R. Civ. P. 54(b). In assessing the equities, the Court should consider whether "immediate entry of a partial final judgment would prejudice the rights of any party." *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012). Neither the Government nor any other claimant (dismissed or non-dismissed) will be prejudiced by allowing Mr. Matusko to appeal his standing. To the contrary, waiting for that appeal until after the case has concluded will increase delay and lead to the possibility of revisiting matters already in litigation if the appeal is successful. *Alcan Aluminum Corp. v. Carlsberg Financial Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (Rule 54(b) certification is warranted if it "may make further litigation . . . unnecessary").

Mr. Matusko will be prejudiced if he cannot appeal now for two reasons. First, he may be unable to obtain effective review of the order striking his claim if he must wait to appeal until this Court has entered a final judgment on the Government's claim. At least one circuit has held that, where intervention is denied, the putative intervenor cannot wait to appeal from the final judgment in the action because the intervenor is not a party to the final judgment. *See, e.g. Shores v. Sklar*, 885 F.2d 760, 761 n.1 (11th Cir. 1989) (reinstating the panel's opinion concluding that appeal from denial of motion to intervene was "untimely" because not filed within 30 days of the entry of the order denying intervention) (citing *Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co.*, 331 U.S. 519 (1947) (noting that a would-be intervenor whose motion to intervene is denied "cannot appeal from any subsequent order or judgment")). The Ninth Circuit has held that a claimant in a civil forfeiture action is an intervenor. *See, e.g.*, *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012) ("Any person wishing to intervene and assert an interest in the property" that is the subject

of a civil forfeiture action "must file . . . a verified claim."). The Ninth Circuit has not expressly addressed the right of a forfeiture claimant whose claim is stricken to wait to appeal the final judgment. Were it to apply the Eleventh Circuit's rule in *Shores* to forfeiture claimants, Mr. Matusko may lose his opportunity to appeal the order striking his claim. Effective review may be unobtainable upon final judgment for the additional reason that, if the Government is awarded the property but refuses to either agree to a stay of the judgment or "agree[] . . . to substitute proceeds from the sale" of the bitcoin in place of the bitcoin "for purposes of appeal," the Court of Appeals may find it "lack[s] jurisdiction" over the property. *See United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1164 (9th Cir. 2008). In *$493,850.00 in U.S. Currency*, the Ninth Circuit held that it lacked jurisdiction to hear an appeal regarding civil forfeiture of a truck after concluding that rendering "judgment as to the truck . . . would be useless," because the lower court's "judgment as to the truck ha[d] been executed," and "Claimants never entered into an agreement with the government to substitute proceeds from the sale of the truck in place of the truck for purposes of appeal." *Id.*

Second, the value of bitcoin is extremely volatile. Delaying an appeal could prove costly if Mr. Matusko has made a valid claim to the *res*. In the last five months, the value of the entire *res* has dropped approximately 40%, from $4,694,527,343.80 to $2,758,366,940.70.3.   The extreme volatility of bitcoin weighs in favor of affording Mr. Matusko a Rule 54(b) judgment based on economic considerations. *AmerisourceBergen Corp.*, 465 F.3d at 954-55 (financial considerations may justify a Rule 54(b) certification).

//
//
//
//
//
//
//
//

## **CONCLUSION**

For the above reasons, Mr. Matusko respectfully requests the Court enter judgment on his claim pursuant to Federal Rule of Civil Procedure 54(b).

DATED:  May 4, 2022                                   KUGELMAN LAW, P.C.


By:  __/s/ *Alexander Kugelman*__
         Alexander Kugelman
         Attorney for Claimant
         Ilija Matusko

ALEXANDER H. KUGELMAN (SBN 255463)
alex@kugelmanlaw.com
KUGELMAN LAW, P.C.
21 Tamal Vista Blvd., Suite 202
Corte Madera, CA 94925
Telephone: (415) 968-1780
Facsimile: (415) 534-9441

Attorney for Ilija Matusko, Claimant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendant. | Case No. 3:20-cv-07811-RS<br><br>**[PROPOSED] ORDER GRANTING CLAIMANT ILIJA MATUSKO'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** |
| Ilija Matusko,<br><br>Claimant. | Date:  June 9, 2022<br>Time:  1:30 pm<br>Ctrm:  3 (Via Zoom)<br><br>Chief Judge Richard Seeborg<br><br>Trial Date:            None Set |

- 1 -
Case No. 3:20-cv-07811-RS
**[PROPOSED] ORDER GRANTING MOTION PURSUANT TO RULE 54(b)**

- 2 -

1     Claimant Ilija Matusko filed a Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b). Having reviewed the papers filed in support of and in opposition to the motion, the Court finds, for the reasons stated in the motion, that there is no just reason to delay entry of judgment as to Ilija Matusko.  The motion is hereby GRANTED. The Court directs that final judgment be entered as to Ilija Matusko.

**IT IS SO ORDERED.**

DATED:                                           _____
                                                                             THE HON. RICHARD SEEBORG
                                                                             CHIEF U.S. DISTRICT JUDGE