Kathryn Lee Boyd (SBN 189496)
LBoyd@hechtpartners.com
Maxim Price (*pro hac vice*)
MPrice@hechtpartners.com
David L. Hecht (*pro hac vice*)
DHecht@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone:   (212) 851-6821
Facsimile:   (646) 492-5111

*Attorneys for Intervenor Claimant
Lucas E. Buckley as Trustee of the
Gox Victim Bitcoin Trust*

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendant, | Case No. 20-7811 RS<br><br>HON. RICHARD SEEBORG<br>United States District Judge<br>Courtroom 3<br><br>**CLAIMANT LUCAS E. BUCKLEY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAIMANT LUCAS E. BUCKLEY'S AND THE GOX VICTIM BITCOIN TRUST'S VERIFIED CLAIM FOR LACK OF STANDING; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Lucas E. Buckley, as Trustee of the Gox Victim Bitcoin Trust,<br><br>Claimant. | DATE:           June 9, 2022<br>TIME:           1:30 p.m.<br>COURTROOM: Courtroom 3, 17th Floor<br>(or via Zoom) |

Claimant Lucas E. Buckley, as trustee of the Gox Victim Bitcoin Trust ("GVBT"), hereby files his opposition to the government's motion to strike GVBT's claim for lack of standing under Supplemental Rule G(8)(c)(i)(B). The opposition is based on the attached memorandum of points and authorities, the Declaration of Richard A. Sanders, Lead Investigator, Principal of CipherBlade, the files and records in this case, and such further evidence and argument as the Court may request.

Dated: May 6, 2022                              Respectfully submitted,

                                                       **HECHT PARTNERS LLP**

                                                       By: */s/ Maxim Price*
                                                       Maxim Price (*pro hac vice*)
                                                       Kathryn Lee Boyd (SBN 189496)
                                                       David L. Hecht (*pro hac vice*)

                                                       *Attorneys for Intervenor Claimant*
                                                       *Lucas E. Buckley as Trustee of the*
                                                       *Gox Victim Bitcoin Trust*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is arguably the largest single *in rem* forfeiture action in U.S. history. On November 20, 2020, the United States of America ("Plaintiff") filed an Amended Complaint for Forfeiture ("Complaint") of 69,370 Bitcoins and their hard forks (the "Defendant Currency"). At today's valuation, the Defendant Currency can be sold for approximately 2.5 Billion U.S. Dollars. Claimant Lucas E. Buckley, as trustee for the Gox Victim Bitcoin Trust ("Claimant"), has interposed a claim for a relatively small representative financial interest to illustrate that the Complaint and accompanying notice are deficient. Specifically, the Complaint included no allegations regarding the theft from the Mt. Gox Bitcoin Exchange ("MtGox"), which would notify potential innocent owners of this forfeiture. This was not inadvertent. Plaintiff, relying on its own unilateral interpretation of non-public data, which only Plaintiff has access to, has concluded that none of the Defendant Currency was originally stolen from MtGox. Instead, Plaintiff pleads that 100% of the proceeds are forfeitable as the proceeds from the trade of illegal goods and services. The Complaint thus does not recognize nor provide notice to any innocent rightful owners.
Claimant is entitled to protect its financial interest in a portion of the Defendant Currency by challenging Plaintiff's assumptions. None of the Defendant Currency should be returned to Individual X nor to Ross Ulbricht, who have agreed to this forfeiture. But a forfeiture of all of the Defendant Currency, billions of dollars in property, would constitute an excessive fine to the true innocent owners. That would result in violation of the Eighth Amendment and provide the innocent owners no notice, violative of due process.

Plaintiff has moved to strike Claimant's claim under Supplemental Rule G(8)(c)(i)(B) alleging the following: (1) Claimant has no colorable ownership interest because the person from whom the claim was acquired, Mr. Hossain, was already found to not have a colorable ownership interest; and (2) Even if the original claim was a colorable ownership interest, it is merely "nominal." Plaintiff is wrong for the following reasons:

First, Claimant has put forward sufficient evidence to demonstrate a colorable claim in the Defendant Currency and that at least some of the Defendant Currency was likely stolen from MtGox and ended up in the 1HQ3 wallet; all of the evidence to the contrary submitted by Plaintiff relates to the claim for 245.92 Bitcoins ("BTC") that is still owned by Mr. Hossain and not the portion that was acquired by Claimant (Mr. Hossain's account originally contained 245.98 BTC).

Second, Plaintiff relies on the declaration of Special Agent Jeremiah Haynie; the testimony is unreliable because it, in turn, relies on the internal records of MtGox, which infamously collapsed because of these specific fraudulent internal records. The underlying data should be produced in discovery and tested in litigation.

Third, Plaintiff's argument concerning nominal ownership is inapposite because nominal ownership refers to the situation where a different owner of the claimed chattel still exists. Where the owner of a claim assigns that claim, standing is also assigned, even if it is a relatively small portion of the total forfeiture.

**II.  LEGAL STANDARD**

Forfeitures are not favored by courts and forfeiture statutes are strictly construed against the Government. *See United States v. $191,910 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Circ. 1994); *United States v. One 1936 Model Ford v-8 DeLuxe Coach*, 307 U.S. 219 (1939). Forfeiture should be denied to the Government where they failed to provide due notice to the true owners. *See United States v. Marolf*, 173 F.3d 1213, 1217 (9th Circ. 1999).

Before a claimant can contest a forfeiture, they must demonstrate standing. *Mercado v. U.S. Customs Service*, 873 F.2d 641, 644 (2d Cir. 1989). The government can move to strike a claim at any time prior to trial if the claimant has not demonstrated standing. Supp. R. G(8)(c)(i)(B). "A claimant need not explain this interest in detail, however, so long as he does something more than conclusorily state that he has some undefined 'interest.'" *U.S. v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057–58 (9th Cir. 1994). "[A] simple claim of ownership will be sufficient to create standing to challenge a forfeiture." *Id.*

In a civil forfeiture action, a claimant demonstrates Article III standing where Claimant has "a sufficient interest in the property to create a case or controversy." *U.S. v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1139 (9th Cir. 2008). In the initial stages of a case, this is not a heavy burden. *Id.* A "claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *Id.* The burden for showing standing rests on the party asserting it; these are the elements: "that the plaintiff suffered an injury in fact," (2) "that there is a causal connection between the injury and the conduct complained of, and" (3) "that it is likely the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

"At summary judgment, claimants alleging an ownership interest need only make an assertion of ownership and provide some evidence of ownership to establish standing . . . . 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . .'" *U.S. v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in U.S. Currency*, 859 F.3d 1085, 1087 (D.C. Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *accord U.S. v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 639 (9th Cir. 2012).

### III. ARGUMENT

#### A. Claimant Has Established a Colorable Financial Interest

Claimant has a colorable financial interest in a portion of the Defendant Currency. Claimant is a trust that acquired right and title to a claim in approximately .01 BTC that belonged to Roman Hossain, a former user of MtGox. Buckley's Verified Claim, Dkt. No. 043 at ¶4. MtGox was a Bitcoin exchange in Japan that experienced a systematic theft of all of its customers' Bitcoins over the course of several years between 2011 and 2014. *Id.* at ¶4. The overall theft is reported to be approximately 850,000 Bitcoins. *also* Declaration of Richard A. Sanders ("Sanders Decl.") at ¶6. Some of the Bitcoins that were stolen from MtGox likely ended up in the 1BAD wallet and then the 1HQ3 wallet according to expert analysis of data that reveals transaction attribution. *Id.*

Claimant has met its initial burden on standing and Plaintiff's Motion boils down to an assertion that Claimant will not be able to prove the causal connection to his injury at the end of this case.

Claimant has provided sufficient responses to Plaintiff's special interrogatories. *See* Motion, Exhibit A, Claimant's Responses and Objections to Special Interrogatories ("Rogs"), Dkt. No. 105A at Rogs 4-9. Claimant has acquired full interest and title in Mr. Hossain's right to possess the .01 BTC that is still listed in his account in the MtGox records. *Id*. The portion of a Bitcoin acquired by Claimant is different and separate from the portion previously claimed in this matter by Mr. Hossain. Specifically, Mr. Hossain made a claim for 245.92 BTC, which claim was stricken. Order on Motion to Strike, Dkt. No. 104 at pp.4-6. However, Mr. Hossain's account originally contained approximately 245.98 BTC. Hossain's Verified Claim, Dkt. No. 42 at ¶¶5. While it appears that 245.92 were removed from Mr. Hossain's account in February of 2013, approximately .06 BTC remained in the account. There is no dispute that Mr. Hossain's Bitcoin was stolen from MtGox.

Claimant has alleged and provided evidence (by citations to expert reports and supporting documentation) sufficient to show that Silk Road accounts were likely used to systematically siphon funds from MtGox and that those funds ended up in the 1HQ3 wallet that is subject to forfeiture here. *Id.* Rog 11; *see also* Sanders Decl. at ¶6. Though the MtGox private ledger may currently reflect a balance in users' accounts, the underlying Bitcoins were stolen systemically between 2011 and 2014. Some of those funds were stolen again by Individual X. Buckley's Verified Claim, Dkt. No. 043 at ¶4. Despite the Bitcoins moving through various layers of theft, Claimant owns the right to possess them.

The owners of seized property and the criminal defendants from whom the property is seized are frequently not the same persons. *See United States v. Bajakajian*, 524 U.S. 321, 328-330, 330 n. 3 (1998). "[I]nnocent owners" of seized property normally have a defense to civil forfeiture. *Id.* at 328. Thus, it is the owner of seized property—not necessarily the person from whom the property is seized—who is "punished" by its forfeiture for Eighth Amendment purposes.

### B. Plaintiff's Motion to Strike Roman Hossain's Claim is Irrelevant

Plaintiff's motion to strike personal claim of Roman Hossain's claim is inapplicable here. Claimant possesses full right and title to a portion of the Defendant Currency that is different from portion that was claimed by Mr. Hossain. By Plaintiff's own admission, the Declaration of Special Agent J. Haynie only addresses Hossain's original claim for exactly 245.92 BTC. *See* Haynie Decl. at p.2, ¶4. Mr. Hossain had 245.98124 BTC in his account prior to the alleged transfers on February 8 and 9 of 2013. Roman Hossain's Verified Claim and Statement of Interest, Dkt. No. 42 ("Hossain's Verified Claim") at ¶¶5. Mr. Haynie's declaration does not address the remaining .06 BTC that remained in Mr. Hossain's account after the alleged transfer, a portion of which was acquired by Claimant. Thus, Plaintiff's evidence, even if it is given full credence without the benefit of discovery or cross examination, is entirely exhausted by its application solely to Hossain's claim and not to Claimant's.

Plaintiff's assertion that Individual X could not have possibly stolen Claimant's .01 BTC because it was still available months later also does not hold water. Per Plaintiff's witness, Mr. Hossain opened and funded his account with MtGox on March 1, 2012. Haynie Decl, Dkt. No 69-01 ¶2. Two months after that, on May 6, 2012, Individual X stole 70,411.46 BTC from Silk Road and transferred it to the 1BAD and 1BB wallet addresses. *Id.* ¶3. Claimant has alleged and provided evidence sufficient to show that bitcoins systematically flowed from MtGox into the 1BAD wallet through Silk Road between 2011 and 2014. Claimant's Rog Responses, Dkt. No. 105A at Rog 11; Claimant's Verified Claim, Dkt. No. 43 ¶¶5-7; Sanders Decl. ¶6. The mere fact that MtGox continued to record Claimant's .01 BTC on its private ledgers (bitcoins that MtGox did not actually possess) is not probative of whether those Bitcoins were stolen and moved to Silk Road accounts between March and May of 2012.

Plaintiff has further relied on a private report by Michael Gronager for the proposition that all stolen MtGox funds went to a different exchange called BTC-e. The report is similarly insufficient to support Plaintiff's assertion. *See* Sanders Decl. at ¶¶2-5. Even if it is true that

MtGox's stolen funds flowed through BTC-e, this alone cannot preclude a finding that these same funds ended up in Silk Road or with Individual X. *Id.*

Plaintiff's own expert denies knowing where a substantial portion of the missing MtGox funds ended up. The declaration of Michael Gronager, the underlying data and report for which have not been provided to Claimant or its counsel, purports to state that Mr. Gronager "had completed the analysis of the MtGox missing Bitcoins funds and was able to account for more than 98% of the funds missing." Declaration of Michael Gronager In Support of Plaintiff's Opposition to Motion for Direct Access Dkt. No. 072-01 ("Gronager Decl."), ¶7. However, two percent (2%) of the approximately 850,000 bitcoin stolen from MtGox amounts to approximately 17,000 bitcoins or twenty four point five (24.5%) of the Defendant Currency. Thus, by its own admission, Plaintiff has adduced insufficient evidence to refute Claimant's assertion that he has a financial interest in a portion of the Defendant Currency.

Plaintiff has not addressed the above allegations or evidence. Instead, Plaintiff relies on its own the internal records from MtGox to conclude that Hossain still had access to his funds nine months after Individual X stole from Silk Road. Motion, at p.4; Declaration of SA J. Haynie , Dkt. No. 69-01 (Haynie Decl.), at p.2, ¶4. This assertion is not applicable to Claimants claim and is based on untested, unreliable data. *See* Sanders Decl. at ¶7.

Plaintiff's reliance on MtGox's internal records is misplaced. MtGox infamously imploded because its internal records were fraudulent. Sanders Decl. at ¶ 7. For years, MtGox's books claimed to have bitcoins in their accounts that had already been stolen. *Id.* The Haynie Declaration provides no indication that a corresponding blockchain transaction or other evidence corroborates the MtGox records showing an actual transfer (let alone a voluntary transfer by Mr. Hossain) in February of 2013. *Id.* Indeed, none of the underlying data or expert reports have been made available to Claimant, which are necessary to complete the analysis. Sanders Decl. at ¶ 3, 5,7.

Claimant and other innocent owners are entitled to due process. A constitutionally deficient notice of administrative forfeiture can render a forfeiture void for failure of procedural due process. *United States v. Marolf*, 173 F.3d 1213 (9th Cir. 1999). The Due Process clause also requires the

government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture. *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993).

Plaintiff has only provided its own interpretations of the non-public data in its sole possession through the lens of its expert and Special Agent Haynie. The methodology of those interpretations is subject to discovery and cross examination. *See generally*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). And the credibility of witnesses and evidence are questions for a jury. *See U.S. v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in U.S. Currency*, 859 F.3d 1085, 1087 (D.C. Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Plaintiff has unilaterally determine that (a) all Bitcoins stolen from Silk Road should be forfeited because they were proceeds of illegal transactions; and (b) Claimant's claim of ownership is impossible. Discovery of the reports and underlying data is therefore paramount.

### C.  Claimant's Colorable Interest is Not Nominal

Claimant's assignment from Mr. Hossain is sufficient to establish standing. An assignee who obtains an interest pursuant to valid assignment from one with ownership interest has standing to contest forfeiture. *See U.S. v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1544 (11th Cir. 1987) (citing *U.S. v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency*, 661 F.2d 319, 326 (5th Cir. 1981). Plaintiff does not claim that Claimant's assignment is invalid or ineffective in some manner. Plaintiff merely claims that an assignment is de-facto nominal if it was assigned after the civil forfeiture was filed. Motion at pp.9-10. Plaintiff provides no authority for this proposition. Nor does Plaintiff argue that another person still holds a greater ownership interest than Claimant in that portion. Thus, Plaintiff's "straw" or "nominal" ownership argument is inapplicable.

Plaintiff relies on several inapposite cases for the proposition that Claimant's interest is nominal. Motion at 9-10. None of the cited cases address the present facts: claimant acquired a financial interest in a portion of the Defendant Currency from an individual who rightfully owned it prior to the alleged crimes. The cited cases use the terms "nominal ownership" referring not to

OPPOSITION TO MOTION TO STRIKE CLAIMANT LUCAS E. BUCKLEY'S VERIFIED CLAIM

CASE NO. 20-7811 RS

8

the amount but to the fact that the true ownership actually and currently belongs to another. In *United States Currency, $81,000*, the court of appeals for the First Circuit reversed the lower court's finding of lack of standing. *United States v. United States Currency, $81,000,* 189 F.3d 28, 35 (1st Cir. 1999). There, a co-signer on a bank account from which funds were seized had standing. *Id.* In *Hydra Sport Vessel* the court found that registration of a vehicle to claimant was not sufficient for standing because someone else proved to be the true owner by paying the fines and fees and possessing the vehicle. *U.S. v. 2007 33' Hydra Sport Vessel*, 59 F. Supp. 3d 417, 420 (D.P.R. 2014). Similarly, the court in *Via Mat* reversed the lower court's ruling that claimant with a possessory interest lacked standing. *Via Mat Intern. S.A. Ltd. v. U.S.*, 446 F.3d 1258, 1263 (11th Cir. 2006) (additionally finding that "[f]orfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.") (internal citation omitted). Here, the owner of a portion of the Defendant Currency assigned his rights in full to Claimant; Claimant's interest is in no way "nominal."[1]

### D.  The Procedural Posture of This Action is Violative of Due Process

Plaintiff relies on its own untested experts, eschewing the protections of *Daubert* and *Frye*, to mislabel the Defendant Currency as solely the proceeds of a theft by Individual X and various illegal purchases on silk road. By doing so, Plaintiff is sidestepping its responsibility to provide adequate notice to innocent owners and to victims. Claimant wishes to exercise its standing with respect to at least a small amount of the Defendant Currency. Plaintiff has even ignored a subpoena issued by the trustee for the MtGox estate. *See* Declaration of Stephen R. Cook in Support of Motion for Direct access and Intervention, Dkt. No. 067-2 at ¶5. Plaintiff's refusal to share information creates an unjust disparity between the public and the Plaintiff. Especially where the forfeiture being sought is so astronomically high, the public, potential owners, potential victims, and this Court are entitled to transparency into the facts relied upon by the Plaintiff in crafting its

---

[1] Plaintiff refers to Claimant's full legal title to a portion of the Defendant currency as "threadbare legal ownership." Motion at 10. But Plaintiff's only support for the "threadbare" nature of the ownership is that it was acquired after this action was already pending. Plaintiff cites no authority for the proposition that title acquired after a forfeiture action is filed is in any way unenforceable or otherwise "threadbare."

complaint and providing the notice required by Supplemental Rule G(5). Claimant has the right to protect its financial interest by requesting dismissal of this action on the grounds that Plaintiff has failed to properly plead for forfeiture and concomitantly failed give proper notice. Plaintiff may then have an opportunity to refile to affect the required pleading and notice required by Supplemental Rule G(5), which would be in the interest of justice.

## IV. CONCLUSION

Plaintiff is playing its cards too close to the vest and has concluded unilaterally that 100% of the seized funds are from the trade of illegal goods and service. Without discovery in this matter and cross examination of Plaintiff's experts, Plaintiff's conclusions about the evidence in their sole possession remain entirely untested. The gatekeeping responsibility of the Court in evaluation expert opinions is paramount as is the role of a jury as factfinder. By this action, the Government seeks forfeiture of billions of dollars in Bitcoins with the same transparency and public notice as might accompany the forfeiture of a single car. But the theft of blockchain assets is far more complicated and simultaneously far more traceable, than the average forfeiture of cash or chattel (provided that the proper data are shared). As a third party with a colorable interest in at least a small portion of the Defendant Currency, Claimant has a right and a responsibility to review the underlying data that Plaintiff relied upon in crafting the Complaint and accompanying public notice and to challenge their sufficiency. Plaintiff's Motion to strike should be denied.

Dated: May 6, 2022

**HECHT PARTNERS LLP**

By: /s/ Maxim Price
Maxim Price (*pro hac vice*)
Kathryn Lee Boyd (SBN 189496)
David L. Hecht (*pro hac vice*)

*Attorneys for Intervenor Claimant
Lucas E. Buckley as Trustee of the
Gox Victim Bitcoin Trust*

## CERTIFICATE OF SERVICE

I, Maxim Price, hereby certify that on May 6, 2022, I served a true and correct copy of the above captioned document with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all counsel of record.

<u>/s/ Maxim Price</u>
Maxim Price