Kathryn Lee Boyd  (SBN 189496)
LBoyd@hechtpartners.com
Maxim Price (*pro hac vice*)
MPrice@hechtpartners.com
David L. Hecht (*pro hac vice*)
DHecht@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone:   (212) 851-6821
Facsimile:    (646) 492-5111

*Attorneys for Intervenor Claimant*
*Lucas E. Buckley as Trustee of the*
*Gox Victim Bitcoin Trust*

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendant,<br><br>Lucas E. Buckley, as Trustee of the Gox Victim Bitcoin Trust,<br><br>Claimant. | Case No. 20-7811 RS<br><br>**DECLARATION OF RICHARD A. SANDERS IN SUPPORT OF CLAIMANT LUCAS E. BUCKLEY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAIMANT LUCAS E. BUCKLEY'S AND THE GOX VICTIM BITCOIN TRUST'S VERIFIED CLAIM FOR LACK OF STANDING** |

I, RICHARD A. SANDERS, being duly sworn, depose and state:

1.  I am the lead investigator and principal of CipherBlade LLC ("CipherBlade"), a Blockchain Investigation Agency.  I respectfully submit this declaration in support of Lucas E. Buckley's, as trustee of the Gox Victim Bitcoin Trust, ("Claimant's") Opposition to the United States of America's ("Plaintiff's") Motion to Strike Claimant's claim for lack of standing. For this purpose, I have conducted an independent investigation regarding Plaintiff's assertion that "Chainalysis found no evidence that the stolen MtGox BTC was sent to Bitcoin wallets associated with Silk Road."  Based on my analysis, I have personal knowledge of the matters and statements set forth herein and would testify to the same if called upon to do so.

2.  I have reviewed the declaration of Dr. Michael Gronager, CEO of Chainalysis, filed in this matter as Docket No. 072-01. Though my analysis may differ in some respects from Dr. Gronager's it is important to note that my firm, CipherBlade, enjoys a good relationship with Chainalysis and I respect Dr. Gronager's expertise in and contributions to the field.

3.  I am unable, without additional data in the possession of the government, to fully test the reliability of the statements made in Dr. Gronager's declaration because the underlying report (a July 9, 2015 MtGox Stolen Funds Analysis Report) was filed as an exhibit to his declaration under seal and was not provided to me. Without the report and the data underlying that report, Dr. Gronager's declaration cannot be properly tested or verified with respect to the disposition of the funds that were stolen from MtGox.

4.  As an initial matter, Dr. Gronager's declaration only purports to account for approximately 98% of the bitcoin that was stolen from MtGox. This is evident in

paragraph 6. This still leaves a substantial portion (approximately 17,000 bitcoin) of the approximately 850,000 bitcoin that were stolen unaccounted for.

5.  Additionally, in paragraph 6 of his declaration, Dr. Gronager professionally and honestly identifies an error that Chanalysis originally made regarding the attribution of Tradehill and GLBSE. While Chainalysis is a solid program, this initial error illustrates the potential issue with relying solely on one forensics tool to perform this forensic analysis. The industry is operating with imperfect attribution data – imperfect data about who owned which wallets at a given time. Each attribution tool, like Chainalyssis, provides its own sets of benefits and drawbacks. For instance, Chainalysis Reactor does not do by-address transaction attribution. In some analyses, including this one, several tools are required in combination to perform a complete analysis. Receiving and Sending exposure in Chainalysis Reactor is not designed to produce conclusive and factual findings; it is intended to provide a high-level overview of source and destination of funds. In this case, corroborating evidence from the internal records of both MtGox and Silk Road would be essential to test the accuracy and reliability of the government's claim that there is no evidence to show that stolen MtGox coins were placed in the 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx wallet.

6.  Per my forensic analysis, I have found what appears to be the systematic movement of bitcoin from MtGox to Silk Road that is indicative of theft or siphoning rather than individuals transacting on Silk Road. As just one example, the below chart shows this systematic movement wherein MtGox funds ended up in the Silk Road account and, Ultimately the 1BAD wallet. My analysis includes the use of an attribution tool called

Crystal in addition to Chainalysis. This takes into account the source of funds before they were deposited to Silk Road addresses. There is a clear and sequential flow of funds from Mt. Gox to the Silk Road wallets, which were the inputs for many of the transactions 1BAD received from Silk Road.



7. I have also reviewed the declaration of Special Agent Jeremiah Haynie, filed in this action as Docket No. 69-01. I was not provided with the underlying data or reports on which Mr. Haynie relied to reach the conclusions stated in his declaration. However, it appears that Mr. Haynie relied, at least in part, on the internal records of MtGox. Depending on which MtGox records were relied upon, those records may not be reliable. MtGox famously defrauded its own users by falsely recording bitcoin assets on its books that it did not actually have in its accounts at the time. The veracity of any alleged balances or transfers recorded on MtGox's ledgers would need to be tested against independent forensic data that are more reliable than MtGox records. Moreover, without additional substantiating evidence it is not conclusive that Mt. Gox transfers to Silk Road were voluntarily customer-initiated transactions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 6ᵗʰ day of May, 2022 in *Pittsburgh, PA*.

_____

Richard A. Sanders
Lead Investigator, Principal
CipherBlade