Yasin M. Almadani (CA SBN: 242798)
ALMADANI LAW
4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
(949) 877-7177 | YMA@LawAlm.com

*Attorneys for Claimant Roman Hossain*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin) Gold (BTG), Bitcoin SV (BSV), and Bitcoin) Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx,<br><br>Defendants.<br><br>ROMAN HOSSAIN,<br><br>Claimant | Case No. CV 20-7811 RS<br><br>**CLAIMANT ROMAN HOSSAIN'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER STRIKING CLAIMANT HOSSAIN'S CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>HON. RICHARD SEEBORG<br>United States District Judge<br>Courtroom 3<br><br>Case Filed:   November 5, 2020<br>FAC Filed:    November 20, 2020<br><br>*No Hearing Scheduled Under Local Rule 7-9(d)* |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that Movant/Claimant Roman Hossain ("Mr. Hossain"), by and through his counsel of record, Yasin M. Almadani, hereby respectfully moves for leave to file a motion for reconsideration of the order granting the government's motion to strike Mr. Hossain's claim (Doc. 104).[1] The Motion is based on the attached Memorandum of Points and Authorities.

Dated: June 7, 2022

Respectfully submitted,

ALMADANI LAW

    */s/ Yasin M. Almadani*
Yasin M. Almadani, Esq.

*Attorneys for Claimant Roman Hossain*

---

[1] "Doc." refers to PACER document followed by a PACER control number. All page citations are to pages reflected across the blue PACER header at the top of the page.

TABLE OF CONTENTS

I.   INTRODUCTION                                                                                           1

II.  PROCEDURAL BACKGROUND                                                                  2

III. ARGUMENT                                                                                                2

    A.   THE MOTION IS PERMISSIBLE AND TIMELY                                                  2

    B.   NEWLY PRESENTED EVIDENCE SHOWS THAT MR. HOSSAIN WAS STRUCK IN ERROR     3

        I.   THE COURT GRANTED THE GOVERNMENT SUMMARY JUDGMENT AT THE PLEADING STAGE   3

        II.  LEGAL STANDARD                                                                        4

        III. THE SANDERS DECLARATION CORROBORATES MR. HOSSAIN'S CLAIM AND PROVIDES A BASIS FOR RECONSIDERATION AND REINSTATEMENT OF THE CLAIM   5

IV.  CONCLUSION                                                                                              8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Lucas E. Buckley's filing on May 6, 2022, opposing the Government's motion to strike Buckley's claim presents new evidence—the Declaration of Expert Richard A. Sanders (the "Sanders Declaration") (Doc. 116-1)—demonstrating that Claimant Roman Hossain ("Hossain") was prematurely struck from the case. The new evidence demonstrates that government's evidence the Court credited to strike Mr. Hossain is subject to dispute and that striking Mr. Hossain from the case violated his due process rights and Ninth Circuit precedent.

The Court struck Mr. Hossain on the basis of the Declaration of Special Agent Jeremiah Haynie ("Agent Haynie" and the "Haynie Declaration") that was based on Mt. Gox records publicly known to be unreliable. Mr. Hossain did not file a conclusory claim, but rather a detailed claim tracing his Bitcoin to the government's forfeiture and specifically addressing the publicly known unreliability of the Mt. Gox records on which the government was relying. Now before the Court is the expert of Declaration of Mr. Sanders, the lead investigator and principle of ChipherBlade, a Blockchain investigation agency. This new evidence supports Mr. Hossain's verified claim and underscores the fundamental right Mr. Hossain has to conduct discovery and develop the record to challenge the government's yet untested assertions.

The Sanders Declaration, in sum, presents three points that call into question the government's case and the decision to strike Mr. Hossain's claim:

First, the Mt. Gox's records that the government relies on, and the Court uses to strike Mr. Hossain, cannot be relied on as a matter of law because they are in dispute.

Second, the reliability of the government's tracing is also in dispute and must be tested against discovery, which has not even commenced.

And third, the Bitcoin of Mt. Gox's victims is not only traceable to the forfeited funds, but the government's own expert cannot account for approximately 17,000 stolen Bitcoin in the government's possession.

All this is to say that there are genuine, factual disputes that the Court cannot resolve as matter of law under long-standing Ninth Circuit precedent. Rather, Mr. Hossain's verified allegations (which

is evidence) now supported by the Sanders Declaration (which is new, corroborating evidence) must be taken as true, and discovery must be allowed so that Mr. Hossain may exercise his constitutional and statutory rights to independently trace the funds and present evidence as to why he believes his Bitcoin is in the government's possession. At present, Mr. Hossain has been deprived of this fundamental right despite factual disputes on which further development of the record is necessary. Ms. Hossain thus very respectfully requests leave to file a motion for reconsideration based on the Sanders Declaration that corroborates his claim.

## II.  PROCEDURAL BACKGROUND

On March 25, 2022, the Court struck several parties from the case, but Mr. Buckley remained a claimant. Thus, not all claims of all parties had been adjudicated as of this date.

While other parties who were struck filed appeals, Mr. Hossain did not believe that the Court of Appeals had jurisdiction because not all claims of all parties have been resolved. *D.S.P.T. Int'l, Inc. v. Nahum*, No. CV06-0308 ODW(AJWx), 2008 U.S. Dist. LEXIS 25405, at *2-3 (C.D. Cal. Mar. 17, 2008) ("any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties") (quoting Fed. R. Civ. P. 54(b)); *Bodell v. Walbrook Ins. Co.*, No. 90-55863, 1991 U.S. App. LEXIS 21189, at *3-4 (9th Cir. Sep. 3, 1991) (holding that, absent Rule 54(b) certification, all claims of all parties need to be finally adjudicated for appellate jurisdiction to arise for any of the parties). Indeed, the parties who filed appeals without leave of court have now moved this Court for certification under Fed. R. Civ. P. 54(b) to file interlocutory appeals. (Docs. 113 and 115.) Mr. Hossain thus did not file an appeal. He now submits that the record can benefit from the Court's consideration of the new evidence and arguments Mr. Buckley has presented and from reconsideration of the decision striking Mr. Hossain's claim.

## III.  ARGUMENT

### A.  The Motion is Permissible and Timely

Local Rule 7-9 requires that, before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may move the Court to reconsider an interlocutory order based on the emergence of new material facts. L.R. 7-9(a) and (b)(2).

Under Fed. R. Civ. P. 60(b), reconsideration of a final judgment, order, or proceeding is appropriate if, *inter alia*, the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *See, e.g., School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Fed. R. Civ. P. 60(b) (listing these, and additional, grounds for reconsideration of an order). A motion for reconsideration "must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Mr. Buckley remains a claimant in the case—hence, not all claims of all parties have been adjudicated and leave to seek reconsideration is permissible under Local Rule 7-9. The instant motion, filed within thirty (30) days of Mr. Buckley's filing (Doc. 116), is reasonably timely. *See, e.g., Staefa Control-System v. St. Paul Fire & Marine Ins. Co.*, 875 F. Supp. 656, 658 (N.D. Cal. 1994) (motion for reconsideration filed approximately three months after the triggering event was reasonably timely); *Thai v. Cty. of L.A.*, No. 15-cv-583-WQH-NLS, 2022 U.S. Dist. LEXIS 63598, at *17 (S.D. Cal. Apr. 5, 2022) (motion for reconsideration filed approximately two months after the triggering event was reasonably timely); *Williams v. Lujan*, No. 16-cv-04290-HSG, 2018 U.S. Dist. LEXIS 137573, at *15 (N.D. Cal. Aug. 14, 2018) (motion for reconsideration filed approximately 38 days after the triggering event was reasonably timely).

### B.   Newly Presented Evidence Shows That Mr. Hossain Was Struck in Error

The Sanders Declaration demonstrates that granting the government's motion to strike Mr. Hossain's claim contradicted Ninth Circuit precedent and has led to manifest injustice and a deprivation of Mr. Hossain's due process rights.

#### i.   *The Court Granted the Government Summary Judgment at the Pleading Stage*

The basis for the Court's order striking Mr. Hossain's claim was that "Mt. Gox records show that on February 8, 2013, and February 9, 2013, there was a transfer of 200 BTC and 45.92 BTC out of Hossain's Mt. Gox account for a total of 245.92 BTC, which "took place nine months *after* the subject Bitcoin was stolen from Silk Road." (Doc. 104 at 6 (quoting the Declaration of Special Agent Jeramiah Haynie) (emphasis in original)). The Court went on to conclude, "Whatever other irregularities there

may have been, Hossain cannot escape the fact that his Bitcoin was available for him to withdraw from Mt. Gox until February of 2013." (*Id*.) In doing so, the Court made factual findings crediting Mt. Gox's records and the Haynie Declaration over Mr. Hossain's verified claim, essentially treating the government's motion to strike as a motion as a motion for summary judgment without giving Mr. Hossain any opportunity to conduct discovery.

### ii. Legal Standard

Summary judgment is improper when there is a factual dispute. It is proper only where the pleadings, discovery, and affidavits show that there is *no* "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence in the light most favorable to the nonmovant and views any inferences drawn in the light most favorable to the nonmovant. *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). The Court does not weigh conflicting evidence or make credibility determinations regarding a material fact; that is a jury function. *Brosseau*, 543 U.S. at 195 n.2.

A verified claim, such as Mr. Hossain's claim, must be treated as evidence. *United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 639 (9th Cir. 2012). Obviously, the Sanders Declaration is also evidence. *Id*.

Moreover, at this early stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing. *475 Martin Lane*, 545 F.3d at 1140 ("In their pleadings, the Kim Claimants specifically alleged an ownership interest in the May 2004 properties, which was sufficient at the initial stages of the litigation to establish that they had standing to challenge the civil forfeiture action."); *$133,420.00 in U.S. Currency*, 672 F.3d at 638 ("At the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing."); *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA,* 545 F.3d 1134, 1140 (9th Cir. 2008) ("[a] 'claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake,'" and the "burden is not a heavy one, at least at the initial stages of a forfeiture suit") (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir.2004)).

### iii. The Sanders Declaration Corroborates Mr. Hossain's Claim and Provides a Basis for Reconsideration and Reinstatement of the Claim

Expert Sanders states under oath that the portion of Agent Haynie's declaration the Court credited to strike Mr. Hossain's claim is not conclusively reliable and is subject to factual dispute:

> [Special Agent] Haynie relied, at least in part, on the internal records of Mt. Gox. Depending on which Mt. Gox records were relied upon, those records may not be reliable. Mt. Gox famously defrauded its own users by falsely recording bitcoin assets on its books that it did not actually have in its accounts at the time. The veracity of any alleged balances or transfers recorded on Mt. Gox's ledgers would need to be tested against independent forensic data that are more reliable than Mt. Gox records. Moreover, without additional substantiating evidence it is not conclusive that Mt. Gox transfers to Silk Road were voluntarily customer-initiated transactions.

(Doc. 116-1 at ¶ 7.) Mr. Sanders' Declaration thus corroborates Mr. Hossain's verified claim that the Mt. Gox records Agent Haynie relied on are not sufficiently reliable to make factual findings *as a matter of law* to summarily strike a claim, as the Court did here. (Doc. 42 at ¶ 7.) It appears the government has turned the entire process on its head by requiring claimants to proffer experts at the beginning of a case before any discovery has taken place lest they be struck out of Court. In other words, it was manifestly unjust to deprive Mr. Hossain of due process as a matter of law on the basis of the Haynie Declaration, which is subject to factual dispute as alleged by Mr. Hossain and now corroborated by the Sanders Declaration. This by itself is justification enough according to the Ninth Circuit to allow Mr. Hossain's claim to proceed.

Nevertheless, Mr. Sanders further points out that, in conducting its tracing, the government appears to rely on a single forensics tool, Chainalysis, which has already shown error. (*Id*. at ¶ 5.) "Receiving and Sending exposure in Chainalysis Reactor is not designed to produce conclusive and factual findings; it is intended to provide a high-level overview of source and destination of funds." (*Id*.) Moreover, "the industry is operating with imperfect attribution data – *imperfect data about who owned which wallets at a given time*." (*Id*. (emphasis added).) As such, "*several tools are required in combination to perform a complete analysis*" and "*corroborating evidence* from the internal records of both Mt. Gox and Silk Road would be *essential to test the accuracy and reliability of the government's claim* that there is no evidence to show that stolen Mt. Gox coins were placed in the

1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx wallet." (*Id*. (emphasis added).) Indeed, 17,000 stolen Bitcoin in the government possession even under the government's own analysis remain unaccounted. (*Id*. at ¶ 4.) Put simply, the government's assertions are highly disputable.

Expert Sanders conducted his own forensics analysis and, consistent with Mr. Hossain's claim, Mr. Sanders found "what appears to be the systematic movement of Bitcoin from Mt. Gox to Silk Road that is *indicative of theft or siphoning rather than individuals transacting on Silk Road*," (*id*. at ¶ 6) as alleged by Mr. Hossain. In other words, Mr. Hossain's tracing of his stolen Bitcoin to the forfeited wallet alleged in his verified claim finds support and corroboration in Sanders' forensic analysis. And whatever factual disputes the government may have with Mr. Sander's analysis (as the government argues in its reply (Doc. 120)), this only underscores further that there are material, factual disputes here which cannot be decided as a matter of law according to the Ninth Circuit.

Mr. Sanders further tells this Court that he needs the underlying data in discovery to to test the veracity and reliability of the government's claims as to the funds that were stolen from Mt. Gox, which certainly includes those to which Mr. Hossain has filed claim. (*Id*. at 3.) Therefore, not only can Mt. Gox records not be relied upon to strike Mr. Hossain's claim, Mr. Hossain's claim and tracing find additional support in the new evidence before the Court. At a minimum, there are a number of factual disputes here that preclude summary judgment. A jury must decide such disputes—a concept that is universally agreed upon from the Supreme Court down. *Brosseau*, 543 U.S. at 195 n.2.

Furthermore, the government's resistance to providing discovery and litigating the factual disputes, along with the District Court's support of the government's position, amounts to a deprivation of property without due process of law in violation of the Fifth Amendment. Mr. Hossain has been unjustly deprived of the right to take discovery and develop a factual record despite the existence of material, factual disputes. *See Carrillo v. De Colombi-Monguio*, Nos. 87-2267, 87-2348, 1988 U.S. App. LEXIS 21430, at *5 (9th Cir. Nov. 3, 1988) (denial of discovery which deprives one of the right to present a claim or defense can violate due process) (citing *Western Elec. Co. v. Stern*, 544 F.2d 1196, 1199 (3d Cir. 1976)); *see also Conkey v. Reno*, 885 F. Supp. 1389, 1397 (D. Nev. 1995) (deprivation of property by forfeiture is subject to Fifth Amendment due process protection). Indeed, in the Ninth Circuit, "discovery should ordinarily be granted . . . where a more satisfactory showing of the facts is

necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Sanders Declaration now corroborates Mr. Hossain's verified claim, demonstrating that Mr. Hossain has been deprived of due process and the right to take discovery and present his case.

In sum, the government in a forfeiture action leverages its tremendous powers to develop its own one-sided narrative and take property belonging to another person. But the law is clear that the government's power to do this has limits—the government's narrative is not cast in stone and is subject to dispute and discovery by claimants who need overcome a *very minimum* threshold to challenge the government's claims. *See Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d at 1140 (the "burden is not a heavy one, at least at the initial stages of a forfeiture suit").

Mr. Hossain timely filed a *verified* claim to his legitimate ownership interest in his Bitcoin. The Ninth Circuit instructs that verified allegations by claimants must be treated as *evidence* and taken as true on a motion to strike, and a claim cannot be struck if is there is a material dispute between the government's position and a claimant's position. *See supra, Brosseau*, 543 U.S. at 195 n.2; *$133,420.00 in U.S. Currency*, 672 F.3d at 638. Nevertheless, the Court here fully credited the disputed Haynie Declaration over Claimant Hossain's verified and publicly corroborated allegations that the Mt. Gox records on which Agent Jeremiah was relying, along with the rest of his one-sided, untested analysis were unreliable. Mr. Hossain was struck from the case without even so much as a chance to conduct discovery, challenge the Government's forfeiture allegations, or prove up his own claim.

Mr. Hossain pleads with this Court that it is unfair to require litigants to produce expert declarations at the beginning stages of a case, especially without the benefit of discovery, and it is not normally expected or done in any case let alone a forfeiture case. But here, it appears that Claimant Buckley noticed the striking of claimants from the case despite there being factual disputes in verified claims, and thus felt the need to offer an expert declaration at the inception of the case to impress upon the Court that the government's allegations are not as reliable as the government has led this Court to believe. The Sanders Declaration provides new material evidence corroborating Mr. Hossain's claim. Mr. Hossain thus respectfully requests that he be granted leave to file a motion for reconsideration and that the Court reinstate his claim.

## IV. CONCLUSION

For the foregoing reasons, Claimant Hossain respectfully requests that the Court grant him leave to file a motion for reconsideration of the decision striking his claim.

Dated: June 7, 2022                                Respectfully submitted,

                                                                */s/ Yasin M. Almadani*
YASIN M. ALMADANI
ALMADANI LAW

*Attorneys for Claimant Roman Hossain*