**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-16348 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-07811-RS |
| v. | MEMORANDUM* |
| BATTLE BORN INVESTMENTS COMPANY, LLC; et al., | |
| Claimants-Appellants, | |
| v. | |
| APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH), | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted June 8, 2023
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: MILLER and KOH, Circuit Judges, and LYNN,** District Judge.

In this civil forfeiture case, Claimants-Appellants First 100, LLC, 1st One Hundred Holdings, LLC, and Battle Born Investments Company, LLC (collectively, "the Battle Born parties") appeal the district court's order granting the government's motion to strike their claims for lack of Article III standing. We have jurisdiction to review the Battle Born parties' appeal under 28 U.S.C. § 1291.

The parties are familiar with the facts recounted in the government's Amended Complaint for Forfeiture regarding the seizure of 69,370.22491543 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) ("Defendant Property"), seized from Bitcoin address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet) after it was stolen from the online Silk Road marketplace by "Individual X," so we do not recite them here. First 100, LLC and 1st One Hundred Holdings, LLC (together, the "First 100 claimants") jointly filed a verified claim, and Battle Born Investments filed a separate verified claim, of ownership of all of the Defendant Property.

Both claims arise out of a Chapter 7 bankruptcy action filed in the United

---

** The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

2

States Bankruptcy Court, District of Nevada, Case No. 17-14166-BTB ("Bankruptcy Action"). Both claims assert that the Bankruptcy Action was filed by an individual who, upon information and belief, is, or is associated with, Individual X. The First 100 claim states that, in March 2017, the First 100 claimants jointly and severally obtained a $2,211,039,718.46 judgment against the bankruptcy debtor. Accordingly, the First 100 claimants assert they are innocent owners of all of the Defendant Property pursuant to their status as judgment creditors.

The verified claim filed by Battle Born Investments states that, in March 2018, Battle Born Investments entered into an agreement to purchase from the Chapter 7 trustee all assets of the bankruptcy estate, and that the bitcoin recovered from the 1HQ3 wallet "belonged to what we assert to be Individual X, or a party associated with Individual X." Accordingly, Battle Born Investments asserts it is an innocent owner of all of the Defendant Property pursuant to its status as the purchaser of the bankruptcy estate.

Neither of the claims filed by the Battle Born parties identify the debtor that the parties assert to be or associated with Individual X. However, it is undisputed that when the claims were filed, the Battle Born parties knew the debtor in the Bankruptcy Action was an individual named Raymond Ngan.

The government moved to strike the Battle Born parties' claims. In granting

the motion, the district court explained that the Battle Born parties had made only conclusory allegations that the 1HQ3 wallet belongs to Ngan's bankruptcy estate, and therefore failed to carry their burden to show some evidence in support of Article III standing.  The Battle Born parties timely appealed.  We affirm.

In a civil forfeiture case, this Court reviews de novo the district court's determination of whether a claimant has standing.  *United States v. 17 Coon Creek Rd.*, 787 F.3d 968, 972 (9th Cir. 2015).  We review de novo a district court's decision to grant summary judgment and may affirm on any ground supported by the record.  *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019).

The district court correctly struck the Battle Born parties' claims for lack of standing.  Claimants in civil forfeiture actions carry the burden to establish Article III standing by showing that they have "a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *United States v. 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008) (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004)).  Although a claimant may establish standing at the pleading stage by making an unequivocal assertion of ownership, a claimant's "bare assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment." *United States v. $133,420.00 in U.S.*

*Currency*, 672 F.3d 629, 638 (9th Cir. 2012).  Instead, a claimant asserting an ownership interest in the defendant property "must also present 'some evidence of ownership' beyond the mere assertion" to establish standing, *id.* at 639 (quoting *United States v. U.S. Currency, $81,000.00*, 189 F.3d 28, 35 (1st Cir. 1999)), and "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact," *id.* at 638 (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

    As a preliminary matter, the Battle Born parties argue that the district court improperly struck their claims on the pleadings.  Neither the district court's opinion nor the government's motion specified whether the Battle Born parties' claims were or should be stricken on the pleadings or at summary judgment.  However, the First 100 claimants made an unequivocal assertion of ownership in their verified claim by stating they are "entitled to unencumbered right, title and ownership" of the Defendant Property.  In its verified claim, Battle Born Investments made an unequivocal assertion of ownership by stating that the Defendant Property "has been since May 14, 2018 and is still currently owned by Claimant Battle Born."  Those assertions are sufficient at the pleading stage.  Accordingly, the issue on appeal is whether the district court properly struck the Battle Born parties' claims for lack of standing at summary judgment.

Reviewing the record de novo, we conclude that the Battle Born parties failed to carry their burden to establish some evidence, beyond a mere assertion, of ownership of the Defendant Property, from which a reasonable and fair-minded jury could find that they have standing. *See $133,420.00 in U.S. Currency*, 672 F.3d at 638–40. In addition to their verified claims, the Battle Born parties rely on five declarations to establish evidence of ownership, *i.e.*, that Ngan owned the bitcoin in 1HQ3 prior to seizure so that it is now part of Ngan's bankruptcy estate. At best, their verified claims and declarations establish that the Battle Born parties have ownership rights to the bankruptcy estate of Ngan, who they believe is or is associated with Individual X. The only evidence the Battle Born parties present that could arguably tie Ngan to Individual X is a screenshot of the 1HQ3 wallet on the publicly accessible blockchain.com, found in Ngan's possession. They provide nothing beyond speculation that Ngan had some association with Individual X, and they offer nothing to suggest how Ngan would have come into ownership of the bitcoin in 1HQ3. Given the lack of evidence in the record, even without considering the government's declaration, the district court correctly held that no reasonable jury could find that the Battle Born parties have a colorable claim of ownership as to the Defendant Property sufficient to confirm standing.

None of the Battle Born parties' arguments warrant disturbing the decision below. The district court did not err by denying the Battle Born parties' request

under Federal Rule of Civil Procedure 56(d) to defer ruling on the government's motion to strike until the Battle Born parties could take additional discovery. Reviewing the district court's implicit denial of the Rule 56(d) motion de novo, the motion relies on the speculative premise that a screenshot of a publicly-available website is indicative of ownership, and the Battle Born parties do not explain how this discovery would produce evidence of their ownership of the Defendant Property. Further, nothing in Supplemental Rule G(8) precludes the government from moving to strike a claim prior to discovery. *See* Supp. R. G(8)(c)(i).

The district court did not err by requiring the Battle Born parties to connect their ownership interest to that of Individual X. The Battle Born parties point to no authority in this Circuit for their assertion that a court may not strike a claim on the ground that the claimant's account of ownership is irreconcilable with the government's theory of forfeiture. In addition, the Battle Born parties' own assertion of ownership, as set forth in their claims, is that Individual X is Ngan or someone associated with Ngan, and their account of ownership is not irreconcilable with the government's theory that from at least 2012 until the government's seizure in 2020, Individual X stole bitcoin from Silk Road which ultimately was transferred to 1HQ3.

**AFFIRMED.**