**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-16085 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-07811-RS |
| v. | |
| ROMAN HOSSAIN, | MEMORANDUM* |
| Claimant-Appellant, | |
| v. | |
| APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH), | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted June 8, 2023
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  MILLER and KOH, Circuit Judges, and LYNN,[**] District Judge.

In this civil forfeiture case, Claimant-Appellant Roman Hossain appeals the district court's order granting the government's motion to strike his claim for lack of Article III standing.  We have jurisdiction to review Hossain's appeal under 28 U.S.C. § 1291.

The parties are familiar with the facts recounted in the government's Amended Complaint for Forfeiture regarding the seizure of 69,370.22491543 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) ("Defendant Property"), seized from Bitcoin address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet) after it was stolen from the online Silk Road marketplace; therefore, we do not recite them here.  Hossain timely filed a claim asserting that he is an innocent owner of 245.92 bitcoin of the Defendant Property pursuant to his ownership interest in bitcoin held in Hossain's account at the now-defunct Mt. Gox online Bitcoin exchange.

The government moved to strike Hossain's claim.  In granting the motion, the district court explained that Hossain had made only conclusory allegations that his claimed bitcoin was included in the bitcoin seized from the 1HQ3 wallet, and therefore failed to carry his burden to show some evidence in support of Article III

---

[**]   The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

2

standing. The district court also referenced Mt. Gox records indicating that 245.92 bitcoin was transferred out of Hossain's Mt. Gox account after the Defendant Property was stolen from Silk Road, and thus the claimed bitcoin could not be part of the Defendant Property. Hossain timely appealed. We affirm.

In a civil forfeiture case, this Court reviews de novo the district court's determination of whether a claimant has standing. *United States v. 17 Coon Creek Rd.*, 787 F.3d 968, 972 (9th Cir. 2015). We review de novo a district court's decision to grant summary judgment and may affirm on any ground supported by the record. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019).

Claimants in civil forfeiture actions carry the burden to establish Article III standing by showing that they have "a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *United States v. 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008) (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004)). Although a claimant may establish standing at the pleading stage by making an unequivocal assertion of ownership, a claimant's "bare assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012). Instead, a claimant asserting an

ownership interest in the defendant property "must also present 'some evidence of ownership' beyond the mere assertion" to establish standing, *id.* at 639 (quoting *United States v. U.S. Currency, $81,000.00*, 189 F.3d 28, 35 (1st Cir. 1999)), and "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact," *id.* at 638 (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

As a preliminary matter, Hossain argues that the district court improperly struck his claim on the pleadings. Neither the district court's opinion nor the government's motion specified whether Hossain's claim was or should be stricken on the pleadings or at summary judgment. However, Hossain made an unequivocal assertion of ownership in his verified claim by stating he is "the original, rightful, and innocent owner" of at least 245.92 bitcoin of the Defendant Property. That assertion is sufficient at the pleading stage. Accordingly, the issue on appeal is whether the district court nevertheless properly struck his claim for lack of standing, meaning the failure to provide some other evidence of ownership when the issue was considered as a summary judgment proceeding.

Hossain did not provide any evidence of ownership of the claimed property besides a bare assertion of ownership in his verified claim, which lacked any detailed facts or supporting evidence sufficient to create a genuine issue of material

4

fact. *See $133,420.00 in U.S. Currency*, 672 F.3d at 638.  At most, Hossain's claim states that his bitcoin was stolen from Mt. Gox and placed in Silk Road, and was then subsequently stolen again before being transferred to the 1HQ3 wallet seized by the government.  He provides no supporting evidence and nothing beyond speculation that his claimed bitcoin was stolen twice to become part of the Defendant Property.  On this attenuated set of facts, the district court correctly held that no reasonable jury could find that Hossain has a colorable claim of ownership as to the Defendant Property sufficient to go forward as a claimant with standing.

None of Hossain's arguments warrant disturbing the decision below.  The declaration of Richard Sanders[1] does not warrant reversal of the district court's decision because it does not constitute evidence showing that the claimed bitcoin is part of the Defendant Property.  At best, the Sanders declaration raises questions as to the validity of the Mt. Gox records in response to the Government's evidence, *i.e.*, Agent Haynie's declaration, that Hossain's claimed bitcoin is not part of the Defendant Property, because Hossain's bitcoin remained in his Mt. Gox account after the Defendant Property was stolen from Silk Road.  However, the Sanders declaration does not help Hossain carry his burden to make a colorable affirmative

---

[1] The Sanders declaration Hossain points to was presented as new evidence in connection with Hossain's motion for leave to seek reconsideration of the decision striking his claim.  Although Hossain appeals denial of that motion, he does not contend or explain how that decision constituted an abuse of discretion.  *See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010).

showing that his claimed bitcoin is part of the Defendant Property.

In addition, the district court did not err by striking Hossain's claim before giving him the opportunity to conduct discovery. Nothing in Supplemental Rule G(8) precludes the government from moving to strike a claim prior to discovery due to the absence of support for a claim of ownership, and Hossain points to no support for his assertion that the Constitution mandates discovery before a claimant must establish standing to assert a claim. *See* Supp. R. G(8)(c)(i); *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 618 (9th Cir. 2017). In addition, Hossain did not move the district court for discovery under Federal Rule of Civil Procedure 56(d) in response to the government's motion to strike, and on appeal, did not specifically identify the facts he would expect to develop if permitted discovery or explain how this discovery would produce evidence of his ownership of the Defendant Property.

**AFFIRMED.**