FILED

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-16349 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-07811-RS |
| v. | MEMORANDUM* |
| ILIJA MATUSKO, | |
| Claimant-Appellant, | |
| v. | |
| APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH), | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted June 8, 2023
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and LYNN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this civil forfeiture case, Claimant-Appellant Ilija Matusko appeals the district court's order below granting the government's motion to strike his claim for lack of Article III standing. We have jurisdiction to review Matusko's appeal under 28 U.S.C. § 1291.

The parties are familiar with the facts recounted in the government's Amended Complaint for Forfeiture regarding the seizure of 69,370.22491543 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) ("Defendant Property"), seized from Bitcoin address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet) after it was stolen from the online Silk Road marketplace in 2012, so we do not recite them here. Matusko filed a claim asserting that he is an innocent owner of 47.52 bitcoin of the Defendant Property pursuant to his ownership interest in bitcoin held in his account at the now-defunct Silk Road marketplace.

The government moved to strike Matusko's claim. In granting the motion, the district court explained that Matusko does not dispute that his 47.52 bitcoin remained in his Silk Road account available for use or withdrawal until the 2013 shutdown and seizure of Silk Road, after the Defendant Property was stolen from Silk Road, and therefore failed to carry his burden to show some evidence in

---

    \*\*    The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

support of Article III standing.  Matusko timely appealed.  We affirm.

In a civil forfeiture case, this Court reviews de novo the district court's determination of whether a claimant has standing.  *United States v. 17 Coon Creek Rd.*, 787 F.3d 968, 972 (9th Cir. 2015).  We review de novo a district court's decision to grant summary judgment and may affirm on any ground supported by the record.  *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019).

Claimants in civil forfeiture actions carry the burden to establish Article III standing by showing that they have "a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake."  *United States v. 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008) (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004)).  Although a claimant may establish standing at the pleadings stage by making an unequivocal assertion of ownership, a claimant's "bare assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment."  *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012).  Instead, a claimant asserting an ownership interest in the defendant property "must also present 'some evidence of ownership' beyond the mere assertion" to establish standing, *id.* at 639 (quoting *United States v. U.S. Currency, $81,000.00*, 189 F.3d 28, 35 (1st Cir. 1999)), and

3

"a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact," *id.* at 638 (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

As a preliminary matter, Matusko argues that the district court improperly struck his claim on the pleadings. Neither the district court's opinion nor the government's motion specified whether Matusko's claim was or should be stricken on the pleadings or at summary judgment. However, Matusko made an unequivocal assertion of ownership in his verified claim by stating he is "the original, rightful, and innocent owner" of 47.52 bitcoin of the Defendant Property. That assertion is sufficient at the pleading stage. Accordingly, the issue on appeal is whether the district court properly struck his claim for lack of standing at summary judgment.

Reviewing the record de novo, we conclude that Matusko failed to carry his burden to establish some evidence, beyond a mere assertion, of ownership of the Defendant Property from which a reasonable and fair-minded jury could find that he has standing. *See $133,420.00 in U.S. Currency*, 672 F.3d at 638–40. Matusko's evidence consists of his own verified claim and four declarations. At best, Matusko's claim states that because he held 47.52 bitcoin in Silk Road, and some bitcoin were stolen from Silk Road, his bitcoin was stolen and transferred to

4

the 1HQ3 wallet seized by the government. At best, the declarations state that because Matusko is one of many owners of bitcoin in a wallet on Silk Road that was subject to partial theft, Matusko's bitcoin may have been stolen and transferred to the 1HQ3 wallet seized by the government. Matusko fails to explain how he could both have access to bitcoin in his Silk Road user account after the 2012 theft, and have an interest in the bitcoin stolen from Silk Road in 2012. He provides no supporting evidence and nothing beyond speculation that his claimed bitcoin was stolen to become part of the Defendant Property. Given the lack of evidence in the record, the district court correctly held that no reasonable jury could find that Matusko has a colorable claim of ownership as to the Defendant Property sufficient to confirm standing.

**AFFIRMED.**