**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-16248 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-07811-RS |
| v. | MEMORANDUM* |
| LUCAS E. BUCKLEY, | |
| Claimant-Appellant, | |
| v. | |
| APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH), | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted June 8, 2023
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  MILLER and KOH, Circuit Judges, and LYNN,[**] District Judge.

In this civil forfeiture case, Claimant-Appellant Lucas Buckley appeals the district court's order below granting the government's motion to strike his claim for lack of Article III standing.  We have jurisdiction to review Buckley's appeal under 28 U.S.C. § 1291.

The parties are familiar with the facts recounted in the government's Amended Complaint for Forfeiture regarding the seizure of 69,370.22491543 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) ("Defendant Property"), seized from Bitcoin address 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx (the "1HQ3" wallet) after it was stolen from the online Silk Road marketplace; therefore, we do not recite them here.  Claimant-Appellant Buckley, as Trustee of the Gox Victim Bitcoin Trust, timely filed a verified claim to 0.01 bitcoin of the Defendant Property.  Buckley had purchased the 0.01 bitcoin on January 25, 2021, from the prior owner, Roman Hossain, who had opened an account on the now-defunct Mt. Gox online Bitcoin exchange.

The government moved to strike Buckley's claim.  In granting the motion, the district court explained that Buckley's claim failed at the outset because he

---

[**]     The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

acquired his interest in the 0.01 bitcoin with full knowledge of the forfeiture proceedings.  In addition, the district court noted Buckley could only speculate that his claimed bitcoin was included in the bitcoin seized from the 1HQ3 wallet, and therefore failed to carry his burden at summary judgment to show some evidence in support of Article III standing.  Buckley timely appealed.  We affirm.

In a civil forfeiture case, this Court reviews de novo the district court's determination of whether a claimant has standing.  *United States v. 17 Coon Creek Rd.*, 787 F.3d 968, 972 (9th Cir. 2015).  We review de novo a district court's decision to grant summary judgment and may affirm on any ground supported by the record.  *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019).

The district court correctly struck Buckley's claim for lack of standing. Claimants in civil forfeiture actions carry the burden to establish Article III standing by showing that they have "a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *United States v. 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008) (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004)). Although a claimant may establish standing at the pleading stage by making an unequivocal assertion of ownership, a claimant's "bare assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to

3

survive a motion for summary judgment." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012). Instead, a claimant asserting an ownership interest in the defendant property "must also present 'some evidence of ownership' beyond the mere assertion" to establish standing, *id.* at 639 (quoting *United States v. U.S. Currency, $81,000.00*, 189 F.3d 28, 35 (1st Cir. 1999)), and "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact," *id.* at 638 (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)).

Reviewing the record de novo, we conclude that Buckley failed to carry his burden to establish some evidence, beyond a mere assertion, of ownership of the Defendant Property, from which a reasonable and fair-minded jury could find that he has standing. *See $133,420.00 in U.S. Currency*, 672 F.3d at 638–40. Buckley's evidence, consisting of his own verified claim and the declaration of Richard Sanders, establishes that bitcoin was stolen from Mt. Gox, of which "[s]ome" ended up in Silk Road. Buckley does not present any evidence about his claimed 0.01 bitcoin specifically, let alone evidence that a reasonable jury could rely on to find that his bitcoin was part of the bitcoin stolen from Mt. Gox that ended up in Silk Road, and that his bitcoin was then also included in the hoard stolen from Silk Road. Given the lack of evidence in the record, the district court

4

correctly held that no reasonable jury could find that Buckley has a colorable claim of ownership as to the Defendant Property sufficient to confirm standing.

We affirm on an additional ground. In his verified claim, Buckley claims an interest in the Defendant Property as an innocent owner. Under 18 U.S.C. § 983(d)(1), "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." The statute further provides that, when a property interest is acquired after the conduct giving rise to the forfeiture takes place, "innocent owner" means a person "at the time that person acquired the interest in the property . . . did not know and was reasonably without cause to believe that the property was subject to forfeiture." 18 U.S.C. § 983(d)(3)(A).

Here, it is undisputed that Buckley knew that the Defendant Property was subject to forfeiture when he purchased his interest in the claimed 0.01 bitcoin on January 25, 2021, the same day he filed his claim. Accordingly, under § 983(d)(3)(A)(ii), Buckley does not qualify as an innocent owner, and he provides no other basis on which he can contest forfeiture of the Defendant Property.

Buckley's arguments to the contrary do not warrant a different result. First, Buckley's argument that innocent ownership is a property right that can be transferred is impossible to square with the text of the statute, particularly here where it is undisputed that the transferee, Buckley, acquired his property interest with full knowledge of the pending forfeiture action. Second, Buckley's reading

that property is only "subject to" forfeiture after the issuance of an order of forfeiture is not supported by the text of § 983(d)(3)(A).

**AFFIRMED.**