1 | ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

2

3 | MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

4 | DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

5

6 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200

7 | FAX: (415) 436-7303
david.countryman@usdoj.gov

8

Attorneys for United States of America

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13 | UNITED STATES OF AMERICA,                    ) CASE NO. CV 20-7811 RS
                                                 )
14 |        Plaintiff,                            )  **UNITED STATES' OPPOSITION TO BATTLE
                                                 )  BORN'S MOTION TO STAY ENFORCEMENT
15 |    v.                                        )  OF THE JUDGMENT POST-MANDATE**
                                                 )
16 | Approximately 69,370 Bitcoin (BTC), Bitcoin  )  DATE: January 9, 2025
   | Gold (BTG), Bitcoin SV (BSV), and Bitcoin    )  TIME: 1:30 p.m.
17 | Cash (BCH) seized from                       )  COURTROOM: #3, 17th Floor
   | 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx           )
18 |                                              )
19 |        Defendant.                            )

20

21

22

23

24

25

26

27

28

U.S. OPPOSITION TO MOTION TO STAY
CV 20-7811 RS

I.  **INTRODUCTION**

The United States of America hereby submits its opposition to the instant Motion to Stay Enforcement of the Judgment filed pursuant to Federal Rule of Civil Procedure 62(b) and the Court's power to control its docket. For the reasons set forth below, this motion should be denied. The only issue raised in this motion—Battle Born's argument that its claim should not have been struck and it should have been permitted to take discovery—was denied by the Ninth Circuit. As such, the law of the case and the mandate rule preclude re-litigation of that issue. Additionally, the Ninth Circuit found that Battle Born lacks standing, which precludes intervention in an *in rem* civil forfeiture action. The Ninth Circuit also affirmed the striking of Battle Born's claim, and without a claim Battle Born lacks statutory standing to file motions in a civil forfeiture action. Finally, even if the rule of mandate did not preclude re-litigation, and Battle Born had standing, Battle Born has not met its burden for the Court to exercise its discretion as (1) Battle Born is not likely to succeed on the merits where the Court has already denied its argument, the denial has been affirmed on appeal, and *certiorari* has been denied; (2) Battle Born would not suffer irreparable injury absent a stay, as the Ninth Circuit found that Battle Born has no interest in the defendant property, (3) an indefinite stay, particularly absent a bond, would pose a risk to the value of the defendant property, as the value of Bitcoin is highly volatile; and (4) Battle Born has demonstrated no public interest in granting a stay. For these reasons, the Motion should be denied.

II.  **ARGUMENT**

    **A.  Law of the Case and the Mandate Rule Provide that Battle Born Cannot Relitigate the Decisions of the Ninth Circuit.**

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016); *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). "The rule of mandate is similar to, but broader than, the law of the case doctrine." *Id*. at 567-68. "The mandate rule

jurisdictionally bars district courts and agencies from revisiting matters that [the appellate court] has decided." *Valley Hosp. Med. Ctr., Inc. v. NLRB*, 100 F.4th 994, 1000 (9th Cir. 2024).

> When a case has been once decided by this court on appeal, and remanded to the district court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The district court is bound by the decree as the law of the case and must carry it into execution according to the mandate. That court cannot vary it or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. But the district court may consider and decide any matters left open by the mandate of this court.

*United States v. Thrasher*, 483 F.3d 977, 981-82 (9th Cir. 2007) (internal quotations omitted).

Battle Born's argument is that its claim should not have been struck and it should have been permitted to take discovery. Motion, Docket No. 155, 10:21-14:4. This argument was rejected by the Ninth Circuit, and Battle Born admits that the Court and the Ninth Circuit have already rejected its argument. *United States v. Battle Born,* 2023 U.S. App. LEXIS 21707 *4-7 (9th Cir. August 18, 2023), *cert. denied Battle Born Invs. Co., LLC v. United States,* 2024 U.S. LEXIS 3512 (U.S., Oct. 7, 2024); Motion at 6:13-15, 6:26-7:2. On appeal, the Ninth Circuit held that "[t]he district court correctly struck the Battle Born parties' claims for lack of standing." *Id.* at *4. Specifically, it found "the district court correctly held that no reasonable jury could find that the Battle Born parties have a colorable claim of ownership as to the Defendant Property sufficient to confirm standing." *Id.* at *6. Ninth Circuit also rejected Battle Born's argument that the motion to strike should have been delayed until Battle Born could take discovery:

> The district court did not err by denying the Battle Born parties' request under Federal Rule of Civil Procedure 56(d) to defer ruling on the government's motion to strike until the Battle Born parties could take additional discovery. Reviewing the district court's implicit denial of the Rule 56(d) motion de novo, the motion relies on the speculative premise that a screenshot of a publicly-available website is indicative of ownership, and the Battle Born parties do not explain how this discovery would produce evidence of their ownership of the Defendant Property. Further, nothing in Supplemental Rule G(8) precludes the government from moving to strike a claim prior to discovery. See Supp. R. G(8)(c)(i).

*Battle Born*, 2023 U.S. App. LEXIS 21707 *6-7. As such, Battle Born's lack of standing and the striking the claim prior to discovery have been decided by the Ninth Circuit and cannot be revisited.

In the face of this clear mandate from the Ninth Circuit, Battle Born again offers pure conjecture to support an unprecedented outcome. However, even if Battle Born were successful in its FOIA and learned the identity of Individual X, Battle Born's claim is based on owning the bankruptcy estate of Raymond Ngan (*Battle Born*, 2023 U.S. App. LEXIS 21707 *2-3, 5-6), and Individual X is not Raymond Ngan. As such, even if Battle Born could relitigate Article III standing (which it cannot) the success of the FOIA case would not establish that Battle Born is the owner of the Defendant Property, so Battle Born would still lack Article III standing.

### B. Rule 62(b) Does Not Authorize a District Court to Stay an Appellate Court's Judgment

Rule 62(b) cannot be used as an end run around the mandate rule. Federal courts have reached a consensus that district courts lack jurisdiction to stay execution of an appellate court's mandate. *See, e.g. Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 2021 U.S. Dist. LEXIS 264247, at *5 (C.D. Cal. Sept. 15, 2021); *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 2019 U.S. Dist. LEXIS 129134, at *2 (D. Kan. Aug. 2, 2019); *Powe v. Deutsche Bank Nat'l Trust Co.*, 2019 U.S. Dist. LEXIS 225504, at *6 (E.D. Tex. Dec. 20, 2019); *Myers v. Brewer*, 2019 U.S. Dist. LEXIS 166834, at *3 (D. Kan. September 27, 2019); *Brinkman v. Department of Corrections of State of Kan.*, 857 F. Supp. 775, 776-77 (D. Kan. 1994); *Ventas, Inc. v. HCP, Inc.*, 2011 U.S. Dist. LEXIS 93282 at *1-2 (W.D. Ky. Aug. 22, 2011); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 567-69 (E.D. Pa. 2011); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990). As explained by the court in *Adir*, quoting *Sprint*:

> Rule 62 allows a district court to stay execution of its judgment during an appeal, but once the court of appeals has issued its mandate, that appeal of the district court judgment has concluded. Any subsequent appeal to the Supreme Court is of the judgment of the court of appeals, not the judgment of the district court, and Rule 62 does not authorize a district court to stay the appellate court's judgment. Rather, that power has been given to the appellate courts and the Supreme Court in 28 U.S.C. § 2101(f) and Fed. R. App. P. 41(d).

*Adir,* 2021 U.S. Dist. LEXIS 264247 at *5. Here, as in the cases cited above, Battle Born is asking to stay the appellate court's mandate, which is not permitted by Rule 62(b).

///

///

///

U.S. OPPOSITION TO MOTION TO STAY
CV 20-7811 RS                           3

**C. Battle Born Lacks Standing to File a Motion to Stay**

"Because civil forfeiture actions are brought against property, not people, claimants are treated as intervenors." *Banco Espanol de Credito, Spain*, 295 F.3d. 23, 24 (D.C. Cir. 2002); *see also United States v. $133,420.00*, 672 F.3d 629, 634 (9th Cir 2012). A claimant in a civil forfeiture case must establish both constitutional standing (under Article III of the United States Constitution) and statutory standing. *United States v. One Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989). Standing must be determined as a threshold matter. *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004). "Claimants in civil forfeiture actions carry the burden to establish Article III standing by showing that they have 'a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake.'" *Battle Born*, 2023 U.S. App. LEXIS 21707 *4 (*quoting United States v. 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008)). To establish "statutory standing" in a civil forfeiture action, the claimant must comply with the procedural requirements of 18 U.S.C. § 983(a)(4), as well as those in the Supplemental Rules. *See United States v. Real Prop. Located at 17 Coon Creek Road*, 787 F.3d 968, 973-74 (9th Cir. 2015). Per the Supplemental Rules, "[a]ny person wishing to intervene and assert an interest in the property must file two responsive pleadings: a verified claim and an answer." *United States v. $133,420*, 672 F.3d at 635 (*citing* Supp. R. G(5)(a)(i)). "At any time before the trial, the government may move to strike a claim or answer . . . because the claimant lacks standing." *Ibid.* (*quoting* Supp. R. G(8)(c)(i)(B)).

Once a claim has been struck, the would-be intervenor no longer has statutory standing and is statutorily barred from intervening. *United States v. All Assets Held in the Inv. Portfolio of Blue Holding*, 712 F. App'x 13, 14 (D.C. Cir. 2018) (once claimant's claim had been struck, claimant "no longer has a basis for continuing to participate in this forfeiture proceeding"); *United States v. All Assets in Acct. No. 80020796*, 319 F. Supp. 534, 537-38 (D.D.C. 2018) (where the appellate court has already affirmed the district court's order striking claims to the property, "there is no path forward that would permit [the former claimant] to assert an interest in the property."); *All Assets Held at Bank Julius, Baer & Company*, Ltd., 2024 U.S. Dist. LEXIS 135903, at *40 (D.D.C. 2024) (once claimant's claim was

struck he was "statutorily barred from intervening"); *see also Polyzopoulos v. Garland*, 2021 U.S. Dist. LEXIS 253739, *10 (D.D.C. 2021) ("Because the Court has denied Mr. Risenhoover's request for intervention, he remains a nonparty and, therefore, does not have standing to assert any further claims for relief in this case."); *SEC. v. Provident Royalties*, LLC, 2010 U.S. Dist. LEXIS 701, at *2 (N.D. Tex. Jan. 5, 2010) ("Because the court has denied Strasburger's motion to intervene, Strasburger remains a nonparty to this lawsuit and has no standing to file a motion to reconsider."). This injunction on intervention continues after a successful appeal by the United States. *See Acct. No. 80020796*, 319 F. Supp. at 537-38 (denying post-mandate motions for relief from judgment a post-mandate motion for a preliminary injunction for lack of standing).

Here, the Ninth Circuit affirmed that "[t]he district court correctly struck the Battle Born parties' claims for lack of [Article III] standing." *Battle Born*, 2023 U.S. App. LEXIS 21707 at *4. Once Battle Born's claim was struck for lack of Article III standing it no longer had the statutory standing necessary to participate in the forfeiture proceeding. Thus, the instant motion must be denied for lack of Article III standing and for lack of statutory standing.

### D. Battle Born has Not Shown that the Circumstances Justify a Discretionary Stay

The Supreme Court has recognized that a court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In this way, a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (*internal quotation marks and citations omitted*). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id*. at 433.

In determining whether to exercise its discretion to issue a stay, the Court examines four factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken,* 556 U.S. at 434; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Manrique v. Kolc*, 64 F.4th 1106, 1108 (9th Cir. 2023).

"The first two factors of [this] standard are the most critical." *Nken,* 556 U.S. at 434. The Ninth Circuit has described the relationship between the first two factors — "likelihood of success" and "irreparable injury" — as "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Manrique v. Kolc*, 64 F.4th at 1108 *citing Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). "Even with a high degree of irreparable injury, the movant must show 'serious legal questions' going to the merits." *Ibid. quoting Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983).

Battle Born has not made and cannot make a strong showing that it is likely to succeed on the merits. Battle Born's argument is that its claim should not have been struck and it should have been permitted to take discovery. Motion, Docket No. 155, 10:21-14:4. As discussed above, the Ninth Circuit has found that "[t]he district court correctly struck the Battle Born parties' claims for lack of standing" because "no reasonable jury could find that the Battle Born parties have a colorable claim of ownership as to the Defendant Property sufficient to confirm standing." *Battle Born*, 2023 U.S. App. LEXIS 21707 *4. The Ninth Circuit also found that "[t]he district court did not err by denying the Battle Born parties' request under Federal Rule of Civil Procedure 56(d) to defer ruling on the government's motion to strike until the Battle Born parties could take additional discovery." *Id.* at *6-7. As such, Battle Born is not likely to prevail on relitigating issues explicitly rejected by the Ninth Circuit and for which *certiorari* has been denied. As such, this factor weighs strongly against granting a stay.

As discussed above "the required degree of irreparable harm increases as the probability of success decreases." *Manrique v. Kolc*, 64 F.4th 1108. Here there is not only almost zero likelihood of success, but Ninth Circuit has also found that "no reasonable jury could find that the Battle Born parties have a colorable claim of ownership as to the Defendant Property sufficient to confirm standing." *Battle Born*, 2023 U.S. App. LEXIS 21707 *4. It is axiomatic that if Battle Born does not have an interest in

U.S. OPPOSITION TO MOTION TO STAY
CV 20-7811 RS                                                6

the Defendant Property, the sale of the Defendant Property cannot cause Battle Born injury. As such, Battle Born has not and cannot meet its burden to show irreparable injury, so this factor also strongly weighs against granting a stay.

There is also a clear risk to the government's interest given that "[t]he price of Bitcoin is highly volatile." *Johnson v. Reece*, 2024 U.S. Dist. LEXIS 65920, at *10 (S.D.N.Y. April 10, 2024); *see also Winter v. Stronghold Digit. Mining, Inc.*, 686 F.Supp. 3d 295, 300 (S.D.N.Y. 2023). Although the value of bitcoin has seen a steady increase in the past few weeks, it has previously dropped starkly and significantly. S*ee* https://www.bloomberg.com/news/articles/2024-06-24/bitcoin-btc-extends-drop-after-one-of-crypto-s-worst-weeks-of-2024, https://www.forbes.com/sites/digital-assets/2024/09/06/bitcoin-prices-plunge-below-53000-as-multiple-factors-fuel-losses/. It is easy for Battle Born to claim that there is no risk in delaying enforcement of the judgment, but it is telling that Battle Born does not want to support that position by providing a bond or other security. As such, this factor weighs against granting a stay.

Finally, as for "where the public interest lies", Battle Born argues that a stay pending resolution of the FOIA case will somehow highlight that "government has repeatedly granted lenient treatment to Silk Road criminals so that they would not contest the government's claim to their valuable property." Motion, 15:15:26. However, this argument is speculative and disputed.[1] More importantly, attempting to acquire information about Individual X is the province of the FOIA action, not the forfeiture action. The public has no interest in whether Battle Born can relitigate its defunct claim to the defendant property, and Battle Born has not met its burden to show a public interest in allowing a stay of the forfeiture

---

[1] The government's prosecutions of Silk Road and its hackers and thieves belie this specious accusation. As a result of the government's investigations, the creator of Silk Road, Ross Ulbricht, was convicted of seven counts including conspiracy to distribute narcotics and money laundering." Docket No 104, 3:2-4. "He was ultimately sentenced to double life imprisonment plus forty years, without the possibility of parole." *Ibid*. The government prosecuted a person named James Zhong, who pled guilty to committing wire fraud in September 2012 when he stole over 50,000 Bitcoin from the Silk Road. *See* https://www.justice.gov/usao-sdny/pr/us-attorneyannounces-historic-336-billion-cryptocurrency-seizure-and-conviction. The government also prosecuted former DEA agent Carl M. Force, who pleaded guilty to extortion, money laundering and obstruction of justice; and former Secret Service agent Shaun W. Bridges, who pleaded guilty to money laundering. *See* https://www.justice.gov/opa/pr/former-dea-agentsentenced-extortion-money-laundering-and-obstruction-related-silk-road.

U.S. OPPOSITION TO MOTION TO STAY
CV 20-7811 RS                                7

action. In fact, the prevailing public interest is in "the law's important interest in the finality of judgments." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356, 126 S. Ct. 2669, 165 L. Ed. 2d 557 (2006). Thus, this factor weighs against a stay.

### III.   CONCLUSION

As discussed above, the only issue raised in this motion was denied by the Ninth Circuit, and the rule of mandate precludes re-litigation of that issue. The Ninth Circuit has conclusively held that Battle Born lacks Article II standing. Additionally, because Battle Born's claim was struck, it also lacks statutory standing. Finally, even if the Ninth Circuit hadn't issued a mandate, and Battle Born did have standing, all four discretionary factors weigh against granting a stay. As such, the Motion should be denied.

DATED:  11/21/2024                                             Respectfully submitted,

                                                               ISMAIL J. RAMSEY
                                                               United States Attorney

                                                               /s/ David Countryman
                                                               DAVID COUNTRYMAN
                                                               Assistant United States Attorney