UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>    v.<br>APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH), et al.,<br>             Defendants. | Case No. 20-cv-07811-RS<br><br>**ORDER** |

The government initiated this civil forfeiture action against approximately 69,370 Bitcoin, Bitcoin Gold, Bitcoin SV, and Bitcoin Cash ("the Property"). Final judgment in favor of the government entered in 2022. The government and various claimants then stipulated that "execution of the final judgment through sale, liquidation, or transfer of the Property should be stayed until all appeals in this matter have been resolved." See Dkt. No. 133. The Ninth Circuit ultimately affirmed the judgment and the Supreme Court recently denied a petition for a writ of certiorari.

Claimants Battle Born Investments Company, LLC, First 100, LLC, and 1st One Hundred Holdings, LLC ("claimants") now move for a stay of enforcement of the judgment pending resolution of an action they have brought in the United States District Court for the District of Columbia under the Freedom of Information Act, seeking disclosure of the identity of "Individual X," the person who the government alleges stole the Property. *See Battle Born Investments Co.,*

*LLC v. United States Department of Justice*, No. 24-cv-0067 (BAH) (D.D.C.). Claimants assert that upon learning the identity of "Individual X," they may be in a position to bring a Rule 60 motion to set aside the judgment in this action.

Without having made any assessment of the merits of claimants' motion, the Court requests the parties to consider whether it would be appropriate for them to stipulate that government may liquidate some or all of the Property at the government's discretion, provided that the proceeds from any such liquidation remain subject to the claims asserted by claimants, until the resolution of the FOIA action and any resulting Rule 60(b) motion.[1] If the parties submit a stipulation to that effect, the hearing on the stay motion, set for January 9, 2025, will be vacated. If the parties do not agree to such a stipulation, they should be prepared to address at the hearing whether or not the Court has discretion to impose such a condition on any liquidation of the Property, in the event it determines claimants are not otherwise precluded from obtaining relief.

**IT IS SO ORDERED**.

Dated: November 26, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] A stipulation to that effect would appear to mitigate the government's concerns arising from the volatility of the Property's value, as the government would be able to liquidate the Property in such amounts and at such times as it deemed most beneficial.

CASE NO. 20-cv-07811-RS

2