JOSEPH N. AKROTIRIANAKIS (SBN 197971)
  jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

ROD ROSENSTEIN (admitted *pro hac vice*)
  rrosenstein@kslaw.com
KELLAM M. CONOVER (SBN 295958)
  kconover@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626 3737

*Attorneys for Claimants*
*Battle Born Investments Company, LLC*;
*First 100, LLC*; *and 1st One Hundred Holdings, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>APPROXIMATELY 69,370 BITCOIN (BTC), BITGOLD (BTG), BITCOIN SV (BSV), AND BITCOIN CASH (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx<br><br>          Defendant.<br><br>First 100, LLC, 1st One Hundred Holdings, LLC, and Battle Born Investments Company, LLC,<br><br>          Claimants. | Case No. 3:20-cv-07811-RS<br><br>**REPLY IN FURTHER SUPPORT OF BATTLE BORN'S MOTION TO STAY ENFORCEMENT OF THE JUDGMENT**<br><br>Date: January 9, 2025<br>Time: 1:30 pm<br>Ctrm: 3<br><br>Hon. Chief Judge Richard Seeborg<br><br>Action Filed: November 5, 2020 |

I.  **INTRODUCTION**

The government profoundly misunderstands Battle Born's request and consequently fails to address most of Battle Born's brief. Battle Born does not seek to challenge the appellate court's mandate in this case. It seeks only a limited and temporary stay to preserve its ability to file a Rule 60 motion (if appropriate) following resolution of the related FOIA action so that it can *comply* with the Ninth Circuit's ruling. Indisputably, the FOIA action is the only way Battle Born can satisfy the Ninth Circuit's requirement that it demonstrate Ngan's "association with Individual X." Because Battle Born does not intend to revisit any issue decided by the Court of Appeals, the government's arguments about law of the case, the mandate rule, and standing are irrelevant. And because Battle Born does not request a stay pending any appeal, the limited holding of *Nken v. Holder*, 556 U.S. 418 (2009) does not apply.

The Court should grant Battle Born's motion and temporarily stay execution of the judgment pending resolution of the related FOIA action and any subsequent Rule 60 motion.

II.  **ARGUMENT**

**A.  The Government's Procedural Challenges Do Not Apply Because Battle Born Does Not Seek to Revisit Any Issue Decided on Appeal.**

If Battle Born learns Individual X's identity through the FOIA action and can demonstrate his connection to Ngan, Battle Born intends to file a Rule 60 motion to reopen the judgment and reconsider its own standing *in light of that change in circumstances*. The government's procedural challenges ignore this context.

The government first contends that law of the case bars Battle Born's request. But law of the case merely "preludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The government cites no case holding that this doctrine bars a district court from staying enforcement of a judgment. And as the government's primary authority recognizes, law of the case "should not be applied when the evidence on remand is substantially different … or when applying the doctrine would be unjust." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Both exceptions apply here, as any anticipated Rule 60 motion would be based on a change in circumstances or new

evidence, and the government does not dispute it would be unjust to shut out a claimant who ultimately can establish standing via association with Individual X (after learning who Individual X actually is).

Second, the government contends the mandate rule somehow bars staying enforcement of the judgment. But the mandate rule merely prevents a district court from "vary[ing] or examin[ing]" a mandate received from an appellate court. *Hall*, 697 F.3d at 1067. Importantly, "when a court is confronted with issues that the remanding court never considered, the 'mandate requires respect for what the higher court decided, not for what it did *not* decide.'" *Id.* at 1067 (cleaned up) (quoting *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000)). Because the Ninth Circuit never decided whether Battle Born has standing based on additional evidence connecting Ngan to Individual X, the mandate rule would not preclude deciding that issue on a Rule 60 motion. All of the government's authorities are inapposite, as they held only that a *stay pending appeal* under Rule 62—not at issue here—cannot "'stay the appellate court's judgment'" while the appeal is ongoing. *E.g.*, *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 2021 WL 10373022, at *2 (C.D. Cal. Sept. 15, 2021) (quotation omitted).

Finally, the government contends that Battle Born lacks standing to preserve its ability to reconsider the denial of its own standing. The government's cited authorities—all out of circuit—nowhere adopt such a bizarre and draconian rule. They all held, merely, that an individual denied intervention cannot contest ongoing proceedings. *See United States v. All Assets Held in the Inv. Portfolio of Blue Holding*, 712 F. App'x 13, 14 (D.C. Cir. 2018) (claimant denied standing could not further contest proceedings by filing "motion for charging lien"); *United States v. All Assets in Acct. No. 80020796*, 319 F. Supp. 534, 537 (D.D.C. 2018) (claimant denied standing could not challenge default judgment as "fraud on the court"); *All Assets Held at Bank Julius, Baer & Co.*, 2024 WL 3612982, at *13 (D.D.C. Aug. 1, 2024) (claimant denied standing could not "litigate on behalf of [the] in rem defendant" by opposing a motion for default judgment); *Polyzopoulos v. Garland*, 2021 U.S. WL 6849090, at *3 (D.D.C. Nov. 9, 2021) (individual denied intervention could not pursue "further claims"); *SEC v. Provident Royalties, LLC*, 2010 WL 27185, at *2 (N.D. Tex. Jan. 5, 2010) (individual denied intervention "has no standing to file a motion to reconsider"

a *different* motion).

In contrast to these authorities, Battle Born seeks only to preserve its ability to file a Rule 60 motion to establish its own standing. It plainly has standing to reconsider the denial of its standing.

**B.      The *Nken* Factors Do Not Apply to a Motion to Stay Execution of the Judgment.**

When it comes to the substance of Battle Born's request, the government again misses the mark. As Battle Born explained, the Ninth Circuit has long held that a district court has inherent authority to find it is "the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Because Battle Born's FOIA action is an independent proceeding, *Levya* is directly on point, and its fairness considerations guide this Court's exercise of discretion.

The government cites no case applying a different standard to a Rule 62 motion to stay the judgment pending resolution of related proceedings. And while the government relies on the *Nken* factors, those factors apply only when an appellate court is considering whether to stay a decision of a lower court. *See, e.g., Grundstrom v. Wilco Life Ins. Co.*, 2023 WL 8429789, at *2 (N.D. Cal. Dec. 4, 2023) ("*Nken* considered the question of whether a decision by a lower court should be stayed 'based on the movant's own appeal' of that decision."); *Phan v. Transamerica Premier Life Ins. Co.*, 2020 WL 5576358, at *3 (N.D. Cal. Sept. 17, 2020) ("[T]he factors influencing the decision to grant a stay in *Nken* apply to circumstances where courts stay a civil order pending an appeal, such as an order of removal."); *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) ("[C]ourts have reasoned that the *Nken* test 'is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case ....'") (citing numerous authorities). Because Battle Born seeks a stay pending related proceedings, not a stay pending appeal, *Levya* (not *Nken*) provides the appropriate standard.

Fairness is on Battle Born's side. The government does not dispute that it followed an unusual strategy in pressing the courts to deny Battle Born's standing based on shifting theories. Nor does it dispute that the only way Battle Born can hope to satisfy the Ninth Circuit's evidentiary

3

standard is through resolution of the FOIA action. This historic forfeiture, now worth $6.7 billion—an increase of $1.5 billion since Battle Born filed its motion three weeks ago—is of monumental importance and deserves careful consideration.

### III. CONCLUSION

The Court should temporarily stay enforcement of the judgment pending resolution of the related FOIA action and Battle Born's anticipated Rule 60 motion (if any is appropriate).

DATED: November 29, 2024

KING & SPALDING LLP
By: /s/ Rod Rosenstein
ROD ROSENSTEIN (*pro hac vice*)
JOSEPH N. AKROTIRIANAKIS
KELLAM M. CONOVER

*Attorneys for Claimants*
*Battle Born Investments Company, LLC*; *First 100, LLC*; *and 1st One Hundred Holdings, LLC*