Darrell P. White (SBN: 270038)
Joshua M. Kimura (SBN: 267360)
Douglas C. Stastny (SBN: 269470)
**KIMURA LONDON & WHITE LLP**
17631 Fitch
Irvine, California 92614
(949) 474-0940
dwhite@klw-law.com
jkimura@klw-law.com
dstastny@klw-law.com

Attorneys for Claimants
First 100, LLC; 1st One Hundred Holdings LLC;
and Battle Born Investments Company, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br>v.<br><br>APPROXIMATELY 69,379 BITCOIN (BTC), BITGOLD (BTG), BITCOIN SV (BSV), AND BITCOIN CASH (BCH) seized from1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx<br><br>DEFENDANTS.<br><br>FIRST 100, LLC, 1ST ONE HUNDRED HOLDINGS, LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC,<br><br>CLAIMANTS. | Case No.: 3:20-CV-07811-RS<br><br>**CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON CLAIMANTS' MOTION TO STAY ENFORCEMENT OF THE JUDGMENT FROM JANUARY 9, 2025, TO FEBRUARY 7, 2025, TO ALLOW NEW COUNSEL TO TIME TO FAMILIARIZE ITSELF AND PROPERLY ADDRESS THE COURT'S ORDER DATED NOVEMBER 26, 2024** |

///

1

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON CLAIMANTS' MOTION TO STAY ENFORCEMENT OF THE JUDGMENT

I. INTRODUCTION

As required under Civil Local Rules 6-3 and 7-10, Claimants, First 100, LLC, 1st One Hundred Holdings, LLC, and Battle Born Investments Company, LLC (collectively, "Battle Born" or "Claimants") hereby apply, pursuant to Civil Local Rule 6-3, 7-10 and the Court's own inherent power to control its docket, for an Order changing the hearing date of Claimants' Motion to Stay Enforcement of the Judgment from January 9, 2025, at 1:30 p.m. to February 10, 2025, at 1:30 p.m., or to a time and date that is of convenient to the Court and the parties.

Battle Born's current counsel of record, Kimura London & White LLP, substituted into this matter on December 3, 2024. Substitution, Docket No. 162-164. A brief thirty (30) day continuance of the hearing date will prevent substantial harm and undue prejudice to Battle Born as it will allow Battle Born's new counsel to 1) familiarize itself with an extremely complex legal matter that is over four (4) years old, with limited business days in the holiday season; 2) provide needed time for new counsel to adequately prepare and address the Court's request to meet and confer with the United States on the proposed stipulation the Court identified in its November 26 Order (i.e. issue regarding potential liquidation); and 3) allow new counsel to adequately prepare and address the Court's November 26 Order and question regarding whether this Court has discretion to impose a liquidation of property in the event of Battle Born successfully bringing a Rule 60 (b) motion. Battle Born's current counsel met and requested the United States stipulate to the relief requested herein but the United States declined. *See* Decl. of Darrell P. White, Esq. ¶¶3-4. Counsel gave verbal and written notice of Battle Born's intent to seek ex parte relief that same day. *Id.*

II. ARGUMENT

A. Authority for Ex Parte Request Brief Continuance Is Found in Civil Local Rule 6-3(a)

Civil Local Rule 7-10 provides that a party may file an ex parte motion only if a statue, Federal Rule, local rule, or Standing Order authorizes ex parte filing. Civil Local Rule 6-3(a) provides Battle Born with the authority to file a motion to enlarge time based upon three factors: 1) sets forth with particularity the reasons for the requested enlargement…of time; 2) describes

///

2

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON CLAIMANTS' MOTION TO STAY ENFORCEMENT OF THE JUDGMENT

the efforts the party has made to obtain a stipulation to the time change; and 3) identifies the substantial harm or prejudice that would occur if the Court did not change the time. Battle Born, as explained below, satisfies all three factors of Civil Local Rule 6-3(a) and thus, this ex parte should be granted.

1. Battle Born's New Counsel Needs To Familiarize Itself With Over Four Years Of Complex Litigation.

Battle Born's request is straightforward. This matter commenced with the filing of a complaint on November 5, 2020. Complaint, Docket No. 1. Consequently, this matter is now over four (4) years old and contains 164 filings and a large client file that contains appellate briefings reaching the Supreme Court of the United States. Docket No. 1 -164. Battle Born's new counsel substituted into this matter on December 2, 2024. Substitution, Docket No. 162 – 164. There is a tremendous amount of information that needs to be reviewed and analyzed in order for Battle Born's new counsel of record to adequately provide counsel to Battle Born. White Decl. ¶2. Counsel is working rapidly, through the holiday season and limited business days, to get up to speed, and needs more time. *Id.*

Furthermore, this Court's November 26 Order requires Battle Born's counsel to meet and confer with the United States on the stipulation issue regarding potential liquidation of the BitCoin wallet and address the Court's question regarding whether this Court has discretion to impose a liquidation of property in the event of Battle Born successfully bringing a Rule 60 (b) motion. Order, Docket No. 157, 2:4-12. Both of these issues are of high import, especially considering the size of the asset at issue and the potential undue prejudice to Battle Born should a decision be made before counsel has had an opportunity familiarize itself to the case facts and adequately prepare to address the Court. As the 9th Circuit has noted "the motion for substitute counsel would have almost certainly required a continuance of the trial while new counsel was appointed and allowed to prepare." *Schell v. Witek,* 181 F.3d 1094, 1100 (9th Cir. 1999).

2. Stipulation Efforts

Battle Born's counsel made two (2) separate efforts to request that counsel for the United States Government stipulate to a brief thirty (30) day continuance. White Decl. ¶¶3-4. Counsel

3

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON CLAIMANTS' MOTION TO STAY ENFORCEMENT OF THE JUDGMENT

KIMURA LONDON & WHITE LLP

for the Government responded by only offering either a one-week extension or to withdraw the Motion to Stay Enforcement of the Judgment. *Id.,* Exh 1. Battle Born's counsel attempted a second time to request that the Government reconsider Battle Born's request for a brief continuance to familiarize itself with this matter and was subsequently denied. *Id.* Thus, necessitating this ex parte application to the Court.

      3.    Battle Born Would Suffer Substantial Harm and Suffer Undue Prejudice If It's New Counsel of Record is Not Allowed to Prepare and Review the File.

Battle Born's right to choose its own counsel to advocate for Battle Born's interests are a paramount right that this Court has recognized. (*QuickLogic Corp. v. Konda Techs., Inc.*, 618 F. Supp. 3d 873, 880 (N.D. CA 2022) (finding that a "client's right to choose counsel" is an important interest). Battle Born's counsel needs time to review over four (4) years of litigation in order to be properly prepared to address the Court's request to meet and confer with the United States Government on the stipulation issue regarding potential liquidation and address the Court's question regarding whether this Court has discretion to impose a liquidation of property in the event of Battle Born successfully bringing a Rule 60 (b) motion. Order, Docket No. 157, 2:4-12. Battle Born would suffer substantial harm if its counsel of record is not allowed to familiarize itself with over four years of litigation and further, would suffer, undue prejudice as counsel would not be able to adequately prepare to meet and confer with the Government on the issue of a potential stipulation and not be adequately prepared to answer the Court's own question regarding liquidation.

### III. CONCLUSION

Battle Born's request is not unreasonable nor is Battle Born requesting a ninety (90) or one hundred twenty (120) day continuance. Battle Born requests a brief thirty (30) day continuance of the stay motion hearing from January 9, 2025, to February 7, 2025, so that Battle Born's counsel can familiarize itself with the past pleadings and case file, so that Battle Born can meaningfully meet and confer with the Government on a potential stipulation and avoid a potential hearing, while also being properly and adequately prepared to address the issues presented by the Court's Order.

4

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON CLAIMANTS' MOTION TO STAY ENFORCEMENT OF THE JUDGMENT

Dated: December 4, 2024          **KIMURA LONDON & WHITE LLP**

By:    */s/ Darrell P. White*
Darrell P. White, Esq.
Joshua M. Kimura, Esq.
Douglas C. Stastny, Esq.
Attorneys for Claimants,
First 100, LLC, 1st One Hundred Holdings LLC, and Battle Born Investments Company, LLC

5

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON CLAIMANTS' MOTION TO STAY ENFORCEMENT OF THE JUDGMENT