Darrell P. White (SBN: 270038)
Joshua M. Kimura (SBN: 267360)
Douglas C. Stastny (SBN: 269470)
**KIMURA LONDON & WHITE LLP**
17631 Fitch
Irvine, California 92614
(949) 474-0940
dwhite@klw-law.com
jkimura@klw-law.com
dstastny@klw-law.com

Attorneys for Claimants
First 100, LLC; 1st One Hundred Holdings LLC;
and Battle Born Investments Company, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　PLAINTIFF,<br><br>　v.<br><br>APPROXIMATELY 69,379 BITCOIN (BTC), BITGOLD (BTG), BITCOIN SV (BSV), AND BITCOIN CASH (BCH) seized from1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx<br><br>　　　　　　DEFENDANTS.<br><br>FIRST 100, LLC, 1ST ONE HUNDRED HOLDINGS, LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC,<br><br>　　　　　　CLAIMANTS. | Case No.: 3:20-CV-07811-RS<br><br>**CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION FOR: (1) STAY PENDING APPEAL AND (2) STAY ENFORCEMENT OF THE JUDGMENT** |

1

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-10 and FRCP Rule 62, Claimants, First 100, LLC, 1st One Hundred Holdings, LLC, and Battle Born Investments Company, LLC (collectively, "Claimants") hereby apply ex parte for an order to: (1) Stay the Case Pending Appeal; and (2) Stay Enforcement of the Judgment.

This Court previously entered an order denying Claimants' motion to stay enforcement of judgment on December 30, 2024, after the United States District Court for the District of Columbia granted the DOJ's motion for summary judgment and denied Claimants' motion for summary judgment in the case of *Battle Born Invs. Co., LLC v. U.S. Dep't of Justice* ("FOIA Action"), No. 24-cv-0067 (BAH) (D.D.C.). See ECF 155 & 173.

However, just as the Court was previously justified in staying the execution of the final judgment in this matter until all appeals have been resolved, notably, by stipulation of the United States of America ("United States") [See ECF 133], the Court is justified in staying the case and enforcement of the judgment now while Claimants seek to appeal the FOIA Action decision. Indeed, a stay is warranted because Claimants would indisputably suffer substantial and irreparable harm if a stay is not ordered, Claimants are likely to succeed on their appeal in the FOIA Action, and the public interest supports preserving the status quo while Claimants' appeal is pending.

Undersigned counsel gave verbal and written notice to counsel for the United States on January 9, 2025 of Claimants' intent to file the instant ex parte application.

As such, Claimants respectfully request that the Court grant Claimant's ex parte motion and enter an order (1) Staying the Case Pending Appeal; and (2) Staying Enforcement of the Judgment.

## II. LEGAL STANDARD

"Ex parte motions may be brought in emergencies…and in a variety of other contexts." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014).

A stay pending appeal is not a matter of right, but instead is an exercise of judicial discretion dependent upon the circumstances of the particular case. *Lair v. Bullock*, 697 F.3d

2

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION FOR: (1) STAY PENDING APPEAL AND (2) STAY ENFORCEMENT OF THE JUDGMENT

1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)). The court considers four factors in exercising such judicial discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d at 1203 (quoting *Nken v. Holder*, 556 U.S. at 434). The first two of these factors, likelihood of success on the merits and irreparable injury, "are the most critical." *Lair v. Bullock*, 697 F.3d at 1204 (quoting *Nken v. Holder*, 556 U.S. at 434).

In addition, Rule 62(b) authorizes this Court to temporarily stay enforcement of the judgment "[a]t any time after judgment is entered" where the requesting party "provid[es] a bond or other security." Fed. R. Civ. P. 62(b). In this case, no bond is justified because the government is not at risk of incurring any loss, since the value of the subject bitcoin currently far exceeds its value when the government filed this forfeiture claim. Moreover, a "district court has broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989) (citing authorities and waiving bond requirement where it was "unnecessary"), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc).

Pursuant to Rule 62, courts in this Circuit commonly have granted a temporary stay of enforcement of a judgment pending resolution of a motion to amend that judgment without requiring any bond. See, e.g., Order at 2–3, *Fresno Rock Taco, LLC v. Nat'l Surety Ins. Corp.* ("*Fresno Rock Taco*"), No. 1:11-cv-00845-SKO, ECF 381 (E.D. Cal. Oct. 12, 2014) (granting "National's motion for a stay through disposition of the parties' Rule 59(e) motions" without requiring a bond); *In re Cancelosi*, 456 B.R. 515, 520 (Bankr. D. Or. 2011) (granting "stay [of] enforcement of the Judgment pending a decision on the [post-judgment] Motion, pursuant to Civil Rule 62(b)" and "[i]n light of the limited period contemplated … not requir[ing] [party] to put up any security or bond during the period of the stay").

3

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION FOR: (1) STAY PENDING APPEAL AND (2) STAY ENFORCEMENT OF THE JUDGMENT

## III. ARGUMENT

### A. Discretion To Stay The Case And Enforcement Of The Judgment Is Warranted

Claimants seek an order from the Court to: (1) Stay the Case Pending Appeal; and (2) Stay Enforcement of the Judgment.

As noted above, the court considers four factors in exercising such judicial discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair*, 697 F.3d at 1203 (quoting *Nken*, 556 U.S. at 434).

Here, each of these factors lands in favor of the Court using its inherent judicial discretion to stay the matter and stay enforcement of the judgment, as set forth further below, because Claimants would indisputably suffer substantial and irreparable harm if a stay is not ordered, Claimants are likely to succeed on their forthcoming appeal in the FOIA Action, and the public interest supports preserving the status quo while Claimants' appeal is pending.

### 1. Claimants Would Suffer Substantial and Irreparable Injury If a Stay is Not Ordered

Claimants clearly satisfy the second and third factors in favor of a stay of the case and stay of the enforcement of the judgment. The volatility of the cryptocurrency market cannot be disputed. Just this week, a mass liquidation wiped out hundreds of millions in trader positions.[1] Absent a stay, the government will execute the judgment for civil forfeiture and liquidate the subject res—thereby "'render[ing] the judgment'" and any subsequent order amending that judgment "'useless'" because "the res can neither be delivered nor restored to Claimants." *United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1164 (9th Cir. 2008) ("*$493,850*") (quoting *Rep. Nat'l Bank of Miami v. United States*, 506 U.S. 80, 88–89 (1992)).

---

[1] https://www.tradingview.com/news/newsbtc:0baf5ff80094b:0-crypto-liquidations-near-690-million-as-bitcoin-ethereum-crash/

4

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION FOR: (1) STAY PENDING APPEAL AND (2) STAY ENFORCEMENT OF THE JUDGMENT

KIMURA LONDON & WHITE LLP

Here, for precisely this reason, this Court previously ordered (and the government stipulated to) a temporary stay of execution of the judgment pending Claimants' earlier appeal in this case. See ECF 133 (citing *$493,850*, 518 F.3d at 1159). If the government were to execute on the judgment and liquidate the subject res, Claimants would never be able to recoup the anticipated losses caused by this mass liquidation. As such, the Court should use its same discretion to stay this matter and stay enforcement of the judgment until Claimant's appeal of the FOIA Action is decided and a final determination is made regarding Claimant's right to the subject res.

### 2. Claimants Will Succeed on the Merits of Their Appeal

Pursuant to Fed. R. App. P. 4(a)(1)(B)(i), Claimant's time for filing a notice of appeal in the FOIA Action does not expire until February 28, 2025. However, Claimants intend to timely file their notice of appeal and are confident they will succeed in overturning the erroneous and overreaching decision to grant the government's motion for summary judgment and deny Claimants' motion for summary judgment because of the government's improper invocation of FOIA Exemption 6, 7(C), and 7(F), 5 U.S.C. §§ 552(b)(6), (7)(C), (7)(F) to redact Individual X's name. Once reversed on appeal, Claimants will finally obtain Individual X's identity and will be able to utilize the discovery process to obtain evidence needed to bring a Rule 60 motion before this Court and ultimately prevail in this action.

### 3. The Public Interest Favors Consideration of Claimant's Appeal

As noted above, Claimants intend to timely file their notice of appeal in the FOIA Action; a matter in which the United States are a party. Surely, the public interest favors the consideration of Claimants' appeal and the exhaustion of Claimants' fundamental appeal rights under Fed. R. App. P. 4. It would be improper and potentially a waste of judicial resources to allow the government to execute on the judgment while there has not been a full and final determination on Claimants' appeal in the FOIA Action, which would have a direct and fundamental effect on any ruling in the instant case, as evidenced by the fact that this case was previously stay pending the decision on the underlying summary judgment motions filed by the parties. As such, that public interest still favors a stay now, pending appeal.

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION FOR: (1) STAY PENDING APPEAL AND (2) STAY ENFORCEMENT OF THE JUDGMENT

## IV. CONCLUSION

Based on the foregoing, Claimants respectfully request that the Court grant Claimant's ex parte motion and enter an order (1) Staying the Case Pending Appeal; and (2) Staying Enforcement of the Judgment.

Dated: January 10, 2025                    **KIMURA LONDON & WHITE LLP**

By:   /s/ Darrell P. White
      Darrell P. White, Esq.
      Joshua M. Kimura, Esq.
      Douglas C. Stastny, Esq.
      Attorneys for Defendants,
      First 100, LLC, 1st One Hundred Holdings LLC, and Battle Born Investments Company, LLC

6

CLAIMAINTS FIRST 100, LLC, ONE HUNDRED HOLDINGS LLC, AND BATTLE BORN INVESTMENTS COMPANY, LLC'S EX PARTE APPLICATION FOR: (1) STAY PENDING APPEAL AND (2) STAY ENFORCEMENT OF THE JUDGMENT