ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7303
    david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx<br><br>    Defendant. | CASE NO. CV 20-7811 RS<br><br>**UNITED STATES' OPPOSITION TO BATTLE BORN'S SECOND EX PARTE APPLICATION TO CONTINUE THE HEARING ON ITS MOTION TO STAY ENFORCEMENT OF THE JUDGMENT** |

The United States of America hereby opposes the Ex Parte Application to stay enforcement of the judgment in this case for the reasons stated in its opposition to the previous Motion to Stay Enforcement of the Judgment. Dkt. No. 156.[1] Those reasons alone provide sufficient bases to deny the motion, though the government below briefly addresses additional dispositive reasons.

In yet another effort to avoid the judgment in this case, Battle Born seeks yet another stay–this time pending the appeal of its unsuccessful FOIA action in the District of Columbia. Battle Born correctly cites the balancing test in *Niken v. Holder,* however, a critical element of this test is conspicuously missing: substantial harm to other parties. This is likely because in the last 30 days— during which time Battle Born sought its first unsuccessful stay—BTC has lost 12% of its value, causing the Defendant Property to lose over $881,698,943 in value.[2] Despite this loss, Battle Born again refuses to post a bond to protect the value of the Defendant Property. Thus, this factor strongly weighs against a stay, particularly one that does not protect the value already lost and any future loss resulting from Battle Born's efforts.

This near billion-dollar loss in value eviscerates Battle Born's unsupported assertion that "no bond is justified because the government is not at risk of incurring any loss, since the value of the subject bitcoin currently far exceeds its value when the government filed this forfeiture claim." Docket No. 174 3:10-14. Battle Born provides no evidence or reasoning why the government's interest should be cabined by the value of BTC in 2020 and completely ignores the $880,000,000 in lost value that has occurred in the last month. Should the Court consider a stay that allows the government to sell the bitcoin and hold the proceeds in escrow, Battle Born should at least be required to post a bond for the value that was lost while it opposed the Court's proposed resolution, with an instruction that the government may collect on that bond if BTC does not return to its previous value.

---

[1] These reasons include the law of the case, rule of mandate, and lack of standing. Additionally, re-litigation of the issues decided in the FOIA case are precluded by the doctrine of issue preclusion.

[2] The value of BTC on December 17, 2024 was $106,286.68/BTC for a total value of $7,373,106,991. The value of BTC today when this was written is $93,576.59/BTC for a total value of $6,491,408,048, a reduction of approximately 12%. *See* https://www.coindesk.com/price/bitcoin.

U.S. OPPOSITION TO EX PARTE MOTION TO STAY ENFORCEMENT OF JUDGMENT
CV 20-7811 RS                                                                      1

     Battle Born's arguments as to the other factors are similarly without merit. To show likelihood of success on the merits, "the movant must show 'serious legal questions' going to the merits." *Manrique v. Kolc*, 64 F.4th 1106, 1108 (9th Cir. 2023) *quoting Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983). However, Battle Born articulates no serious legal question at all. It simply asserts that it is "confident" it will succeed in appealing the FOIA decision. Docket No. 174 5:12-16. In contrast, the District Court in DC denied the FOIA because Individual X had a valid right to privacy and Battle Born had provided "no identifiable public interest" in the disclosure of Individual X's identity. *Battle Born v. DOJ*, 2024 U.S. Dist. Lexis 234198 *27. This privacy interest is particularly clear where Ross Ulbricht, the founder of Silk Road, had threatened Individual X (*Id*. at *4) and a man named James Ellingson has claimed to have arranged for the murder of five people for Mr. Ulbricht. *See United States v Ellingson*, Criminal Action 18-00035 (S.D.N.Y Jan. 17, 2018); *see also* https://www.justice.gov/usao-sdny/pr/silk-road-drug-vendor-who-claimed-commit-murders-hire-silk-road-founder-ross-ulbricht. The DC District Court concluded "[w]here there is no identifiable public interest [in the information sought by the FOIA], the privacy interest protected by Exemption 7(C) prevails because something, even a modest privacy interest, outweighs nothing every time." *Ibid*. *internal quotations omitted*. Here, as in the FOIA case, because Battle Born has articulated no legal issue upon which it is likely to prevail, this factor strongly weighs against a stay.

     Similarly, "the required degree of irreparable harm increases as the probability of success decreases." *Manrique v. Kolc*, 64 F.4th 1108. To show any harm, Battle Born must show that it owns the Defendant Property, but Ninth Circuit has already found that "no reasonable jury could find that the Battle Born parties have a colorable claim of ownership as to the Defendant Property sufficient to confirm standing." *United States v 69,370 Bitcoin*, 2023 U.S. App. LEXIS *4 (9th Cir. 2023). It is axiomatic that if Battle Born does not have an interest in the Defendant Property, the sale of the Defendant Property cannot cause Battle Born injury. As such, Battle Born has not and cannot meet its burden to show irreparable injury, so this factor also strongly weighs against granting a stay.

///

As for "where the public interest lies", the DC District Court found that "the only public interest relevant for purposes of [the relevant FOIA issue] is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *See Battle Born v. DOJ*, Civil Action No. 24-00067 (D.D.C. Dec. 30, 2024) *citing Davis v. DOJ*, 968 F.2d 1276, 1282 (D.C. Cir. 1992). Here, as discussed above, the District Court found that Battle Born articulated "no identifiable public interest" in the information sought by the FOIA request. As such this factor also weighs against a stay.

Finally, Civil Local Rule 7-10 requires an *ex parte* motion to include "a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought." Battle Born has provided no citation to a statute, rule, or order which permits the stay of the enforcement of judgment on an *ex parte* basis. As such, this remedy is inappropriate.

For all of the above reasons, Battle Born's application should be denied.

DATED:  01/10/2025                     Respectfully submitted,

                                                      ISMAIL J. RAMSEY
                                                     United States Attorney

                                                   /s/ David Countryman
                                                   DAVID COUNTRYMAN
                                                   Assistant United States Attorney