UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 69,370 BITCOIN (BTC), BITCOIN GOLD (BTG) BITCOIN SV (BSV) AND BITCOIN CASH (BCH), et al.,<br><br>Defendants. | Case No. 20-cv-07811-RS<br><br>**ORDER DENYING STAY** |

Claimants Battle Born Investments Company, LLC, First 100, LLC, and 1st One Hundred Holdings, LLC ("claimants") move for an order to "(1) Stay the Case Pending Appeal; and (2) Stay Enforcement of the Judgment."[1] This case is long since closed and the appeals herein exhausted, so there is no basis to "stay the case." Claimants' request to stay enforcement of the judgment here while they appeal the ruling in *Battle Born Investments Co., LLC v. United States Department of Justice*, No. 24-cv-0067 (BAH) (D.D.C.) ("the FOIA action") must also be denied.

---

[1] Claimants invoke Civil Local Rule 7-10 and label their motion as an "ex parte" application. As stated in Rule 7-10, "ex parte" motions are those filed without notice to the opposing party, and are only permissible where authorized by statute, Federal Rule, local rule, or Standing Order. There was no basis to seek such relief here. To obtain relief on an expedited basis, claimants should have accompanied their motion with a stipulation or motion to shorten time, as provided in Civil Local Rule 6-2 or 6-3, respectively. That said, claimants' filing was not actually made "ex parte," as notice was provided through the ECF system, and the government has taken the opportunity to file written opposition.

Claimants' circumstances are of their own making. While the FOIA action was still pending, they filed a noticed motion to stay enforcement of the judgment. The court directed the parties to meet and confer regarding the possibility of entering into a stipulation that would permit the government to liquidate the property at such times and in such quantities as it deemed advisable—thereby protecting the government (and the taxpayers) from the extreme volatility of the property's value—while preserving claimants' rights to pursue the proceeds of any such liquidations, should they eventually prevail in the FOIA action *and* in a subsequent Rule 60 motion to set aside the judgment in this action. While the government stated a willingness to so stipulate, claimants elected not to avail themselves of the opportunity. Such a stipulation could have expressly provided that it would continue in force until final resolution of any appeals in the FOIA action.

Before the scheduled hearing date for claimants' prior stay motion, a decision adverse to claimants issued in the FOIA action. As the prior stay motion expressly sought a stay only through the conclusion of the FOIA action trial court proceedings, not any appeal, it was then denied as moot.

Claimants' arguments that a stay is now warranted through the appeals process in the FOIA action is without merit. Claimants suggest the factors that led to a *stipulated* stay of enforcement of the judgment during the appeals in *this* case still apply with equal force. Claimants can still argue that (absent a stipulation) liquidation of the property will leave them without a remedy, but they can no longer credibly argue there is a significant chance they will ultimately prevail, given how speculative it is that even with the identity of "Individual X" in hand (following an unlikely appellate reversal in the FOIA action) they will be entitled to Rule 60 relief *and* then be able to establish that Raymond Ngan had a valid ownership interest in the property, which they are entitled to enforce. Furthermore, while claimants could argue in their prior motion that a stay pending conclusion of the trial court proceedings in the FOIA action would likely be brief, as cross-motions for summary judgment were already under submission, a stay pending appeal would be indefinite and potentially lengthy.

Finally, while the value of the property has greatly increased since the time it was seized, the extreme volatility presents an undue risk of loss, beyond which a bond could protect.[2] Accordingly, the motion for a stay is denied. The parties remain free, of course, to negotiate a stipulation that proceeds of any liquidation will be escrowed during any appeal of the FOIA action. Although the government may no longer have the motivation to enter such an agreement to avoid a stay, it could still be in all parties' interest to avoid further disputes or risks, however attenuated.

**IT IS SO ORDERED**.

Dated: January 13, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

---

[2] The government reports the property has lost nearly a billion dollars in the last month. The government suggests that if the court were now to order a stay that allows the government to liquidate the property and hold the proceeds in escrow, claimants "should at least be required to post a bond for the value that was lost while [they] opposed the Court's proposed resolution, with an instruction that the government may collect on that bond if [the property] does not return to its previous value." At no time since at least the Supreme Court's denial of claimants' petition for a writ of certiorari last October has the government been legally restrained from liquidating the property in whole or in part. While litigation courtesy might have required the government to give claimants notice and an opportunity to seek emergency relief before liquidating, claimants cannot be held responsible for any loss in value in the property merely because they had motions pending at various points in time.

CASE NO. 20-cv-07811-RS